**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE SYLVERNE, )<br>on behalf of plaintiff and the class )<br>described herein, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DATA SEARCH N.Y., INC. )<br>d/b/a TRAK AMERICA, LLC )<br>and TRAK AMERICA, )<br>)<br>Defendant. ) | **FILED**<br>**JANUARY 2, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>PH        **08 C 31**<br><br>**JUDGE GUZMAN**<br>**MAGISTRATE JUDGE SCHENKIER** |

**COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Stephanie Sylverne brings this action to secure redress from

unlawful credit and collection practices engaged in by defendant Data Search N.Y., Inc. d/b/a

Trak America, LLC and Trak America.  Plaintiff alleges violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").   The FDCPA broadly prohibits unfair or

unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor;

and any false, deceptive or misleading statements, in connection with the collection of a debt; it

also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e,

1692f and 1692g.

**VENUE AND JURISDICTION**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

§1331 and 28 U.S.C. §1337.

1

3.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications were received by plaintiff within this District;

    b.    Defendant does or transacts business within this District.

## PARTIES

4.    Plaintiff  is an individual who resides in the Northern District of Illinois.

5.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak America ("Trak America") is a New York  corporation.  Its principal place of business is located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

6.    Trak America describes its business activities on its web site (www.trakamerica.com) as follows:

> Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.
>
> Step 1: Our FASTRAK predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.
>
> Step 2: Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.
>
> Step 3: The TRAKAmerica legal network—the best in the business—obtains your legally enforceable judgments.
>
> Step 4: Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.
>
> Result: **Maximum net back for TRAKAmerica clients.**
>
> > "TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."
> >
> > — Publicly traded US credit card issuer

2

7.    The same web site further states:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

8.    The same web site further states:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

9.    The same web site further states:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

> legal suit dates
>
> service dates
>
> court information
>
> judgment information (principle [sic] and interest)
>
> court costs
>
> attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

Step 4: Collecting and Disbursing Your Money

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it. . . .

10.     The mails and interstate wire communications are used to conduct the business of Trak America.

11.     Trak America is a debt collector as defined in the FDCPA.

### FACTS

12.     On or about Jan. 29, 2007, a lawsuit was filed in the name of Capital One Bank against Stephanie Sylverne in the Circuit Court of Cook County, Illinois, case no. 07 M1 106853, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

13.     The summons, complaint, and an attached affidavit of Jenn Crawford (Exhibit A) were served on Ms. Sylverne in February 2007.

14.     Exhibit A is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Illinois.

15.     The lawsuit was dismissed with prejudice in October 2007.

16.     The Jenn Crawford who executed Exhibit A was in fact an employee of Trak America when Exhibit A was executed and on December 27, 2007.

17.    Jenn Crawford is not an employee of Capital One Bank.

18.    Jenn Crawford and other employees of Trak America regularly executed affidavits similar to <u>Exhibit A</u> as "agent" of Capital One Bank.

19.    Contrary to the statements in the affidavit, Jenn Crawford and other employees of Trak America are not "qualified" to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

20.    <u>Exhibit A</u> does not disclose the fact that the signatory is an employee of Trak America.

21.    By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, <u>Exhibit A</u> conceals the identity of the business preparing the document, Trak America, and appears to come from Capital One Bank.

22.    The mails and interstate wire communications are used to send affidavits in the form represented by <u>Exhibit A</u>.

## <u>VIOLATIONS COMPLAINED OF</u>

23.    The FDCPA, 15 U.S.C. §1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

   **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

6

24. Contrary to the statements in the affidavit, Jenn Crawford and other employees of Trak America are not "qualified" to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

25. The statements in Exhibit A that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

26. Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

27. By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibit A (e) where the affiant was employed by Trak America.

30. The class is so numerous that joinder of all members is not practicable.

31. On information and belief, there are at least 40 individuals (b) against

whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one

year prior to the filing of this action, and on or before a date 20 days after the filing of this action,

(d) an affidavit in the form of Exhibit A (e) where the affiant was employed by Trak America.

33.     There are questions of law and fact common to the class, which common

questions predominate over any questions relating to individual class members.  The predominant

common question is whether Exhibit A violates the FDCPA.

33.     Plaintiff's claim is typical of the claims of the class members.  All are

based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the class members.  Plaintiff

has retained counsel experienced in class actions and FDCPA litigation.

35.     A class action is superior for the fair and efficient adjudication of this

matter, in that:

a.     Individual actions are not economically feasible.

b.     The entire objective of the debt collection practice at issue is

concealment and deception, so that the victims are unlikely to

recognize the violation;

c.     Members of the class are likely to be unaware of their rights;

d.     Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

and against defendant for:

(1)     Statutory damages;

      (2)      Attorney's fees, litigation expenses and costs of suit;

      (3)      Such other and further relief as the Court deems proper.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\20760\Pleading\Complaint_Pleading.wpd