## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 31 |
| | ) | |
| DATA SEARCH N.Y., INC. d/b/a TRAK | ) | Judge Guzman |
| AMERICA, LLC and TRAK AMERICA, | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, DATA SEARCH N.Y., INC., d/b/a TRAK AMERICA, LLC and TRAK AMERICA, for its answer to complaint, states as follows:

## INTRODUCTION

1.      Plaintiff Stephanie Sylverne brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Data Search N.Y., Inc. d/b/a Trak America, LLC and Trak America. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to bring an action to secure redress from purportedly unlawful credit and collection practices engaged in by defendant. Defendant admits that plaintiff's complaint alleges violation of the FDCPA. Defendant admits that plaintiff's complaint purports to cite to portions of the FDCPA. Defendant denies violating the FDCPA or any other law. Defendant denies engaging in unlawful credit and collection practices. Defendant denies that this allegation accurately cites the FDCPA sections cited. Defendant denies liability and denies that plaintiff is**

**entitled to any relief. Defendant denies all remaining allegations contained within this paragraph.**

<u>**VENUE AND JURISDICTION**</u>

2.    This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

<u>**ANSWER:**</u>    **Defendant denies that this Court has subject matter jurisdiction over plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).**

3.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications were received by plaintiff within this District;

b.    Defendant does or transacts business within this District.

<u>**ANSWER:**</u>    **Defendant denies the allegations contained within this paragraph.**

<u>**PARTIES**</u>

4.    Plaintiff is an individual who resides in the Northern District of Illinois.

<u>**ANSWER:**</u>    **Upon reasonable inquiry, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

5.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak America ("Trak America") is a New York corporation. Its principal place of business is located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

<u>**ANSWER:**</u>    **Defendant admits that Data Search N.Y., Inc. is a New York corporation with an address located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791. Defendant denies all remaining allegations contained within this paragraph.**

2

6.    Trak America describes its business activities on its web site (www.trakamerica.com) as follows:

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

Step 1: Our FASTRAK. predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.

Step 2: Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.

Step 3: The TRAKAmerica legal network—the best in the business—obtains your legally enforceable judgments.

Step 4: Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.

Result: Maximum net back for TRAKAmerica clients.

"TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."

— Publicly traded US credit card issuer

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com/. Defendant denies all remaining allegations contained within this paragraph.**

7.    The name web site further states:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

3

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

**ANSWER:** **Defendant admits that plaintiff's complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com/. Defendant denies all remaining allegations contained within this paragraph.**

8.     The same web site further states:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

**ANSWER:** **Defendant admits that plaintiff's complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com/. Defendant denies all remaining allegations contained within this paragraph.**

9.     The same web site further states:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As

4

we verify information, we also attempt to collect from these accounts on your behalf

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

    legal suit dates

    service dates

    court information


    judgment information (principle [sic] and interest)

    court costs

    attorney fees


Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

6294514v1 886179

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it... .

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com/. Defendant denies all remaining allegations contained within this paragraph.**

10.    The mails and interstate wire communications are used to conduct the business of Trak America.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

11.    Trak America is a debt collector as defined in the FDCPA.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

## FACTS

12.    On or about Jan. 29, 2007, a lawsuit was filed in the name of Capital One Bank against Stephanie Sylverne in the Circuit Court of Cook County, Illinois, case no. 07 M1 106853, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:**    **Upon reasonable inquiry, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13.    The summons, complaint, and an attached affidavit of Jenn Crawford (Exhibit A) were served on Ms. Sylverne in February 2007.

**ANSWER:**    **Upon reasonable inquiry, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

6

14.    Exhibit A is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Illinois.

    **ANSWER:**    **Upon reasonable inquiry, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

15.    The lawsuit was dismissed with prejudice in October 2007.

    **ANSWER:**    **Upon reasonable inquiry, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

16.    The Jenn Crawford who executed Exhibit A was in fact an employee of Trak America when Exhibit A was executed and on December 27, 2007.

    **ANSWER:**    **Defendant admits that Jenn Crawford was an employee of Data Search N.Y., Inc. Defendant denies all remaining allegations contained within this paragraph.**

17.    Jenn Crawford is not an employee of Capital One Bank.

    **ANSWER:**    **Upon reasonable inquiry, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

18.    Jenn Crawford and other employees of Trak America regularly executed affidavits similar to Exhibit A as "agent" of Capital One Bank.

    **ANSWER:**    **Defendant admits that Jenn Crawford was an employee of Data Search N.Y., Inc. and that she executed several affidavits as "agent" of Capital One. Defendant denies all remaining allegations contained within this paragraph.**

19.    Contrary to the statements in the affidavit, Jenn Crawford and other employees of Trak America are not "qualified" to testify about the computer records of Capital One Bank or

the procedures used by Capital One Bank to generate computer records, and could not "testify at

trial as to all facts pertaining to this matter."

> **ANSWER:** **Defendant admits that Jenn Crawford was an employee of Data Search N.Y., Inc.  Defendant denies all remaining allegations contained within this paragraph.**

20.    Exhibit A does not disclose the fact that the signatory is an employee of Trak

America.

> **ANSWER:** **Defendant admits that the words "Trak America" are not contained within Exhibit A.  Defendant denies the implication that Exhibit A is required to disclose the signatory is an employee of Trak America and denies all remaining allegations contained within this paragraph.**

21.    By describing the affiant as an "agent" of plaintiff, without identification of the

company for which the affiant works, Exhibit A conceals the identity of the business preparing

the document, Trak America, and appears to come from Capital One Bank.

> **ANSWER:** **Defendant denies the allegations contained within this paragraph.**

22.    The mails and interstate wire communications are used to send affidavits in the

form represented by Exhibit A.

> **ANSWER:** **Defendant denies the allegations contained within this paragraph.**

## **VIOLATIONS COMPLAINED OF**

23.    The FDCPA, 15 U.S.C. §1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. .**

6294514v1 886179

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite a section of the FDCPA. Defendant denies violating the FDCPA and denies all remaining allegations contained within this paragraph.**

24.    Contrary to the statements in the affidavit, Jenn Crawford and other employees of Trak America are not "qualified" to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

25.    The statements in Exhibit A that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

26.    Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**    **Defendant admits that the words "Trak America" are not contained within Exhibit A. Defendant denies the implication that Exhibit A is required to disclose the signatory is an employee of Trak America and denies all remaining allegations contained within this paragraph.**

27.    By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of a business, company, or

9

organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

> **ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

### CLASS ALLEGATIONS

28.    Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

> **ANSWER:**    **Defendant admits that plaintiff's complaint purports to bring the action as a class action. Defendant denies that a class is appropriate, denies that a class exists and denies that a class should be certified. Defendant denies all remaining allegations contained within this paragraph.**

29.    The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibit A (e) where the affiant was employed by Trak America.

> **ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

30.    The class is so numerous that joinder of all members is not practicable.

> **ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

31.    On information and belief, there are at least 40 individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibit A (e) where the affiant was employed by Trak America.

> **ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

32.    There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

10

> **ANSWER:    Defendant denies the allegations contained within this paragraph.**

33.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

> **ANSWER:    Defendant denies the allegations contained within this paragraph.**

34.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

> **ANSWER:    Defendant denies the allegations contained within this paragraph.**

35.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible.

b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

c.    Members of the class are likely to be unaware of their rights;

d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

> **ANSWER:    Defendant denies the allegations contained within this paragraph.**

6294514v1 886179

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to states a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### FOURTH DEFENSE

Defendant asserts the affirmative defense of litigation privilege.

### FIFTH DEFENSE

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

### SIXTH DEFENSE

Plaintiff's claims are barred by res judicata and claim preclusion.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

### EIGHTH DEFENSE

Defendant asserts the affirmative defense of witness immunity.

### NINTH DEFENSE

6294514v1 886179

Defendant states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1.   Dismissing all causes of action against defendant with prejudice and on the merits; and,

2.   Awarding defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: _____s/ Todd P. Stelter_____

Todd Stelter
David M. Schultz
HINSHAW & CULBERTSON LLP

13

6294514v1 886179

222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

6294514v1 886179

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SYLVERNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 08 C 31 |
| | ) |
| DATA SEARCH N.Y., INC. d/b/a TRAK | )  Judge Guzman |
| AMERICA, LLC and TRAK AMERICA, | ) |
| | )  Magistrate Judge Schenkier |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed **DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Daniel Edelman**
dedelman@edcombs.com

Respectfully submitted,

By:____s/Todd P. Stelter_____

Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6294514v1 886179