IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, | ) | |
| on behalf of plaintiff and the class | ) | |
| described herein | ) | |
| | ) | 08 c 31 |
| Plaintiffs, | ) | Judge Guzman |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | |
| DATA SEARCH N.Y., INC. | ) | |
| d/b/a TRAK AMERICA, LLC | ) | |
| and TRAK AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this Court enter an order determining that this

Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against

defendant Data Search N.Y., Inc., d/b/a Trak America, LLC and Trak America ("Trak America").

Plaintiff defines the class as (a) all individuals (b) against whom legal proceedings

were filed in Illinois, (b) in which was filed (c) on or after January 2, 2007 (one year prior to the

filing of this action), and on or before January 22, 2008 (20 days after the filing of this action,),

(d) an affidavit in the form of <u>Exhibit A</u> (e) where the affiant was employed by Trak America.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be

appointed counsel for the class.

In support of this motion, plaintiff states:

## NATURE OF THE CASE

1.    The FDCPA flatly prohibits debt collectors from operating under false

1

names or concealing their company identification.  15 U.S.C. §1692e(14) prohibits the "use of

any business, company, or organization name other than the true name of the debt collector's

business, company, or organization. . . . "

      2.     Defendant Trak America systematically violates this requirement when

operating the "Trak America legal network".  Trak America states (<u>Exhibit B</u>) on its web site

(www.trakamerica.com) that it "is a rapidly growing legal network management company" that

"has been able to recover millions of dollars previously believed to be unrecoverable for some of

the most astute lenders in the world. The company's success is built on a nationwide network of

local attorneys combined with a rigorous analytic approach to managing thousands of accounts."

Trak America selects the attorneys and treats the processing of claims as "a high volume

production operation".  Trak America has "over 125 firms nationwide in our network."  "Once

we've run your portfolio through our model and reviewed the net back projections, our

TRAKAmerica team designs a complete recovery plan based on your requirements.   First, we

prepare your portfolio for our attorney network . . . ."  Trak America then "electronically

disburse[s] your files to our network attorneys. They load your files into their systems . . . ."

      3.     Trak America prepares affidavits for filing in each collection lawsuit, most

of which end in default judgments.  <u>Exhibit A</u> is an affidavit filed in a collection lawsuit filed

against plaintiff Sylverne (now dismissed).  It is a  form affidavit regularly filed in collection

actions brought in the name of Capital One in Illinois.  <u>Exhibit C</u> contains another similar

affidavit filed in another Illinois collection action.  <u>Exhibit D</u> contains similar affidavits

defendant prepared for Capital One cases  in other jurisdictions.

      4.     When it prepares the affidavits, Trak America  has one of its own

employees — Jenn Crawford in the case of the collection lawsuit filed against plaintiff (<u>Exhibit A</u>) — act as the affiant.

5.      The affidavits state that the affiant is the "agent" of the company bringing the lawsuit — Capital One — and do not disclose that the affiant is actually employed by Trak America.

6.      The affiants also assert that they can testify at trial as to the facts relating to the debt.

7.      The affidavit is a communication by Trak America about the debt, in that it conveys information about the debt.

8.      By describing the affiant as an "agent" of the company bringing the lawsuit, without identification of the company for which the affiant works, the affidavits conceal the identity of the business preparing the document, Trak America, and appear to come from Capital One.  This amounts to the use by Trak America of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

9.      In addition, an employee of a third party debt collector such as Trak America obviously cannot authenticate Capital One records or testify about transactions between the consumer and Capital One.  Indeed, it is obvious that the reason they do not disclose that the affiant is an employee of Trak America is that disclosure would lead the reader to question how such testimony could be given.  Accordingly, the affidavits violate the general prohibition of false statements in 15 U.S.C. §§1692e and 1692e(10).

3

**CLASS CERTIFICATION REQUIREMENTS**

    10. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

    11. It is reasonable to infer that the number of Illinois class members exceeds the 20-40 required for numerosity from the following facts:

      a. The affidavit is a form used in multiple cases in Illinois;

      b. Similar affidavits are used elsewhere;

      c. The affidavits uniformly fail to identify the affiant as an employee of Trak America;

      d. Trak America states on its Web site that it is engaged in the business of operating an "attorney network" and that it "treats legal management as a high volume production operation."

      e. Trak America states on its Web site that it selects and manages the attorneys in the network.

      f. The attorneys who appeared in the suit against Sylverne, Blitt & Gaines, filed over 1,000 Capital One cases in Illinois in 2007. (Exhibit E)  The attorneys who filed the case that resulted in Exhibit C filed a comparable number.  (Exhibit F) (The class is not limited to Capital One, although the two lists are.  Only the beginning and ends of the lists have been filed, to avoid unnecessary bulk.)

    12. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

13.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

14.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. (Exhibit G)

15.    A class action is superior for the fair and efficient adjudication of this matter, in that:

g.    Individual actions are not economically feasible.

h.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

i.    Members of the class are likely to be unaware of their rights;

j.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

16.    In further support of this motion, plaintiff is submitting a memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

     I, Michael J. Aschenbrener, hereby certify that on March 31, 2008, a copy of this notice and the documents referred to therein was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Todd P. Stelter
David M Schultz
Hinshaw & Culbertson LLP
222 N. LaSalle St
Suite 300
Chicago, IL 60601
(312) 704-3000

Tammy L. Adkins
David Luther Hartsell
Amy R Jonker
McGuireWoods LLP
77 West Wacker Drive
Suite 4400
Chicago, IL 60601-7567

     s/Michael J. Aschenbrener
     Michael J. Aschenbrener

**EXHIBIT A**

CAPITAL ONE BANK

    Plaintiff

vs.

STEPHANIE SYLVERNE
    Defendant

5291071427901526

**AFFIDAVIT**

_____ being first duly sworn upon oath depose and state as follows:

1. That I am the agent in the above-captioned matter and I am authorized and qualified to make this Affidavit in support for this judgment against the above named Defendant.

2. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge.

3. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $5,292.19, plus interest, at the contract rate of interest of 19.890 percent.

4. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this ____ day of _____, 2006.

_____
    NOTARY PUBLIC

**EXHIBIT B**

TRAKAmerica                                                                Page 1 of 1



**PROVEN LEGAL STR**

HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS



WELCOME to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

**Recent News:**

▶ January 15, 20
TRAKAmer
To Manage

▶ October 2, 200
TRAKAmer
Announces
3.0

▶ September 26
TRAKAmer
Expands; A
Executive

STEP 1: Our **FASTRAK predictive model** determines with unparalleled accuracy exactly which accounts are worth pursuing.

STEP 2: **Secure, streamlined and automated processes** transmit suit worthy accounts to the right attorney quickly and efficiently.

▶ September 15
TRAKAmer
Announces
Performan

STEP 3: The **TRAKAmerica legal network**—the best in the business—obtains your legally enforceable judgments.

▶ March 23, 200
TRAKAmer
Announces
Collection
Performan

STEP 4: Our in-house **skip tracing experts** facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.

RESULT: **Maximum net back for TRAKAmerica clients.**

▶ October 31, 20
TRAKAmer
Announces
2.0

*"TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."*

— *Publicly traded US credit card issuer*

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c

TRAKAmerica Sample Analysis                                    Page 1 of 1



HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## Obtain A Customized FASTRAK Sample Analysis

TRAKAmerica would be happy to analyze a sample of your portfolio using our FASTRAK scoring model. The model uses more than 30 case-level variables built on empirical data from more than one million claims and $100 million in court costs in all fifty states to determine which accounts are worth pursuing with pinpoint accuracy — **no more wasting time and money on uncollectible accounts.**

To take advantage of this no cost, risk-free offer for a customized FASTRAK Analysis, submit the form below.

Debt buyers or c
would like more i
about TRAKAme
call 800.277.443
info@TRAKAme

Items marked with an asterisk (*) must be completed.



First Name*

Last Name*

Title

Firm*

Address 1

Address 2

City

State

Zip

Phone

Email*

Submit Query

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c

TRAKAmerica Management





PROVEN LEGAL STR



HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## Management Team

### Thomas Milana
**President and Chief Executive Officer**
TRAKAmerica's founder is a noted collections industry leader who has enjoyed a successful 20-year career as both a collections agency owner and operator and a successful debt buyer.

Despite TRAKAmerica's phenomenal growth, Tom remains involved in the day-to-day business of helping clients leverage the TRAKAmerica model to maximize their net back. Tom is exceptionally knowledgeable about the challenges and issues facing today's creditors and is committed to fair, safe, and ethical business practices. [top]

### Thomas Dalessandro
**Managing Partner**
Cofounder and resident technology guru, Tom began his career working at a collection law firm nearly 20 years ago. A software developer by trade, Tom honed his analytic skills and economic acumen at the University of Chicago Graduate School of Business. He is the chief architect of TRAKAmerica's unique proprietary software and technology infrastructure. It's Tom's FASTRAK statistical model that enables us to predict liquidation rates and seamlessly interface with our clients' technology for reliable reports and payments. [top]

### Wade Ferguson
**Vice President Network Management & Client Services**
Wade has more than fifteen years of experience in the collections and recoveries industry, including many years working directly with agencies and creditors. He gained eight years experience at Capital One managing various recovery functions, as well as their legal outsourcing program. At TRAKAmerica, Wade is responsible for managing the attorney network and building client relations. [top]

### Matthew Wolk
**Vice President of Network Management & Compliance**
Matt is responsible for attorney network and agency management, process improvement and audit and compliance functions, including managing call center agencies for non-legal collections. Prior to joining TRAKAmerica, Matt was Process and Agency Manager for Capital One, where he gained 15 years experience managing collections and

TRAKAmerica ha unique mix of exp experienced leade best legal strategy management tear industry.

Thomas Milana
President & Chief Officer

Thomas Dalessa
Managing Partner

Wade Ferguson
Vice President of
Management & C

Matthew Wolk
Vice President of
Management & C

Tony La Veglia
Vice President of

Karl Hernandez
Vice President of
Management

[top]

recoveries and legal network suppliers. He played a key role in reducing expenses for Capital One through both vendor pricing negotiation and operating procedure and compliance program improvements. [top]

### Tony La Veglia
**Vice President of Operations**
A security specialist for more than 20 years, Tony holds a master's degree in industrial security, maintains ASIS International professional certification, and teaches security at Long Island University. Tony is responsible for ensuring our physical plant, our legal network and vendors fulfill governmental and client requirements. Our security has been audited and received top marks by one of the country's top 10 credit card issuers. [top]

### Karl Hernandez
**Vice President of Network Management**
A collections professional for more than 20 years, Karl is responsible for the unprecedented success of our legal network management team. After obtaining his paralegal degree, Karl worked for numerous law firms specializing in collections and can anticipate the unique challenges of our attorneys as they pursue and execute judgments on behalf of TRAKAmerica's clients. [top]

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c





HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## The TRAKAmerica Process

### STEP 1: Predicting Your Success

At TRAKAmerica, we take the frustrating – and costly - guesswork out of identifying which accounts in your portfolio are ultimately collectible.

Our **FASTRAK predictive model** features empirical data from more than 1 million cases (and our investment of $100 million in court costs). Each of the accounts in your portfolio is judged against over 30 case level variables that go beyond evidence of real estate and employment.

Using this proprietary predictive technology, we can accurately assess which accounts are suit worthy and project your liquidation rate and cash flow after 12, 24, and 36 months.

It's a **superior process** to asset-based state level models that skew results and are far less accurate.

### STEP 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs **a complete recovery plan** based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use **legal talk off** language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

### STEP 3: The TRAKAmerica Legal Network

On day 31, we **electronically disburse your files** to our network

attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for **full accountability**. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

- legal suit dates
- service dates
- court information
- judgment information (principle and interest)
- court costs
- attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

Our collection firms also follow our **no-fail data security measures**, including firewall intrusion detection software, encryption, and stringent internal security control systems.

**STEP 4: Collecting and Disbursing Your Money**

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

**Skip and asset information** is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it.

The **TRAKAmerica process works seamlessly with your organization's IT infrastructure** for reliable, secure reports and payments. Our clients can elect to receive payments weekly, bi-weekly, or however they prefer through our secure electronic system.

All data is safe guarded with **full-time, board-certified security experts** and technology that passes the most rigorous security audits by nationally recognized financial institutions.

**RESULT: Maximize Your Net Back**

http://www.trakamerica.com/process/index.html                                    12/27/2007

Effective asset location, disciplined attorney management and the
ability to pick which accounts to sue with pinpoint accuracy all add up
to maximize your netback.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • Info@TRAKAmerica.c





HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## TRAKAmerica Adds To Management Team

SYOSSET, NY, January 15, 2007 — TRAKAmerica, the rapidly growing legal network management company, announced today that Matthew C. Wolk has joined the company as Vice President. Mr. Wolk will have broad responsibilities for compliance, attorney and agency management, and process improvement. "We are pleased to have Matt on board," said CEO Thomas Milana. "Matt brings tremendous experience that will help TRAKAmerica deliver more value for our clients."

Prior to joining TRAKAmerica, Mr. Wolk was Process and Agency Manager for Capital One, where he managed recoveries and legal network suppliers. He played a key role in reducing expenses for Capital One through both vendor pricing negotiation and operating procedure and compliance program improvements.

"In managing the various legal networks over the years, I have seen first hand the unique effectiveness of the TRAKAmerica approach. I'm really looking forward to being a part of this team and taking this approach to more creditors as we continue to build the company," said Wolk.

"2006 was another year of tremendous growth for us," said TRAKAmerica Managing Partner Thomas Dalessandro. "In the last quarter we topped $40 million in collections, saw more than a million accounts placed and added three publicly traded companies and one of the largest credit card issuers to our client list. Having Matt come on board is a great way to start 2007 as we continue to build out our business proposition and reach our goals."

### About TRAKAmerica

TRAKAmerica is a rapidly growing legal network management company that has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's recovery success is built on a nationwide network of local attorneys, combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's FASTRAK model permits its attorneys to concentrate

News
Announce

▶ January 15, 2
  TRAKAmer
  To Manage

▶ October 2, 20(
  TRAKAmer
  Announces
  3.0

▶ September 26
  TRAKAmer
  Expands; /
  Executive

▶ September 15
  TRAKAmer
  Announces
  Performan(

▶ March 23, 20(
  TRAKAmer
  Announces
  Collection
  Performan(

▶ October 31, 2(
  TRAKAmer
  Announces
  2.0

TRAKAmerica                                                      Page 2 of 2

on the most suit-worthy accounts while its asset location skills and
rigorous attorney management procedures ensure that each attorney
follows the most statistically likely, cost effective path to recovery on
every account. Since 2000, TRAKAmerica has won ongoing
assignments from debt buyers, banks, finance companies, credit
unions, auto lenders and others by delivering higher net backs in a
secure, compliant environment. Creditors or debt buyers who would
like more information about FASTRAK or who would like to run a test
file should contact info@TRAKAmerica.com or 800.277.4431.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c





HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## TRAKAmerica Upgrades Recovery Model

SYOSSET, NY, October 2, 2006 --- TRAKAmerica, the rapidly growing legal network management company, today announced the availability of FASTRAK 3.0, the latest release of its powerful legal recovery model. The new version of FASTRAK is more accurate and boasts additional features requested by clients.

"With this new model we can fine tune our recovery strategies to exactly hit a client's ROI objective," said Managing Partner Thomas Dalessandro. "Many clients have come to us asking us to be more aggressive; now we can dial in their requested net back and the model takes it from there."

The foundation of FASTRAK's accuracy is the extensive suit history on which it is built. The model now benefits from more than five years of legal recovery cases, encompassing over $40 million in court costs. FASTRAK 3.0 utilizes more than 30 case variables to accurately predict which cases are suit worthy and which are not.

"FASTRAK was originally built for credit cards and consumer loans, but we now have a version for auto deficiencies and we are developing additional versions for all the major classes of paper," said CEO Thomas Milana. "We are also expanding our state coverage. We recently added Texas, a notoriously debtor friendly state. Five years ago people doubted we would be able to make money in Pennsylvania and Florida, but we've proved them wrong. Now we're adding Texas to that list of successes. In fact, a debt buyer client of ours attributes a recent national auction win to the confidence that FASTRAK gave him that he could achieve a positive net back from the Texas portion of the portfolio."

"A legal strategy offers a number of advantages over traditional strategies," commented Dalessandro, "including a much higher liquidation rate and a more predictable recovery stream that is more resistant to economic downturns. But the key is knowing which accounts will produce a return on your investment in court costs and FASTRAK 3.0 is unmatched in its ability to do just that."

FASTRAK 3.0 is available effectively immediately to TRAKAmerica clients.

News
Announce

▶ January 15, 2(
TRAKAmei
To Manage

▶ October 2, 20(
TRAKAmei
Announces
3.0

▶ September 26
TRAKAmei
Expands; /
Executive

▶ September 15
TRAKAmei
Announces
Performan(

▶ March 23, 20(
TRAKAmei
Announces
Collection
Performan(

▶ October 31, 2(
TRAKAmei
Announces
2.0

**About TRAKAmerica**

TRAKAmerica is a rapidly growing legal network management company that has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's recovery success is built on a nationwide network of local attorneys, combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's FASTRAK model permits its attorneys to concentrate on the most suit-worthy accounts while its asset location skills and rigorous attorney management procedures ensure that each attorney follows the most statistically likely, cost effective path to recovery on every account. Since 2000, TRAKAmerica has won ongoing assignments from debt buyers, banks, finance companies, credit unions, auto lenders and others by delivering higher net backs in a secure, compliant environment. Creditors or debt buyers who would like more information about FASTRAK or who would like to run a test file should contact **info@TRAKAmerica.com** or 800.277.4431.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c



### TRAKAmerica Expands, Adds Senior Executive

SYOSSET, NY, September 26, 2007 — TRAKAmerica, the rapidly growing legal network management company, has announced significant actual and planned expansion. "Over the past 12 months we've grown our staff by 50% due to new client business. By this time next year we expect to grow our staff another 50%," said CEO Thomas Milana.

In addition to the staff expansion, TRAKAmerica announced the appointment of Wade Ferguson to the position of Vice President of Network Management. Mr. Ferguson comes to TRAKAmerica after more than eight years at Capital One, where he managed various recovery functions, and was most recently involved with their legal outsourcing program. Mr. Ferguson has been in collections and recoveries for more than 15 years. "We are very pleased that Wade decided to join us. His big bank experience is going to be invaluable to us as we continue to grow our company," said Managing Partner Thomas Dalessandro.

"I was so impressed with TRAKAmerica's performance with Capital One that I made the decision to join TRAK's team and put my experience from Capital One to work at this entrepreneurial, fast moving company," said Ferguson.

Earlier this month, TRAKAmerica reported record collection and revenue results for its fiscal year. That growth and the current new business pipeline are driving significant expansion in staff and management. "Our model of an aggressive legal program and a rigorous analytic approach is producing superior results and we are being rewarded for it," said Dalessandro. "Given how small most creditors' legal programs are today, we have many years of growth ahead of us and will be adding additional key players in support of this goal."

### About TRAKAmerica

TRAKAmerica is a rapidly growing legal network management company that has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's recovery success is built on a nationwide

**HOME**

**ABOUT TRAK**

**TRAK ADVANTAGES**

**TRAK PROCESS**

**FASTRAK SAMPLE**

**NEWS & EVENTS**

*News Announce*

▶ January 15, 2
  TRAKAmer
  To Manage

▶ October 2, 200
  TRAKAmer
  Announces
  3.0

▶ September 26
  TRAKAmer
  Expands; /
  Executive

▶ September 15
  TRAKAmer
  Announces
  Performanc

▶ March 23, 200
  TRAKAmer
  Announces
  Collection
  Performanc

▶ October 31, 2
  TRAKAmer
  Announces
  2.0

TRAKAmerica Expands                                                                    Page 2 of 2

network of local attorneys, combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's FASTRAK model permits its attorneys to concentrate on the most suit-worthy accounts while its asset location skills and rigorous attorney management procedures ensure that each attorney follows the most statistically likely, cost effective path to recovery on every account. Since 2000, TRAKAmerica has won ongoing assignments from debt buyers, banks, finance companies, credit unions, auto lenders and others by delivering higher net backs in a secure, compliant environment. Creditors or debt buyers who would like more information about FASTRAK or who would like to run a test file should contact info@TRAKAmerica.com or 800.277.4431.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c



PROVEN LEGAL STR

HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## TRAKAmerica Announces Record Performance

SYOSSET, NY, September 15, 2006 — TRAKAmerica, the rapidly growing legal network management company, announced record collections for both the year and quarter ending August 31, 2006. Commented CEO Thomas Milana, "We've had a great year, with four record quarters in a row. This last quarter was particularly strong. Our inventory crested one million accounts and two billion dollars. Just in the last quarter, we recovered more than 30 million dollars for our clients."

TRAKAmerica is unique among legal network managers because of its focus on analytics as a key tool in determining account level suit strategy. TRAKAmerica's proprietary FASTRAK statistical model is built on over 600,000 legal cases involving more than $40 million in court costs spent. In addition, TRAKAmerica takes a much more active approach to attorney management than more traditional firms. The most recent quarter's strong recoveries further validate the company's approach and execution, as well as resulting in contract renewals with a top 5 card issuer and several large debt buyers. The company also now has an auto version of FASTRAK that has led to servicing agreements with several big auto lenders.

"Our approach continues to pay off for our clients in terms of higher net back, and for TRAK in terms of more clients," said Managing Partner Thomas Dalessandro. "When we call on clients and show them our track record with other lenders, it really gets them sitting up in their seats. Our performance just gets better and better."

### About TRAKAmerica

TRAKAmerica is a rapidly growing legal network management company that has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's recovery success is built on a nationwide network of local attorneys, combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's FASTRAK model permits its attorneys to concentrate on the most suit-worthy accounts while its asset location skills and rigorous attorney management procedures ensure that each attorney

*News*
*Announce*

► January 15, 2(
  TRAKAmer
  To Manage

► October 2, 20(
  TRAKAmer
  Announces
  3.0

► September 26
  TRAKAmer
  Expands; /
  Executive

► September 15
  TRAKAmer
  Announces
  Performanc

► March 23, 20(
  TRAKAmer
  Announces
  Collection
  Performanc

► October 31, 2(
  TRAKAmer
  Announces
  2.0

follows the most statistically likely, cost effective path to recovery on
every account. Since 2000, TRAKAmerica has won ongoing
assignments from debt buyers, banks, finance companies, credit
unions, auto lenders and others by delivering higher net backs in a
secure, compliant environment. Creditors or debt buyers who would
like more information about FASTRAK or who would like to run a test
file should contact **info@TRAKAmerica.com** or 800.277.4431.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c





HOME

ABOUT TRAK

TRAK ADVANTAGES

TRAK PROCESS

FASTRAK SAMPLE

NEWS & EVENTS

## TRAKAmerica Announces Record Collection Performance

SYOSSET, NY, March 23, 2006 — TRAKAmerica, the rapidly growing legal network management company, announced record collections for the quarter ending March 31, 2006. Commented CEO Thomas Milana, "The first quarter was a great quarter for us. Our inventory crested 500,000 accounts and we were able to recover better than 2.5% of the inventory, which was a record."

TRAKAmerica is unique among legal network managers because of its focus on analytics as a key tool in determining account level suit strategy. TRAKAmerica's proprietary FASTRAK statistical model is built on over 400,000 cases, including over $10 million in court costs. In addition, TRAKAmerica takes a much more active approach to attorney management than more traditional firms. The most recent quarter's strong recoveries further validate the company's approach and execution. Traditional legal network managers might collect <x>% of their inventory in a quarter as compared to over 2.5% recovered by TRAKAmerica in the past quarter.

"Our approach continues to pay off for our clients in terms of higher net back, and for us in terms of more clients," said Managing Partner Thomas Dalessandro. "When we call on clients and show them our track record with other lenders, it really gets them sitting up in their seats. Best of all, we are continuing to see improvements. Our performance just keeps getting better and better."

### About TRAKAmerica

TRAKAmerica is a rapidly growing legal network management company that has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's recovery success is built on a nationwide network of local attorneys, combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's FASTRAK model permits its attorneys to concentrate on the most suit-worthy accounts while its asset location skills and rigorous attorney management procedures ensure that each attorney follows the most statistically likely, cost effective path to recovery on

*News*
*Announce*

▸ January 15, 2(
   **TRAKAmer**
   **To Manage**

▸ October 2, 20(
   **TRAKAmer**
   **Announces**
   **3.0**

▸ September 26
   **TRAKAmer**
   **Expands; /**
   **Executive**

▸ September 15
   **TRAKAmer**
   **Announces**
   **Performanc**

▸ March 23, 20(
   **TRAKAmer**
   **Announces**
   **Collection**
   **Performanc**

▸ October 31, 2(
   **TRAKAmer**
   **Announces**
   **2.0**

TRAKAmerica Record Performance

every account. Since 2000, TRAKAmerica has won ongoing assignments from debt buyers, banks, finance companies, credit unions, auto lenders and others by delivering higher net backs in a secure, compliant environment. Creditors or debt buyers who would like more information about FASTRAK or who would like to run a test file should contact info@TRAKAmerica.com or 800.277.4431.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c

TRAKAmerica                                                                    Page 1 of 2





HOME
ABOUT TRAK
TRAK ADVANTAGES
TRAK PROCESS
FASTRAK SAMPLE
NEWS & EVENTS

### TRAKAmerica Announces FASTRAK 2.0
**Updated Analytic Model Substantially Improves Legal Program Net Back**

SYOSSET, NY, March 20, 2007 — TRAKAmerica, the rapidly growing legal network management company, announced today the release of FASTRAK 2.0, the company's proprietary model for establishing the most effective legal strategy for every account in a portfolio. The newest version of the model includes over 30 variables to predict the likelihood of successful legal action. When combined with TRAKAmerica's disciplined attorney management process and unique asset location skills, FASTRAK 2.0 has proven to boost legal program net back by up to 50% over traditional methods.

"FASTRAK 2.0 is built on our experience with over 400,000 cases, including over $10 million in court costs, over the past four years," said TRAKAmerica Managing Partner Thomas Dalessandro. "Before we developed FASTRAK, we were in the same boat with everyone else, running asset searches on a lot of accounts at vast expense and then pretty much ignoring those where we couldn't find assets. Since FASTRAK doesn't depend on asset information, we can now get a handle on who to sue before we do the asset search. As a result not only are we more likely to be successful with our suits, but also we are less likely to forgo suit just because we can't find an asset. The original FASTRAK model revolutionized our process and the newest version just keeps improving our edge."

"Our beta clients have been uniformly impressed with the effectiveness of FASTRAK and the positive impact on their net back," remarked company CEO Thomas Milana. "Our success is built on three legs. The first leg is the model, which gives us a huge edge in knowing who to sue. The second leg is our disciplined attorney process that ensures our individual attorneys are acting based on historically proven results, not guesswork. The third leg is our heritage as a skip tracer and asset finder. As a result, we only sue cases that are suit worthy, we don't waste money on dead ends and we manage our attorneys carefully and supply them with everything they need to bring the account to a successful resolution."

David Paris, CEO of North Star Capital Acquisitions Group and a FASTRAK 2.0 beta customer, commented, "We have been just

*News*
*Announce*

➤ January 15, 20
  TRAKAmer
  To Manage

➤ October 2, 20
  TRAKAmer
  Announces
  3.0

➤ September 26
  TRAKAmer
  Expands; /
  Executive

➤ September 15
  TRAKAmer
  Announces
  Performan

➤ March 23, 200
  TRAKAmer
  Announces
  Collection
  Performan

➤ October 31, 20
  TRAKAmer
  Announces
  2.0

astounded with TRAKAmerica's ability to bring us higher recoveries on our portfolio. They have easily outperformed their nearest competitor and clearly FASTRAK's accuracy gives them a big leg up over their competition."

## About TRAKAmerica

TRAKAmerica is a rapidly growing legal network management company that has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's recovery success is built on a nationwide network of local attorneys, combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's FASTRAK model permits its attorneys to concentrate on the most suit-worthy accounts while its asset location skills and rigorous attorney management procedures ensure that each attorney follows the most statistically likely, cost effective path to recovery on every account. Since 2000, TRAKAmerica has won ongoing assignments from debt buyers, banks, finance companies, credit unions, auto lenders and others by delivering higher net backs in a secure, compliant environment. Creditors or debt buyers who would like more information about FASTRAK or who would like to run a test file should contact **info@TRAKAmerica.com** or 800.277.4431.

copyright © 2007 TRAKAmerica LLC • 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791 • 800.277.4431 • info@TRAKAmerica.c

**EXHIBIT C**

12/27/2007  23:55   6189434834                    REBECCA M BLAKESLEE                    PAGE  03/07

Complaint Small Claims

81-310

# UNITED STATES OF AMERICA
STATE OF ILLINOIS                                                        WABASH COUNTY
## IN THE CIRCUIT COURT OF THE 2ND JUDICIAL CIRCUIT

07080528
CAPITAL ONE BANK

FILED

OCT 2 2 2007

|                          |   |                        |
|--------------------------|---|------------------------|
| Plaintiff,               | ] | *Angela R. Crum*       |
|                          | ] | WABASH CO  CIRCUIT CLERK |
| v.                       | ] |                        |
| JOHN WILLINGHAM          | ] | CASE NO. 07-SC-141     |
|                          | ] |                        |
|                          | ] |                        |
|                          | ] |                        |
| Defendant(s)             | ] | (File Stamp Here)      |

# SMALL CLAIMS COMPLAINT

I, the undersigned, being duly sworn upon oath deposes and claim that the defendant(s) is/are indebted to the plaintiff(s) in the sum of $1090.86 as of October 1, 2007 for breach of contractual terms of a credit card agreement pursuant to the use of the card by the defendant(s), plus, if applicable, contractual interest as called for in the terms, at 26.74%, plus reasonable attorneys fees if provided for in the agreement and that the plaintiff(s) CAPITAL ONE BANK    has/have demanded payment of said sum; that the defendant(s) JOHN WILLINGHAM      reside(s) at 210 E 2ND ST, MOUNT CARMEL IL 62863 ; that the plaintiff(s) CAPITAL ONE BANK      reside(s) at 2001 Maywill Street, Richmond, VA 23230

_____
Signature for the Plaintiff or Attorney for Plaintiff

Barbara Nilsen
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228  Naperville, IL 60566-7228
630/983-0770  Fax No. 630-983-3726
Attorney No. Dupage 42005  Kane 031-26104
        Peoria 1794  Winnebago 3802  IL 03126232
P002CC
CF 89-29

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

12/27/2007  23:55  6189434834                    REBECCA M BLAKESLEE                    PAGE  04/07

## IN THE CIRCUIT COURT OF THE 2ND JUDICIAL CIRCUIT
## WABASH COUNTY, ILLINOIS

07080528

| | | |
|---|---|---|
| CAPITAL ONE BANK | | YOUR FILE NO. |
| | | W157686 4305722130288502 |

CAPITAL ONE BANK                    }
                                    }
                                    }
                                    }
                Plaintiff,          }
                        v.          }    CASE NO.
JOHN WILLINGHAM                     }
                                    }
                                    }
                Defendant.          }

# A F F I D A V I T

This day in the State of New York and County of Nassau, I, Sara Rubin, personally appeared before the undersigned, a Notary Public in and for the jurisdiction aforesaid, who, after being duly sworn according to law, deposed and stated:

1.  I am an agent of and competent of Capital One Bank and I am authorized to make this affidavit on its behalf.

2.  I am personally familiar with and have reviewed the account and records of JOHN WILLINGHAM    , Account No. W157686 and to the best of my knowledge and belief, the above-named defendant either executed the contract ("the Contract"), or used a credit card pursuant to the terms related to this account.

3.  The above named defendant defaulted on the terms of the agreement.

4.  The balance due and owing is $1,065.57 which includes interest accruing on the principal balance of $663.97 at the rate of 26.74% from August 6, 2007 until paid.

5.  The attached Statement of Account is true and accurate to the best of my knowledge and no part of the balance due has been paid by case, discount or otherwise.

                                            _____
                                                    Affiant

STATE OF NEW YORK
COUNTY OF NASSAU                            _____
                                                    Title

                                                            SEP 0 6 2007

Subscribed and sworn to before me, a Notary Public, for the state of New York this ____ day of _____,
20____.

                                            _____
                                                    Notary Public

My commission expires on: _____

                                            James J. Flood  SEAL
                                            Notary Public, State of New York
                                            Reg. #01FL6142574
                                            Qualified in Suffolk County
                                            My Commission Expires 03/20/201□

F002TRAK

**<u>EXHIBIT D</u>**

## AFFIDAVIT OF INDEBTEDNESS

519523633

| STATE OF NEW YORK | § |
| --- | --- |
| COUNTY OF NASSAU | § |
| | § |

BEFORE ME, the undersigned authority, personally appeared   Sara Rubin, who, being duly sworn, deposed and says as follows:

I am the designated agent of Capital One Bank, and I am duly qualified and authorized to make this affidavit.  Capital One Bank is a national banking association, organized and existing under and by virtue of the laws of the United States of America with its headquarters at 4851 Cox Road, , Glen Allen, VA 23059.

There is due and payable from Jesus L Garcia      , on account number 5291071650041740, the principal amount of $2458.61 plus accrued interest and attorney fees as provided for in the cardholder agreement.  By the terms of the cardholder agreement, interest is accruing at the rate of 25.9% per annum.  This balance reflects any payments, credits, or offsets made since the account was charged off.

_____
Affiant

SUBSCRIBED AND SWORN BEFORE ME, this the 24 day of May 2007, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

DAWN FELICCIARDI
Notary Public, State of New York
No. 01FE6161648
Qualified in Suffolk County
Commission Expires June 18, 2011          126042

85228708.001/D191990/02/08/2007/110/BN#3015/CID#5178052310847443

IN THE COURT IN THE JUDICIAL
CIRCUIT IN AND FOR COUNTY, FLORIDA

# CAPITAL ONE BANK

Plaintiff,

vs.                                    CASE NUMBER:

STEVAN SALCEDO

Defendant(s).

### AFFIDAVIT OF DEBT & NON-MILITARY & CONTRACT

_____/    FLORIDA BAR ID# 872318

STATE OF NEW YORK)
                              :SS
COUNTY OF NASSAU )

BEFORE ME, the undersigned authority personally appeared and personally known by me, this day, Sara Rubin the designated agent for the Plaintiff, CAPITAL ONE BANK , and who after being duly sworn deposes and says as follows:

1. I am a competent person over eighteen years of age. I am the designated agent for the Plaintiff, in the above cause which is engaged in interstate commerce (and does not have its principal place of business in the State of Florida), and is the holder of the credit card account due described below which is due the Plaintiff who is the owner and servicer of the credit card account in issue. That the account issued by the Plaintiff was issued pursuant to Federal law [it is the understanding of the Plaintiff that such transactions are governed under Title 15 U.S.C. § 1601. et seq., and the Code of Federal Regulations 12 C.F.R. Pt 226 as·it pertains to the credit card account in issue due and owing by the Defendant (s)].

2. The scope of my job responsibilities includes the servicing of the Plaintiff's accounts and I am familiar with the manner and method by which the Plaintiff maintains its normal business books and records, including the computer records of Defendant's credit card account. The contents of this Declaration are true and correct, and are based upon my personal knowledge of the Plaintiff's books, business records, and practices of the Plaintiff regarding the Defendant's credit card account with same.

3. The above referenced books and records including but not limited to ledgers, statements, invoices and computers records which are maintained by the Plaintiff relative to the Defendant(s) credit card account with the Plaintiff are maintained in the regular course of the Plaintiffs business, and that the entries therein are made in the regular course of business. In addition, all entries made in the books and records of the Plaintiff relative to the Defendants credit card account were made at the time or shortly after the time the transactions described therein occurred. Based upon all disclosures, payment reminders which were sent to the the to the Defendant (s) (and customer service records), under the requirements as mandated by Federal Law [it is the understanding of the Plaintiff that the Code of Federal Regulations governs the transactions between the Plaintiff and the Defendant (s)], and the Defendant (s) failed to make payments on the credit card account and went into default on same and the Defendant (s) did not notify the Plaintiff of any errant transactions within the time prescribed by law and/or within the last two billing cycles for any and all payment reminders sent to the Defendant (s), and by virtue of not objecting to same waived any right to complain about the balance due thereof. That the Defendant (s) opened the credit card account with the Plaintiff on or about accordance with the Code of Federal Regulations, and that the Defendant (s) went into default on the credit card account by virtue of non payment and/or the last payment date was 06/21/2004 (which payment if any was after the Defendant (s) went into default which payment did not cure the default). The disclosure agreements sent to the Defendant (s) by the Plaintiff pursuant to the

Code of Federal regulations governs the ability of the credit grantor the Plaintiff herein to recover attorneys fees if any, for non-payment by the Defendant (s) upon default. A copy of same is attached to the Plaintiff's complaint and attached hereto and incorporated herein by reference.(Or a copy is attached hereto)

4. That the Defendant (s) credit card account went into default in accordance with the books and records of the Plaintiff (Under Customer Account Number 5178052310847443) and is indebted to the Plaintiff for and in the sum of $1139.98, for the advancements described heretofore as rendered unto said Defendant(s) as set forth in the complaint in the above captioned cause, by the Plaintiff which has not been paid in full to date.

5. That the individual Defendant or Defendants, if any in the above cause named (are) or (is) not in the military service of the United States or any of its allies. Furthermore contact has been made by the Plaintiff with the individual Defendant(s), and such contact would suggest that said party(ies) (was) (is) not in the military services of the United States or any of its allies. That based upon the foregoing, the Defendant(s) (is) (are) presently engaged in civil pursuits in or around the County where process was served upon same and resides at (or has her, his or its principal place of business at), 6033 NW 45TH AVE #TH COCONUT CREEK, FL 33073.

_____
Sara Rubin -The Designated Agent Stated Above for The Plaintiff

Sworn to and Subscribed before me this _____ day of _____, 20_____.

_____
Notary Public, At Large
(Seal)

My Commission Expires:

PLEASE AFFIX OR STAMP YOUR NOTARY SEAL.

ANNE M. TIMBERMAN
NOTARY PUBLIC
STATE OF NEW YORK

3 1 6 2007

exp. 3-13-2010

01TI6142028

STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true
and correct copy of the original as it appears on record and
file in the office of the Circuit Court Clerk of Broward
County, Florida.
WITNESS my hand and Official Seal at Ft. Lauderdale
Florida, this the ___ day of _____
_____ E. Forman
Clerk of the Courts
_____
Deputy Clerk

SEAL

Our file number 315479

## AFFIDAVIT OF ACCOUNT

Account Holder(s):   Debra Mathewson          Account Number: 4121741535382795

_____Sara Rubin_____, being first duly sworn deposes and says that Debra Mathewson is/are justly indebted to Capital One Bank  In the principal amount of $1,073.49 and further states that there is no set off, credit by payment or return, by law or equity against this sum, and further states that all credits and allowances known to exist have hereto before been granted. The amount now due and payable therefore, as taken from the books and records of original entry is $1,073.49.

Capital One Bank

By:  _____
Signature

Sara Rubin
Printed Name

Subscribed and sworn to before me on this ___7_____ day of ___Aug_____, 2006.

_____
Notary Public, State of _____
My Commission Expires:

KARL HERNANDEZ
Notary Public, State of New York
No. 01HE6095733
Qualified in Suffolk County
Commission Expires July 21, 2007

**AFFIDAVIT OF INDEBTEDNESS**

019404078

| STATE OF NEW YORK | § |
| COUNTY OF NASSAU | § |
|  | § |

BEFORE ME, the undersigned authority, personally appeared   Sara Rubin, who, being duly sworn, deposed and says as follows:

I am the designated agent of Capital One Bank, and I am duly qualified and authorized to make this affidavit.  Capital One Bank is a national banking association, organized and existing under and by virtue of the laws of the United States of America with its headquarters at 4851 Cox Road, , Glen Allen, VA 23059.

There is due and payable from Signs Garcia  , on account number 4791242148092292, the principal amount of $2844.24 plus accrued interest and attorney fees as provided for in the cardholder agreement.  By the terms of the cardholder agreement, interest is accruing at the rate of 19.8% per annum.  This balance reflects any payments, credits, or offsets made since the account was charged off.

_____
Affiant

SUBSCRIBED AND SWORN BEFORE ME, this the 24 day of May 2007, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

DAWN FELICCIARDI
Notary Public, State of New York
No. 01FE6141635
Qualified in Suffolk County
Commission Expires February 27, 2010

126227

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO:

CAPITAL ONE BANK

                    Plaintiff       AFFIDAVIT IN SUPPORT OF CLAIM
AND NON MILITARY AFFIDAVIT

vs.

NANCY E PESCATRICE

                    Defendant(s)

_____/

STATE OF _____
COUNTY OF _____

    BEFORE ME, the undersigned authority, personally appeared *Sara Rubin*, to
me well known, who has personal knowledge after being duly sworn, deposes and says that:

    1. I am the records custodian for the Plaintiff and I am in full charge and familiar with the
books and accounts of Plaintiff. I have ascertained that, the above-named Defendant(s), is/are
justly and duly indebted to the said Plaintiff in the sum of $1,371.06 from the date of default
5-12-03 at the rate of 20.650% per annum. Affiant further states that the foregoing sum is now
due and owing to the Plaintiff, and that the sum hereinabove mentioned is due with interest.

    2. I have read all of the allegations contained in the Complaint and the same are true and
correct according to the books and records of the plaintiff.

    3. In addition to the above, affiant further states that the above named Defendant(s) is/are not in
the military service of the United States or any of its allied.

    FURTHER AFFIANT SAYETH NAUGHT.

    The foregoing instrument was acknowledge before me this 24 day of *Mar*, 20 06
by _____, who is personally known to me and who did take an oath.

_____
Notary Public, State of

05-27815-0
4388641778647839

KARL HERNANDEZ
Notary Public, State of New York
No. 01HE6095733
Qualified in Suffolk County
Commission Expires July 21, 2007

IN THE COUN    COURT IN AND FOR
BAY COUNTY, FLORIDA

CASE NO:

CAPITAL ONE BANK

Plaintiff

AFFIDAVIT IN SUPPORT OF CLAIM
AND NON-MILITARY AFFIDAVIT

vs.

RITA ROBERSON

Defendant(s)

STATE OF
COUNTY OF

BEFORE ME, the undersigned authority, personally appeared, *Nichole Kennedy* to me well known, who has personal knowledge after being duly sworn, deposes and says that:

1. I am the records custodian for the Plaintiff and I am in full charge and familiar with the books and accounts of Plaintiff. I have ascertained that, the above-named Defendant(s), is/are justly and duly indebted to the said Plaintiff at the time of filing the lawsuit for the sum of $1,526.94, plus interest in the sum of $1,493.63, for the total sum sued upon of $3,020.57. Affiant further states that the foregoing sum is now due and owing to the Plaintiff, and that the sum hereinabove mentioned is due with interest.

2. I have read all of the allegations contained in the Complaint and the same are true and correct to my personal knowledge.

3. In addition to the above, based on information provided, it is Plaintiffs belief that the above named Defendant(s) is/are not in the military service of the United States or any of its allies.

FURTHER AFFIANT SAYETH NAUGHT.

The foregoing instrument was acknowledge before me this ____ day of _____, 200__
by _____, who is personally known to me and who did take an oath.

_____
Notary Public, State of

06-28380-0
5291071531459699

Dawn Feliccardi
Notary Public, State of New York
No. 01FE6141635
Qualified in Suffolk County
My Commission Expires 02/27/2010

IN THE COUNTY COURT IN AND
FOR ORANGE COUNTY, FLORIDA
CASE NO:

CAPITAL ONE BANK

           Plaintiff    AFFIDAVIT IN SUPPORT OF CLAIM
                       AND NON MILITARY AFFIDAVIT

vs.

GLADYS G STEPHENS
A/K/A GENE STEPHENS

                 Defendant(s)

_____/

STATE OF _____
COUNTY OF _____

    BEFORE ME, the undersigned authority, personally appeared *Jackie Pfluger*, to me well known, who has personal knowledge after being duly sworn, deposes and says that:

    1. I am the records custodian for the Plaintiff and I am in full charge and familiar with the books and accounts of Plaintiff. I have ascertained that, the above-named Defendant(s), is/are justly and duly indebted to the said Plaintiff in the sum of $2,608.25 from the date of default March 06, 2003 at the rate of 20.650% per annum. Affiant further states that the foregoing sum is now due and owing to the Plaintiff, and that the sum hereinabove mentioned is due with interest.

    2. I have read all of the allegations contained in the Complaint and the same are true and correct according to the books and records of the plaintiff.

    3. In addition to the above, affiant further states that the above named Defendant(s) is/are not in the military service of the United States or any of its allied.

    FURTHER AFFIANT SAYETH NAUGHT. *Jackie Pfluger*

    The foregoing instrument was acknowledge before me this 3 day of October, 2006 by _____, who is personally known to me and who did take an oath.

                                    Notary Public, State of

06-18716-0
4388641883133097

Tamara A. Pinckney
Notary Public, State of New York
Reg. #01PI6142038
Qualified in Suffolk County
My Commission Expires 03/13/2010

85220691.001/D191990/11/02/2006/110/BN#3015/CID#4388641846880586

IN THE COURT IN THE JUDICIAL
CIRCUIT IN AND FOR  COUNTY, FLORIDA

# CAPITAL ONE BANK

      Plaintiff,

  vs.                 CASE NUMBER:

DONNA M. CARNCROSS

      Defendant(s).

## AFFIDAVIT OF DEBT & NON-MILITARY & CONTRACT

             /        FLORIDA BAR ID# 260355

STATE OF NEW YORK)
                 :SS
COUNTY OF NASSAU )

BEFORE ME, the undersigned authority personally appeared and personally known by me, this day, Sara Rubin the designated agent for the Plaintiff, CAPITAL ONE BANK , and who after being duly sworn deposes and says as follows:

1. I am a competent person over eighteen years of age. I am the designated agent for the Plaintiff, in the above cause which is engaged in interstate commerce (and does not have its principal place of business in the State of Florida), and is the holder of the credit card account due described below which is due the Plaintiff who is the owner and servicer of the credit card account in issue. That the account issued by the Plaintiff was issued pursuant to Federal law [it is the understanding of the Plaintiff that such transactions are governed under Title 15 U.S.C. § 1601. et seq., and the Code of Federal Regulations 12 C.F.R. Pt 226 as it pertains to the credit card account in issue due and owing by the Defendant (s)].

2. The scope of my job responsibilities includes the servicing of the Plaintiff's accounts and I am familiar with the manner and method by which the Plaintiff maintains its normal business books and records, including the computer records of Defendant's credit card account. The contents of this Declaration are true and correct, and are based upon my personal knowledge of the Plaintiff's books, business records, and practices of the Plaintiff regarding the Defendant's credit card account with same.

3. The above referenced books and records including but not limited to ledgers, statements, invoices and computers records which are maintained by the Plaintiff relative to the Defendant(s) credit card  account with the Plaintiff are maintained in the regular course of the Plaintiffs business, and that the entries therein are made in the regular course of business. In addition, all entries made in the books and records of the Plaintiff relative to the Defendants credit card account were made at the time or shortly after the time the transactions described therein occurred. Based upon all disclosures, payment reminders which were sent to the to the Defendant (s) (and customer service records), under the requirements as mandated by Federal Law [it is the understanding of the Plaintiff that the Code of Federal Regulations governs the transactions between the Plaintiff and the Defendant (s)], and the Defendant (s) failed to make payments on the credit card account and went into default on same and the Defendant (s) did not notify the Plaintiff of any errant transactions within the time prescribed by law and/or within the last two billing cycles for any and all payment reminders sent to the Defendant (s), and by virtue of not objecting to same waived any right to complain about the balance due thereof. That the Defendant (s) opened the credit card account with the Plaintiff on or about  accordance with the Code of Federal Regulations, and that the Defendant (s) went into default on the credit card account by virtue of non payment and/or the last payment date was 02/18/2002 (which payment if any was after the Defendant (s) went into default which payment did not cure the default). The disclosure agreements sent to the Defendant (s) by the Plaintiff pursuant to the

Code of Federal regulations governs the ability of the credit grantor the Plaintiff herein to recover attorneys fees if any, for non-payment by the Defendant (s) upon default. A copy of same is attached to the Plaintiff's complaint and attached hereto and incorporated herein by reference.(Or a copy is attached hereto)

4. That the Defendant (s) credit card account went into default in accordance with the books and records of the Plaintiff (Under Customer Account Number 4388641846880586) and is indebted to the Plaintiff for and in the sum of $3911.42, for the advancements described heretofore as rendered unto said Defendant(s) as set forth in the complaint in the above captioned cause, by the Plaintiff which has not been paid in full to date.

5. That the individual Defendant or Defendants, if any in the above cause named (are) or (is) not in the military service of the United States or any of its allies. Furthermore contact has been made by the Plaintiff with the individual Defendant(s), and such contact would suggest that said party(ies) (was) (is) not in the military services of the United States or any of its allies. That based upon the foregoing, the Defendant(s) (is) (are) presently engaged in civil pursuits in or around the County where process was served upon same and resides at (or has her, his or its principal place of business at), 588 MADEIRA DR. ORANGE PARK,FL 32073.

_____
Sara Rubin The Designated Agent Stated Above for The Plaintiff

Sworn to and Subscribed before me this _____ day of _____, 20 ____

_____
Notary Public, At Large
(Seal)

My Commission Expires:

PLEASE AFFIX OR STAMP YOUR NOTARY SEAL.

Alisa Tetro
Notary Public, State of New York
Reg. #01TE6141272
Qualified in Suffolk County
My Commission Expires 02/21/2010

JAN-19-2007 10:51   FROM:MIDPENN LEGAL SERVIC 717-248-0791        TO:2327821            P:7/7
JAN-19-2007 08:54   FROM:MIDPENN LEGAL SERVIC 814-765-1396        TO:17172480791P90    P:7/7

Capital One Bank          2031117


LYNN MAUK

4121741608042466

## AFFIDAVIT

I, SARA RUBIN, being duly served sworn according to law, depose and say that:

1.    I am the agent for the Plaintiff herein and I have custody and control of the files relating to this account;

2.    I have personal knowledge of the facts and circumstances in connection with this case;

3.    Plaintiff's files are maintained in the usual and ordinary course of business;

4.    This action is based on a claim for breach of contract and that damages are sought as a direct result of said breach;

5.    After allowing for all offsets and credits, a balance remains on the subject account having account number 4121741608042466 in the amount of $1,780.33; and

6.    If called upon, affiant can testify at trial as to the facts pertaining to this matter.

The above facts are true and correct to the best of my knowledge, information and belief.

SARA RUBIN

Sworn to and Subscribed before me this ____ day of ____, 2006

Notary Public

KARL HERNANDEZ
Notary Public State of New York
No 01HE6085733
Qualified in Suffolk County
Commission Expires Jun. 31, 2007

IN THE COUNTY COURT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO:

CAPITAL ONE BANK

        Plaintiff

AFFIDAVIT IN SUPPORT OF CLAIM
AND NON-MILITARY AFFIDAVIT

vs.

DAVID J MCINTYRE

        Defendant(s)

STATE OF
COUNTY OF

BEFORE ME, the undersigned authority, personally appeared, _____, to me well known, who has personal knowledge after being duly sworn, deposes and says that:

1. I am the records custodian for the Plaintiff and I am in full charge and familiar with the books and accounts of Plaintiff. I have ascertained that, the above-named Defendant(s), is/are justly and duly indebted to the said Plaintiff at the time of filing the lawsuit for the sum of $5,384.80, plus interest in the sum of $1,680.94, for the total sum sued upon of $7,065.74. Affiant further states that the foregoing sum is now due and owing to the Plaintiff, and that the sum hereinabove mentioned is due with interest.

2. I have read all of the allegations contained in the Complaint and the same are true and correct to my personal knowledge.

3. In addition to the above, based on information provided, it is Plaintiffs belief that the above named Defendant(s) is/are not in the military service of the United States or any of its allies.

FURTHER AFFIANT SAYETH NAUGHT.

_____

The foregoing instrument was acknowledge before me this ____ day of _____, 20____ by _____, who is personally known to me and who did take an oath.

06-19256-0
4121741716141093

_____
Notary Public, State of _____ New York

**EXHIBIT E**

1210V5

Time of Request: Monday, January 07, 2008  11:31:33 EST
Client ID/Project Name: 430
Number of Lines: 7014
Job Number:      1862:68042952

Research Information

Service:   Terms and Connectors Search
Print Request: Selected Document(s): 1-1000
Source: IL Public Records, Combined
Search Terms: date(>January 2, 2007) & (07!) & ((blitt /3 fred or gaines) or
starzec)  & "capital one"

Send to:   EDELMAN, DAN
           EDELMAN COMBS & LATTURNER
           120 S LA SALLE ST FL 18
           CHICAGO, IL 60603-3593

1. ABED; SAMIR F, 07M1 0163995, 8/14/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

2. ABNEY;MARIA, 07SC 0008415, 11/30/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
MICHAEL **STARZEC**

3. ABOUR; NOHAYLA, 07M1 0120195, 4/17/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

4. ACOSTA;ISABEL, 07SC 0002686, 6/14/2007, JUDGMENT, KANE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
JAN **BLITT GAINES**

5. ACURIO;CHERI, 07SC 0003209, 5/30/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
**BLITT & GAINES**

6. ADAMS-BROWN; HELEN E, 07M1 0176844, 9/20/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

7. ADAMS-BROWN; HELEN E, 07M1 0176844, 10/11/2007, VACATED JUDGMENT, COOK COUNTY,
ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
9/20/2007
**BLITT & GAINES**

8. ADAMS;DAVID L, 07SC 0002124, 5/7/2007, JUDGMENT, ST. CLAIR COUNTY, ILLINOIS
**CAPITAL ONE** BANK
**BLITT & GAINES** PC

9. ADEKALE; ADELOWO, 07M1 0120083, 7/24/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

10. ADERMAN; ROBERT C, 07M1 0145160, 11/26/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

11. ADETOLA; OLABODE S, 07M1 0154323, 7/17/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

12. AHAMD; RIAD R, 07M1 0156192, 7/19/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

**CAPITAL ONE** F.S.B.
**BLITT** AND **GAINES**

993. LOGAN; EDWARD D, 07M1 0115814, 7/26/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

994. LOGAN; RHONDA R, 07M1 0116972, 8/9/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

995. LOMBARDO; MARILYN, 07M1 0128586, 5/17/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

996. LOMONACO; PHILIP J, 07M1 0197261, 11/13/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

997. LONG; GLENDA, 07M1 0105339, 8/21/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

998. LONGOBARDI; MARIO, 07M1 0115815, 7/26/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** FSB
**BLITT & GAINES**

999. LONGSTREET; FRANK, 07M1 0113901, 6/28/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1000. LONGSWORTH; SYDNEY R, 07M1 0107486, 3/15/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1210V5

```
********* Print Completed *********

Time of Request: Monday, January 07, 2008  11:31:33 EST

Print Number:   1862:68042952
Number of Lines: 7014
Number of Pages:
```

```
Send To:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593
```

1210V5

Time of Request: Monday, January 07, 2008  11:31:43 EST
Client ID/Project Name: 430
Number of Lines: 6206
Job Number:     1862:68042983

Research Information

Service:   Terms and Connectors Search
Print Request: Selected Document(s): 1001-1884
Source: IL Public Records, Combined
Search Terms: date(>January 2, 2007) & (07!) & ((blitt /3 fred or gaines) or
starzec)  & "capital one"

Send to:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593

1001. LOPEZ; ALICIA, 07M1 0150787, 12/18/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1002. LOPEZ;ALYANNA O, 07SC 0004214, 7/13/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
MICHAEL **STARZEC**

1003. LOPEZ; ISABEL, 07M1 0101614, 4/26/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1004. LOPEZ; JUAN A, 07M1 0171657, 8/30/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

1005. LOPEZ;MARTHA L, 07SC 0000400, 6/18/2007, JUDGMENT, KENDALL COUNTY, ILLINOIS
**CAPITAL ONE** BANK
**FRED** N **BLITT**

1006. LOVE; FLOYD D, 07M1 0151895, 11/29/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1007. LOVE; MICHELLE, 07M1 0184592, 10/16/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

1008. LOVETT;ELOIS D, 07SC 0003235, 6/25/2007, JUDGMENT, ST. CLAIR COUNTY, ILLINOIS
**CAPITAL ONE** BANK
**BLITT** AND **GAINES** PC

1009. LOVETT; JEFFREY, 07M1 0120127, 7/24/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT** AND **GAINES**

1010. LOY;ELAYNE, 07SC 0007962, 11/14/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
**BLITT & GAINES**

1011. LOZANO; MARIA G, 07M1 0184610, 10/16/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1012. LUNA; DAVID L, 07M1 0120937, 8/9/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**BLITT & GAINES**

1013. LUPORI;JAMES L, 07SC 0000244, 4/23/2007, JUDGMENT, KENDALL COUNTY, ILLINOIS

1872. ZABROSKE;THOMAS H, 07SC 0004958, 8/24/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE BANK**
MICHAEL **STARZEC**

1873. ZAIKOWSKI; PETER P, 07M1 0154538, 8/14/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE BANK**
**BLITT & GAINES**

1874. ZAMBRZYCKI; ANDREW G, 07M1 0115812, 10/25/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE BANK**
**BLITT & GAINES**

1875. ZBYLUT;DUANE E, 07SC 0002409, 5/11/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**FRED BLITT**

1876. ZERVOS; BILL A, 07M1 0195272, 11/8/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE BANK**
**BLITT & GAINES**

1877. ZICK;JAMES D, 07SC 0002256, 8/17/2007, JUDGMENT, MCHENRY COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**BLITT & GAINES**

1878. ZIMMERMAN;BETH J, 07SR 0000404, 11/9/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**BLITT & GAINES**

1879. ZIVKOVIC;GLORIA, 07SC 0001179, 5/23/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**BLITT & GAINES**

1880. ZOGMAN;DANIEL R, 07SC 0000706, 3/26/2007, JUDGMENT, MCHENRY COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**BLITT & GAINES**

1881. ZOYGANELES; GEORGE, 07M1 0154562, 7/17/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE BANK**
**BLITT AND GAINES**

1882. ZUBERI; MOHAMMAD T., 07SC 0002057, 4/11/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**BLITT & GAINES**

1883. ZUBERI;UROOJ T, 07SC 0003958, 6/20/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE BANK**
**BLITT & GAINES** PC

1884. ZWIREK; BEATA, 07M1 0209773, 12/13/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE BANK**
**BLITT & GAINES**

1210V5

********* Print Completed **********

Time of Request: Monday, January 07, 2008  11:31:43 EST

Print Number:   1862:68042983
Number of Lines: 6206
Number of Pages:

Send To:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593

**EXHIBIT F**

1210V5

Time of Request: Monday, January 07, 2008  11:57:58 EST
Client ID/Project Name: 430
Number of Lines: 7090
Job Number:      1823:68049447

Research Information

Service:   Terms and Connectors Search
Print Request: Selected Document(s): 1-1000
Source: IL Public Records, Combined
Search Terms: date(>January 2, 2007) & (07!) & (FREEDMAN)  & "capital one"

Send to:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593

1. ABALOS; LINA, 07M1 0104804, 8/14/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** F S B
**FREEDMAN** ANSELMO L & R

2. ABDALLAH; KATAY, 07M1 0171001, 9/4/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

3. ABU-ASSAF; FERRAS, 07M1 0107639, 3/20/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO L & R

4. ADAMS; ALEXIS G, 07M1 0118026, 4/17/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG AND ...

5. ADAMS; CARLOS L, 07M1 0105001, 8/14/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO L & R

6. ADAMS;GREGORY W, 07SC 0002254, 5/9/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
LOUIS **FREEDMAN**

7. ADAMS;JILL, 07SC 0005438, 9/24/2007, JUDGMENT, ST. CLAIR COUNTY, ILLINOIS
**CAPITAL ONE** BANK
LOUIS S **FREEDMAN**

8. ADAMS; MARY, 07M1 0202242, 11/27/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO L & R

9. ADAMS; WALTER L, 07M1 0121034, 9/18/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

10. ADEKOYA; ADEREMI, 07M1 0151188, 9/18/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

11. ADEPOJU;DORIS, 07SC 0000404, 2/28/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
LOUIS **FREEDMAN**

12. AGNEW; JOYCE E, 07M1 0102242, 2/27/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO L & R

996. MICHALS; GEORGE, 07M1 0111104, 6/5/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

997. MIETUS;JENNIFER M, 07SC 0000697, 10/23/2007, JUDGMENT, KENDALL COUNTY, ILLINOIS
**CAPITAL ONE** BANK
LOUIS S **FREEDMAN**

998. MIGACZ;JAMES, 07SC 0002528, 6/20/2007, JUDGMENT, KANE COUNTY, ILLINOIS
**CAPITAL ONE** FSB
LOUIS SCOTT **FREEDMAN**

999. MILES; DOREAN, 07M1 0133287, 9/25/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1000. MILIAN;CONRAD, 07SR 0001622, 11/30/2007, GARNISHMENT, DUPAGE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE  ...

1210V5

********** Print Completed **********

Time of Request: Monday, January 07, 2008   11:57:58 EST

Print Number:   1823:68049447
Number of Lines: 7090
Number of Pages:

Send To:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593

1210V5

Time of Request: Monday, January 07, 2008  11:58:23 EST
Client ID/Project Name: 430
Number of Lines: 4336
Job Number:      2822:68049520

Research Information

Service:   Terms and Connectors Search
Print Request: Selected Document(s): 1001-1610
Source: IL Public Records, Combined
Search Terms: date(>January 2, 2007) & (07!) & (FREEDMAN)  & "capital one"

Send to:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593

1001. MILICH; MITCH, 07M1 0150244, 9/18/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO LINDBERG & RAPPE

1002. MILK;PAUL, 07SC 0000589, 4/27/2007, JUDGMENT, KANKAKEE COUNTY, ILLINOIS
CAPITAL ONE BANK
LOUIS S FREEDMAN

1003. MILLA; NANCY, 07M1 0185634, 10/16/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO LINDBERG & RAPPE

1004. MILLER; JESSIE, 07M1 0137021, 8/7/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO LINDBERG & RAPPE

1005. MILLER;JUANITA, 07SC 0008248, 11/28/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
CAPITAL ONE BANK
LOUIS FREEDMAN

1006. MILLER; MICHAEL, 07M1 0180458, 11/27/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO L & R

1007. MILLER;MARCEEN L, 07SR 0001376, 8/6/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
CAPITAL ONE BANK
LOUIS S FREEDMAN

1008. MILLER; RUTH, 07M1 0154128, 10/2/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE F S B
FREEDMAN ANSELMO LINDBERG & RAPPE

1009. MILLER; YOLANDA F, 07M1 0122609, 7/24/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO LINDBERG & RAPPE

1010. MILLETTE; MARGARET A., 07SC 0000255, 4/12/2007, JUDGMENT, DUPAGE COUNTY, ILLINOIS
CAPITAL ONE BANK
LOUIS S. FREEDMAN

1011. MILTENBERGER; COLLEEN, 07M1 0159882, 10/9/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO LINDBERG

1012. MINNES; ADRIENNE K, 07M1 0154126, 9/18/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CAPITAL ONE BANK
FREEDMAN ANSELMO LINDBERG

**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG

1601. ZIMMERMAN; NOLITA J, 07M1 0110625, 10/15/2007, GARNISHMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO L & R

1602. ZIMMERMANN; NOLITA J, 07M1 0110625, 8/14/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1603. ZIYAD; LILAH, 07M1 0110627, 3/27/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1604. ZONS; RALPH D, 07M1 0109171, 4/17/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
**CAPITAL ONE** FSB
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1605. ZOUMAH; CHRISTY P, 07M1 0185648, 10/16/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1606. ZUBRICKAS; EDWARD J, 07M1 0121036, 7/10/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
LOUIS S **FREEDMAN**

1607. ZUBRICKAS; EDWARD J, 07M1 0121036, 8/28/2007, VACATED JUDGMENT, COOK COUNTY, ILLINOIS
- 1ST MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
7/10/2007
LOUIS S **FREEDMAN**

1608. ZUNIGA; ROBERT, 07M1 0109612, 10/23/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1609. ZWOLINSKI;CHRISTOPHER J, 07SC 0007376, 11/7/2007, JUDGMENT, LAKE COUNTY, ILLINOIS
**CAPITAL ONE** BANK
LOUIS **FREEDMAN**

1610. ZYZDA; JOYCE A, 07M1 0159898, 10/30/2007, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
**CAPITAL ONE** BANK
**FREEDMAN** ANSELMO LINDBERG & RAPPE

1210V5

********** Print Completed **********

Time of Request: Monday, January 07, 2008   11:58:23 EST

Print Number:    2822:68049520
Number of Lines: 4336
Number of Pages:

Send To:   EDELMAN, DAN
           EDELMAN COMBS & LATTURNER
           120 S LA SALLE ST FL 18
           CHICAGO, IL 60603-3593

**EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, | ) | |
| on behalf of plaintiff and the class | ) | |
| described herein, | ) | |
| | ) | 08 C 31 |
| Plaintiff, | ) | Judge Guzman |
| | ) | Magistrate Judge Schenkier |
| vs. | ) | |
| | ) | |
| DATA SEARCH N.Y., INC. | ) | |
| d/b/a TRAK AMERICA, LLC | ) | |
| and TRAK AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

1.    Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 10 associates.

2.    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law

1

Institute (1996); author of <u>Automobile Leasing: Problems and Solutions</u>, 7 Loy.Consumer L.Rptr. 14 (1994); author of <u>Current Trends in Residential Mortgage Litigation</u>, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers</u>, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, <u>Attorney Liability Under the Fair Debt Collection Practices Act</u> (Chicago Bar Ass'n 1996); author of <u>The Fair Debt Collection Practices Act: Recent Developments</u>, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

      **3.**    **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991. Decisions in which she was involved prior to joining the firm include: <u>Johnson v. Heckler</u>, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); <u>Sanders v. Shephard</u>, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); <u>Maller v. Cohen</u>, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); <u>Wright v. Department of Labor</u>, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); <u>Barron v. Ward</u>, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); <u>City of Chicago v. Leviton</u>, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); <u>Jude v. Morrissey</u>, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983). She is a member of the Northern District of Illinois trial bar.

      **4.**    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in <u>Federal Practice Manual for Legal Services Attorneys</u> (M. Masinter, Ed., National Legal Aid and Defender Association 1989); <u>Governmental Tort Immunity in Illinois</u>, 55 Ill.B.J. 29 (1966); <u>Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations</u>, 2 Loy.Consumer L.Rep. 64 (1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30

appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.     **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6.     **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. 2001); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7.     **Associates**

a.     **Francis R. Greene** is a graduate of Johns Hopkins University

3

(B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** <u>Johnson v. Thomas</u>, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); <u>Jolly v. Shapiro & Kreisman</u>, 237 F. Supp. 2d 888 (N.D. Ill. 2002); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u> 2002 WL 215530 (N.D. Ill. 2002); <u>Jiang v. Allstate Ins. Co.</u> (199 F.R.D. 267); <u>Hill v. AMOCO Oil Co.</u> 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003); <u>Roquet v. Arthur Anderson LLP</u> 2002 WL 1900768 (N.D. Ill. 2002); <u>White v. Financial Credit, Corp.</u> 2001 WL 1665386 (N.D. Ill.); <u>Ransom v. Gurnee Volkswagen</u> 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); <u>Doxie v. Impac Funding Corp.</u> 2002 WL 31045387 (N.D. Ill. 2002); <u>Levin v. Kluever & Platt LLC</u> 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); <u>Pleasant v. Risk Management Alternatives</u> 2003 WL 22175390 (N.D. Ill. 2003); <u>Jenkins v. Mercantile Mortgage</u> 231 F. Supp. 2d 737 (N.D. Ill. 2002); <u>Hobson v. Lincoln Ins. Agency, Inc.</u> 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), <u>Anderson v. Lincoln Ins. Agency</u> 2003 WL 291928, <u>Hobson v. Lincoln Ins. Agency</u> 2003 WL 338161 (N.D. Ill. 2003). He is a member of the Northern District of Illinois trial bar.

   **b.**  **Julie Clark** (nee Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** <u>Qualkenbush v. Harris Trust & Savings Bank</u> 219 F.Supp.2d 935 (N.D.Ill.,2002); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens</u> 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003).

   **c.**  **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002).

   **d.**  **Albert F. Hofeld Jr.** is a graduate of Reed College (B.A., 1990), the University of Chicago Divinity School (M. Div., 1994), and Northwestern University Law School (J.D,. 2000).

   **e.**  **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003).

   **f.**  **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006).

   **g.**  **Tiffany N. Hardy** (admitted NY, DC, ND IL, admission in IL pending) is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

   **h.**  **Zachary Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

   **i.**  **Rupali Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois College of Law (J.D. 2007).

      **i.**    **Michael J. Aschenbrener** is a graduate of the University of Minnesota (B.A. 2001) and the Chicago-Kent College of Law, Illinois Institute of Technology (J.D. May 2007).

      **8.**    The firm also has 15 legal assistants, as well as other support staff.

      **9.**    Since its inception, the firm has recovered more than $500 million for consumers.

      **10.**    The types of cases handled by the firm are illustrated by the following:

      **11.**    **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

      **12.**    The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

      **13.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

      **14.**    **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc.,

1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

 **15. Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

  **a.** Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

  **b.** Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

  **c.** Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

  **d.** Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

  **e.** Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

  **f.** Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

 **16.** These cases also had a substantial effect on industry practices. The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being

disbursed to a third party when that was not in fact the case.

      **17.**    **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001); Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

      **18.**    **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

          **a.**    Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); Adams v. Plaza Finance Co., 1999 U.S. App. LEXIS 1052 (7th Cir., January 29, 1999); Johnson v. Aronson Furniture Co., 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

          **b.**    The McCarran Ferguson Act exemption. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

          **c.**    Loan flipping. Emery v. American General, 71 F.3d 1343 (7th Cir. 1995). Emery limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

          **d.**    Home improvement financing practices. Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

        e.     Arbitration clauses. <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

        f.     Insurance packing. <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

    **19.**   **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include <u>Lundquist v. Security Pacific Automotive Financial Services Corp.</u>, Civ. No. 5:91-754 (TGFD) (D.Conn.), <u>aff'd</u>, 993 F.2d 11 (2d Cir. 1993); <u>Kedziora v. Citicorp Nat'l Services, Inc.</u>, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); <u>Johnson v. Steven Sims Subaru and Subaru Leasing</u>, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); <u>McCarthy v. PNC Credit Corp.</u>, 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); <u>Kinsella v. Midland Credit Mgmt., Inc.</u>, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); <u>Highsmith v. Chrysler Credit Corp.</u>, 18 F.3d 434 (7th Cir. 1994); <u>Black v. Mitsubishi Motors Credit of America, Inc.</u>, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); <u>Simon v. World Omni Leasing Inc.</u>, 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include <u>Shepherd v. Volvo Finance North America, Inc.</u>, 1-93-CV-971 (N.D.Ga.)($8 million benefit); <u>McCarthy v. PNC Credit Corp.</u>, 291 CV 00854 PCD (D.Conn.); <u>Lynch Leasing Co. v. Moore</u>, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); <u>Blank v. Nissan Motor Acceptance Corp.</u>, 91 L 8516 (Circuit Court of Cook County, Illinois); <u>Mortimer v. Toyota Motor Credit Co.</u>, 91 L 18043 (Circuit Court of Cook County, Illinois); <u>Duffy v. Security Pacific Automotive Financial Services, Inc.</u>, 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

    **20.**   <u>Lundquist</u> and <u>Highsmith</u> are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the <u>Lundquist</u> case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

    **21.**   **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: <u>Jenkins v. Heintz</u>, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); <u>Johnson v. Revenue Management Corp.</u>, 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); <u>Keele v. Wexler & Wexler</u>, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); <u>Maguire v. Citicorp Retail Services, Inc.</u>, 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); <u>Young v. Citicorp Retail Services, Inc.</u>, 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); <u>Charles v. Lundgren & Assocs., P.C.</u>, 119 F.3d

739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S. Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of America Bank Corporation, 93 C 3189 (N.D.Ill.).

     22.   Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

     23.   **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions. One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Murray v. GMAC Mortgage Corp., 05 C 1229, _____ F.Supp.2d _____, 2007 U.S. Dist. LEXIS 26726 (N.D.Ill. April 10, 2007); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); In re Ocean Bank, 06  C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion, 2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet , Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

9

24.    **Class action procedure:** Important decisions include <u>Crawford v. Equifax Payment Services, Inc.</u>, 201 F.3d 877 (7th Cir. 2000); <u>Blair v. Equifax Check Services, Inc.</u>, 181 F.3d 832 (7th Cir. 1999); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

25.    **Landlord-tenant:** The firm has brought a number of class actions against landlords for various matters including failing to pay interest on security deposits or commingling security deposits, breach of the warranty of habitability, improper late charges, and various violations of the CRLTO. Reported decisions include: <u>Wang v. Williams</u>,343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); <u>Onni v. Apartment Management and Investment Co.</u>, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2d Dist. 2003) (case challenging improper late charges, which later settled on a class basis for $200,000); <u>Dickson v. West Koke Mill Village P'Ship</u>, 329 Ill.App.3d 341 (4th Dist. 2002). Illustrative cases include: <u>Hale v. East Lake Management & Developmental Corp., et al.</u>, 00 CH 16139, in the Cook County Circuit Court, Judge Madden granted class certification for tenants who had not been paid their security deposit interest after the end of each twelve month rental period. The East Lake case later settled on a classwide basis for over $400,000.

26.    Some of the other reported decisions in our cases include: <u>Elder v. Coronet Ins. Co.</u>, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); <u>Smith v. Keycorp Mtge., Inc.</u>, 151 Bankr. 870 (N.D.Ill. 1992); <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); <u>Armstrong v. Edelson</u>, 718 F.Supp. 1372 (N.D.Ill. 1989); <u>Newman v. 1st 1440 Investment, Inc.</u>, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); <u>Mountain States Tel. & Tel. Co. v. District Court</u>, 778 P.2d 667 (Colo. 1989); <u>Disher v. Fulgoni</u>, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); <u>Harman v. Lyphomed, Inc.</u>, 122 F.R.D. 522 (N.D.Ill. 1988); <u>Haslam v. Lefta, Inc.</u>, 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); <u>Source One Mortgage Services Corp. v. Jones</u>, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

27.    Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. <u>Elder v. Coronet Insurance</u> held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

_____

Daniel A. Edelman

10

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\430\pleading\MODEL Declaration of DAE w_o p 28-35_pleading.WPD

11