IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SYLVERNE, on behalf of plaintiff and the class described herein, <br><br>  Plaintiffs, <br><br> v. <br><br> DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, <br><br>  Defendants. | ) ) ) ) ) 08 c 31 ) Judge Guzman ) Magistrate Judge Schenkier ) ) ) ) ) ) ) ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
FOR LEAVE TO FILE A CONSOLIDATED CLASS ACTION COMPLAINT**

This Fair Debt Collection Practices Act ("FDCPA") matter comes before the Court on plaintiffs' motion for leave to file a consolidated class action complaint, pursuant to Fed. R. Civ. P. 42(a). Plaintiffs' motion is opposed by only one defendant, Triumph Partnerships, LLC ("Triumph"); no other defendant filed a response to plaintiffs' motion.

## INTRODUCTION

Plaintiffs will demonstrate that Triumph's three arguments offered in opposition to their motion are without merit and that the Court should exercise its discretion to grant plaintiffs' motion.

First, the matter is ripe for consolidation because the claims involve common questions of law and fact, and consolidating these cases will promote judicial economy and convenience. Furthermore, the risks of prejudice and confusion introduced through consolidation

are too slight to outweigh benefits of economy and convenience.

Second, despite its bald assertion stating otherwise, Triumph is a debt collector, as defined by the FDCPA.

Finally, consolidating these cases will not cause any undue burden on Triumph, nor will it cause Triumph to incur any additional litigation costs.

## ARGUMENT

### I. The facts are similar enough in each matter that consolidation will not burden the trier of fact, should the case go to trial.

Triumph contends that the differences in language, authors, and notaries among the subject affidavits will make it difficult to try these cases together. It is true that slight differences in language and signatures exist among the affidavits, but that does not mean it will be difficult or inconvenient to try these cases together. Rather, when the relevant differences are analyzed in the context of the specific conduct alleged and claims made, the Court should determine that these differences will not create a burden on the ultimate trier of fact, and will, in fact, promote judicial convenience and economy.

Fed. R. Civ. P. 42(a) states that a court may consolidate actions when the actions "involve a common question of law or fact." The rule "was designed and intended to encourage such consolidation where possible." *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945) *aff'd on other grounds*, 328 U.S. 654 (1946). And its purpose is "to promote convenience and judicial economy." *In Re Nuveen Fund Litigation*, No. 94 C 360, 1994 U.S. Dist. LEXIS 13098, at *4 (N.D. Ill. Sept. 9, 1994), citing *Mabry v. Village Managment, Inc.*, 109 F.R.D. 76, 79 (N.D. Ill. 1985). Whether to consolidate is a matter of discretion for the trial court. *In Re Nuveen Fund*

*Litigation*, No. 94 C 360, 1994 U.S. Dist. LEXIS 13098, at *4, citing *Henderson v. National R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987). The court should not exercise this discretion where it will cause prejudice to a party, though it may consolidate even where a party objects. *In Re Nuveen Fund Litigation*, No. 94 C 360, 1994 U.S. Dist. LEXIS 13098, at *5, citing *Midwest Community Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983).

Triumph does not claim that the cases do not share common questions of law and fact, thereby impliedly conceding this point; and it would be hard-pressed to do so. Rather, it claims that the few differences in language, authors, and notaries will make it inconvenient to consolidate the cases. As a preliminary matter, the cases do share common questions of law and fact. First, all of the cases involve alleged § 1692e violations of the FDCPA. Second, all of the alleged violations are based on virtually identical sets of operative facts. Namely, that the defendant-debt buyers utilized allegedly fraudulent affidavits in connection with debt collection lawsuits and concealed the identity of the entity preparing the affidavits.

That said, certain distinctions exist among the cases that require an analysis here to help the Court determine that consolidating these cases will promote judicial convenience and economy sufficient to outweigh any possible confusion due to the slight factual differences. These distinctions will be discussed below relative to the actual claims made by plaintiffs so the Court may avoid analyzing any irrelevant differences among the affidavits.

### A. Plaintiffs' two types of FDCPA claims in Count I will not create confusion for the trier of fact.

   1. *Plaintiffs' claims under § 1692e(14) are legally and factually consistent across all cases.*

Plaintiffs' first FDCPA claim is that by describing the affiants as "agents" or "employees/agents" of the defendant-debt buyers without identifying the companies for which the affiants work, Exhibits 1-10 of the proposed consolidated complaint conceal the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of business, company, or organization names other than the true name of the debt collector's business, company, or organization.

The relevant difference to this claim among the various suits is that eight of the affidavits (Exhibits 1-5, 7, 8, 10) state that the affiant is an "agent" of the defendant-debt buyers while two affidavits state that the affiant is an "employee/agent." (Exhibits 6 and 9.) Thus, Triumph's claim—while not expressly stated—must be that the trier of fact will be confused by the difference between "agent" and "employee/agent," and will have such a difficult time applying the FDCPA to these slight variations that this burden outweighs the gains in convenience and economy made by consolidating these cases.

One measure for the Court to employ in determining whether confusion is likely to occur is inconsistency. *See In Re Nuveen Fund Litigation*, No. 94 C 360, 1994 U.S. Dist. LEXIS 13098, at *6 (N.D. Ill. Sept. 9, 1994). In *In Re Nuveen*, the court consolidated two cases where different plaintiffs made different allegations. *Id.* In that case, Judge Conlon stated that the differing allegations were not inconsistent and did not require her to refuse to consolidate the cases. *Id.*

While the facts of *In Re Nuveen* differ from those in the instant matters, the principle holds true here—where distinctions among cases do not render the claims or facts inconsistent, ordering consolidation is appropriate. *See Id.* In the present cases, the usage of the terms "agent" and "employee/agent" do not create any inconsistency that would create confusion for a jury or render consolidation inappropriate. In fact, the difference present here is even slighter than that in *In Re Nuveen* because it is a slight factual distinction and not a legal distinction.

2. *All affidavits state that the affiants have personal knowledge of the facts contained in the affidavits.*

Plaintiffs' second common claim among all cases is that the affiants falsely claim to have personal knowledge of the information contained in the affidavits. Concerning this claim, the affidavits assert personal knowledge using different language, though all affidavits assert this in some manner.

The affiant in the affidavit in proposed Class B (Exhibit 4) states this directly by swearing to "have personal knowledge" of the facts in the complaint and affidavit. The affiants in Exhibits 6 and 9 (proposed classes C and E) both state the same in a similar fashion when they swear to "[have] knowledge of the account balance, and [are] duly authorized to make [these] affidavit[s]." The affiants in Exhibits 6 and 9 state that the amounts in the affidavits are "taken from the original books and records," which implies that their "knowledge of the account balance" is based on personal knowledge of the "original books and records." In proposed class D (Exhibits 2 and 7), the affiants are even more direct when they "state that the records of [these] account[s] are maintained under my supervision."

5

Finally, the affidavits in proposed Class A (Exhibits 1, 3, 5, 8, and 10) provide the least direct manner of asserting personal knowledge, though still manage to express this point. The affiants in this set of affidavits state that they are "authorized and qualified to make [the] affidavit[s]," that the "plaintiff[s] (defendant-debt buyers in these cases) maintain[] . . . records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge." These affidavits conclude with the statement that the affiants "can testify at trial as to all facts pertaining to [these] matter[s]." In other words, these affiants also have personal knowledge, otherwise they would not be able to testify at trial as to the facts contained in the complaints and affidavits.

The result is that while differences exist among the affidavits concerning the relevant language for the alleged § 1692e(10) violations, these differences still do not create any inconsistency requiring the Court not to grant the motion to consolidate. The differences are in language only—not in meaning—and are not distinct enough to warrant sacrificing the gains in economy and efficiency made by granting the motion to consolidate. Accordingly, plaintiffs ask this Court to grant their motion to consolidate their cases.

**B.     The FDCPA claim in Count II is unique to a single case, but is not inconsistent with the common claims.**

Count II alleges that Arrow Financial Services, L.L.C. and Trak America violated § 1629e of the FDCPA by suing plaintiff Brewer under the name AFS, which is not a commonly recognized abbreviation for Arrow Financial Services. This claim will not cause any confusion to the trier of fact because the claim is not inconsistent with the common claims and has no bearing on the common claims.

6

## II.   Triumph is a debt collector, as defined by the FDCPA.

In its response, Triumph claims that it is not a debt collector, as defined by the FDCPA, because it did not control the collection process or act directly to collect the debt that forms the basis of plaintiff Bradley's suit against Triumph. Instead, it claims that it is a mere debt buyer. This is incorrect; Triumph is a debt collector, as defined by the FDCPA because it acts directly to collect the debts it purchases.

Triumph does not explain—relative to the FDCPA's definition—exactly how or why it is not a debt collector. Rather, it baldly asserts that it is a mere debt buyer and cites generally to *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005) without explaining or applying the court's analysis to its business practices.

In *Scally*, the court declined to hold a debt collector vicariously liable for the practices of a company it retained to collect the debt. *Id.* at 1041. The court stated that the "facts are not sufficient to establish that MRS [the company retained to collect the debt] acted merely as an agent of Hilco [the debt buyer/collector]." *Id.* at 1040. But here, it is uncontroverted that Trak America acted as an agent of Triumph because the affidavit used in conjunction with the original debt collection action filed by Triumph and signed by an employee of Trak America expressly states that the Trak America employee was acting as an agent of Triumph. *See* Exhibits 1-10.

The court further stated in *Scally* that the debt buyer/collector could not be held vicariously liable for the conduct of the company retained to collect the debt because it did not retain sufficient control over the collection process. 392 F. Supp. 2d at 1040. More specifically, the court based this conclusion on the fact that the original debt buyer/collector "did not attempt

7

to contact debtors, and would only reluctantly accept payments directly from debtors." *Id.* Because discovery has not commenced in the instant matter, it is difficult to determine what conduct Triumph did and did not engage in, but the fact that the debt collection suit was filed in the name of Triumph indicates that Triumph was actively working to collect the debt.

Additionally, Triumph does not explain what it did and did not do to collect the debt. And it does not relate the facts of *Scally* to its practices, leaving the court and plaintiffs to wonder just how and why it shouldn't be defined as a debt collector. Without any support whatsoever for its claim that it is not a debt collector, plaintiffs implore the court to reject its claim.

Moreover, Triumph does not dispute that it is a an organization that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. It also does not dispute that it filed a lawsuit in its own name against plaintiff Bradley to collect a debt allegedly owed by Ms. Bradley to Triumph.

In light of the lawsuit it filed against plaintiff Bradley by Triumph, the lack of any applicable FDCPA exclusions, and the complete lack of any evidence to the contrary, Triumph is a debt collector as defined by the FDCPA. Accordingly, its assertion that it is not subject to the FDCPA should fail.

### III.   Consolidation would not unduly burden Triumph.

Contrary to Triumph's assertion, consolidating these cases will not cause Triumph to incur increased costs. Triumph claims that consolidating these cases will force its attorneys to attend all depositions associated with the consolidated complaint, or at least read all deposition

transcripts. It also asserts that it would be required to respond to all filings from all parties. These assertions are erroneous.

First, Triumph will not need to attend any more depositions than if the cases remain unconsolidated because it will only need to attend those depositions that affect Triumph specifically. This means that it would need to attend depositions of plaintiff Bradley, employees/agents of Triumph, and of Trak America representatives when the subject of the deposition concerns Triumph, but not when the Trak America depositions do not concern Triumph. This scenario remains the same whether the Court consolidates the cases or keeps them unconsolidated. There would simply be no need for Triumph to attend depositions that do not affect its portion of the case.

Similarly, it would not need to review the transcripts of deposed individuals unconnected to Triumph's case. Triumph provides no reason in its response indicating exactly why it would need to attend or review any depositions that do not affect its case.

The same holds true for its unsupported claim that it would be forced to respond to all filings—even those having no bearing on Triumph or the allegations made against it. Not only are Triumph's assertions unsupported, but they lack logic. It does not make sense that Triumph would need to take actions that do not and cannot affect its defense. Accordingly, Triumph would not incur any additional costs as a result of consolidating the cases.

## CONCLUSION

Consolidating these cases into one action serves judicial economy—the touchstone measure for consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85

9

(2d Cir. 1990). Additionally, consolidating these cases will not cause confusion to the trier of fact or prejudice to any party—the countermeasures for the Court to consider. *See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Accordingly, consolidation is appropriate and plaintiffs respectfully request that this Court enter an order consolidating the aforementioned cases.

                              Respectfully submitted,

                              s/ Michael J. Aschenbrener
                              Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Michael J. Aschenbrener, hereby certify that on May 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Tammy L. Adkins
David Luther Hartsell
Amy R Jonker
McGuireWoods LLP
77 West Wacker Drive
Suite 4400
Chicago, IL 60601-7567

David M Schultz
Todd Philip Stelter
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

                                          s/ Michael J. Aschenbrener
                                          Michael J. Aschenbrener