## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

STEPHANIE SYLVERNE, on behalf of )
plaintiff and the class described herein, )
                                     )
        Plaintiffs, )
                                       )     No.  08 C 0031
vs. )
                                       )     Judge Guzman
DATA SEARCH N.Y., INC., )
d/b/a TRAK AMERICA, LLC and )     Magistrate Judge Schenkier
TRAK AMERICA, )
                                         )
        Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Stephanie Sylverne has filed this action on behalf of herself and a putative class alleging that defendant Trak America has violated the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by submitting affidavits in suits to collect debts that (1) conceal the identity of the companies for whom the affiants work, and (2) falsely state that the affiants have personal knowledge of certain information in the affidavits. Since the filing of the *Sylverne* case, six other lawsuits containing similar allegations have been assigned to the presiding district judge in *Sylverne*: *Brewer v. Arrow Financial Services, L.L.C., et al.*, 08 C 895, *Bradley v. Data Search N.Y., Inc., et al.*, 08 C 1010, *Pecaro, et al. v. Data Search, N.Y., Inc., et al.*, 08 C 1088, *Cahilig v. Data Search N.Y., Inc., et al.*, 08 C 1339, *Machalleck, et al. v. Data Search, N.Y., Inc., et al.*, 08 C 1340, and *Case v. MRC Receivables Corp., et al.*, 08 C 1346. As in the *Sylverne* case, Trak America is a defendant in these other lawsuits. Unlike the *Sylverne* case, in the other suits plaintiffs have also named as defendants the companies which engaged Trak America to collect on their accounts.

Ms. Sylverne now has moved for leave to file a consolidated class action complaint (doc. # 43), which has been referred to this Court for decision (doc. # 58). In that motion, Ms. Sylverne seeks to consolidate into one complaint all plaintiffs and defendants in her case and the six other related cases that have been reassigned to the presiding district judge, one additional case for which a motion for reassignment based on relatedness is pending (*Hamad v. Pinnacle Credit Services, LLC, et al.*, 08 C 2188). The only defendant to oppose the motion is Triumph Partnerships, a defendant in the *Bradley* case (*see* Case No. 08 C 1010: doc. # 32). Ms. Sylverne has responded to that opposition in her captioned case (doc. # 43). After considering the parties' arguments, the Court grants the motion for leave to file the consolidated class action complaint.

## I.

A court has the authority to consolidate separately captioned lawsuits into one case when the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The question of whether to grant consolidation is a matter of discretion for the trial court. *U.S. v. Knauer*, 149 F.2d 519 (7th Cir. 1945); *In re Nuveen Fund Litigation*, No. 94 C 360, 1994, 1994 WL 505924 at *2 (N.D. Ill. Sept. 15, 1994). In exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970), and whether it would cause prejudice to any party. *Knauer*, 149 F.2d at 519; *Nuveen*, 1994 WL 505924 at *2.

Consideration of these factors weighs in favor of consolidation in this case. To begin with, the cases all present common questions of fact: such as, whether Trak America routinely has its employees or agents sign affidavits that fail to disclose the entity for whom they work, and that

2

falsely state that they have personal knowledge of facts to which they attest. All cases present a common question of law: whether the common conduct, if proven, violates the FDCPA.

Consolidation also would promote judicial economy. Absent consolidation, the Court would face the specter of conducting as many as eight trials (including the newly-asserted Hamad claim) involving identical legal claims and substantially overlapping evidence. That would lead to a substantial waste of judicial time and resources – including jury resources – for claims that could be adjudicated in one trial. In addition, consolidation would avoid the possibility that different juries hearing different of the related cases would reach inconsistent verdicts concerning whether the common conduct that is alleged violates the FDCPA. Consolidation thus would promote consistency of results, and would avoid the possibility that parties who are defendants in more than one of the cases (Trak America, Northstar, and Elite Recovery) would be exposed to inconsistent results. These considerations all weigh in favor of granting consolidation.

## II.

Triumph has offered three arguments in opposition to consolidation. We have considered each of those arguments, and we find each of them unpersuasive.

*First*, Triumph argues that consolidation should not be granted because, unlike the other account holders who are named in the lawsuits, Triumph is not a debt collector and thus is not subject to the FDCPA (Triumph Mem. ¶¶ 7-9). This argument does not provide any reason why the related cases should not be consolidated; rather, it represents an argument by Triumph as to why it should not be included in the consolidated cases. We decline the invitation to use consolidation as a motion to decide the question of whether any claims against Triumph should be dismissed on the ground that it is not a debt collector. That is a defense that Triumph is fully able to make irrespective

3

of whether consolidation is granted. Thus, consolidation would not cause Triumph prejudice on that issue.

*Second*, Triumph argues that differences in the authors and language of the various affidavits attacked in the related cases show that consolidation is improper (Triumph Mem. ¶¶ 7, 10-12). That argument misconceives the standard that must be met for consolidation under Rule 42(a)(2). The rule does not require an identity of facts among the various cases, but only that there are common questions of law or fact. In this case, despite differences in the authors of the affidavits and some of the language that the affidavits employ, the common thread that plaintiffs claim unite them is the failure to disclose the employer of the affiant and the inclusion of allegedly false statements concerning the affiants' personal knowledge about the plaintiffs' account information. That common thread is sufficiently strong to tie the cases together and to warrant consolidation.

*Third*, Triumph alleges that it would suffer prejudice from consolidation, which Triumph claims would increase its cost of defense by requiring it to attend depositions, review briefs, and engage in other tasks that Triumph would be able to forego absent consolidation (Triumph Mem. ¶¶ 7, 13-15). We disagree. The cases all have been reassigned to the presiding district judge as related, and – even absent consolidation – presumably will proceed in some coordinated and unified fashion for purposes of discovery. Even absent consolidation, Triumph would be required to choose whether to attend depositions in cases that did not involve its employees or agents, or Mr. Bradley (the plaintiff in the suit brought against Triumph), or Trak America representatives. That choice would be no different in the event the cases were consolidated. Moreover, consolidation of the cases would provide a convenient vehicle for defense counsel to engage in cost saving measures, such as (a) allocating deposition responsibilities among various attorneys, and (b) allocating responsibility

4

for briefing various issues that might arise. This kind of coordination would permit defense counsel to avoid filing overlapping and repetitive pleadings in separate cases, which would conserve defense resources as well as those of the Court. Thus, we do not find persuasive Triumph's argument that consolidation would increase its defense costs – an argument, we note, that no other defendant has made (even those who are defendants only in one lawsuit, such as Arrow, Pallino Receivables, and MRC Receivables).

## CONCLUSION

For the foregoing reasons, the Court grants Ms. Sylverne's motion for leave to file a consolidated class action complaint, and to name as a new plaintiff Hani A. Hama and as a new defendant Pinnacle Credit Services L.L.C. (doc. # 43). Plaintiffs shall file the consolidated class action complaint as a separate document.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: May 28, 2008**