IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, LOVENIA J. BREWER, JOAN BRADLEY, JOSEPH J. PECARO, ANDREW T. KINGSTON, ARIEL CAHILIG, DALE MACHALLECK, JUANITA HERRON, SANDRA CASE, and HANI A. HAMAD, on behalf of plaintiffs and the classes described herein | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 08 c 31 Judge Guzman |
| v. | ) ) | Magistrate Judge Schenkier |
| ARROW FINANCIAL SERVICES, L.L.C., TRIUMPH PARTNERSHIPS, LLC, NORTH STAR CAPITAL ACQUISITION LLC, PALLINO RECEIVABLES LLC, ELITE RECOVERY SERVICES, INC., MRC RECEIVABLES CORPORATION, PINNACLE CREDIT SERVICES, LLC, DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, | ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## CONSOLIDATED CLASS ACTION COMPLAINT

### INTRODUCTION

1.     Plaintiffs Stephanie Sylverne, Lovenia J. Brewer, Joan Bradley, Joseph

J. Pecaro, Andrew T. Kingston, Ariel Cahilig, Dale Machalleck, Juanita Herron, Sandra Case,

and Hani A. Hamad (collectively, "plaintiffs"), on behalf of others similarly situated, by and

through their attorneys, hereby complain against defendants Arrow Financial Services, L.L.C.

("Arrow" or "AFS"), Triumph Partnerships, LLC ("Triumph"), North Star Capital Acquisition

1

LLC ("North Star"), Pallino Receivables LLC ("Pallino"), Elite Recovery Services, Inc. ("Elite"), MRC Receivables Corp. ("MRC"), Pinnacle Credit Services, LLC ("Pinnacle"), and Data Search N.Y., Inc. d/b/a Trak America LLC and Trak America ("Trak America") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct that harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendants' collection communications were received by plaintiffs within this District;

      b.      Defendants do or transact business within this District.

## PARTIES

3.      Plaintiff Sylverne is an individual who resides in the Northern District of Illinois.

4.      Plaintiff Brewer is an individual who resides in the Northern District of Illinois.

5.      Plaintiff Bradley is an individual who resides in the Northern District of Illinois.

6.     Plaintiff Pecaro is an individual who resides in the Northern District of Illinois.

7.     Plaintiff Kingston is an individual who resides in the Northern District of Illinois.

8.     Plaintiff Cahilig is an individual who resides in the Northern District of Illinois.

9.     Plaintiff Machalleck is an individual who resided in the Northern District of Illinois.

10.     Plaintiff Herron is an individual who resides in the Northern District of Illinois.

11.     Plaintiff Case is an individual who resides in the Northern District of Illinois.

12.     Plaintiff Hamad is an individual who resides in the Northern District of Illinois.

13.     Defendant Arrow is a limited liability company with offices at 5996 W. Touhy Avenue, Niles, IL 60714.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

14.     Arrow is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

15.     On information and belief, defendant Arrow pays less than ten cents on the dollar for the debts it purchases.

16.     Arrow has been the plaintiff in more than 3000 collection lawsuits in the

3

Illinois courts.

17.    Arrow uses the mails and interstate wire communications to collect debts.

18.    Arrow is a debt collector as defined in the FDCPA.

19.    Defendant Triumph is a limited liability company chartered under Delaware law.  Its registered agent and office is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,  DE  19801.

20.    Triumph is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

21.    On information and belief, Triumph pays an average of less than 10 cents on the dollar for debts.

22.    Triumph has been the plaintiff in more than 1,000 collection suits.

23.    Triumph is a debt collector as defined in the FDCPA.

24.    Defendant North Star is a limited liability company with offices at 220 John Glenn, Ste. 1, Amherst, NY 14228.

25.    North Star is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

26.    On information and belief, North Star pays less than ten cents on the dollar for the debts it purchases.

27.    North Star has been the plaintiff in more than 300 collection lawsuits in the Illinois courts.

28.    North Star uses the mails and interstate wire communications to collect debts.

29.    North Star is a debt collector as defined in the FDCPA.

30.    Defendant Pallino Receivables, LLC is a limited liability company with offices at 51 John F. Kennedy Parkway, 1st floor west, Short Hills, NJ 07078.

31.    Pallino is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

32.    On information and belief, Pallino pays less than ten cents on the dollar for the debts it purchases.

33.    Pallino has been the plaintiff in more than 50 collection lawsuits in the Illinois courts.

34.    Pallino uses the mails and interstate wire communications to collect debts.

35.    Pallino is a debt collector as defined in the FDCPA.

36.    Defendant Elite is a limited liability company with offices at 266 Great Arrow Avenue, Buffalo, NY 14207. It does business in Illinois. Its registered agent and office is Lexis Document Solutions Inc., 801 Adlai Stevenson Dr., Springfield, IL 62703.

37.    Elite is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

38.    On information and belief, Elite pays less than ten cents on the dollar for the debts it purchases.

39.    Elite has been the plaintiff in more than 500 collection lawsuits in the Illinois courts.

40.    Elite uses the mails and interstate wire communications to collect debts.

41.    Elite is a debt collector as defined in the FDCPA.

42.     Defendant MRC is a corporation with offices at 8875 Aero Drive, San Diego, CA 92123.   Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL   62703-4261.

43.     MRC is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

44.     On information and belief, defendant MRC pays an average of less than ten cents on the dollar for the debts it purchases.

45.     According to the SEC filings of its public parent, Encore Capital Group, MRC and its affiliates "acquire[] its receivable portfolios at deep discounts from their face values using its proprietary valuation process that is based on the consumer attributes of the underlying accounts." (Form 10-K filed by Encore with the SEC  for the year ending December 31, 2006, original p. 3).  By "deep discount" is meant 3.0 to 3.36% of face value.  (*Id.*, original p. 28).

46.     MRC has been the plaintiff in more than 1000 collection lawsuits in the Illinois courts.

47.     MRC uses the mails and interstate wire communications to collect debts.

48.     MRC is a debt collector as defined in the FDCPA.

49.     Defendant Pinnacle is a limited liability company with offices at 7900 Highway 7, Suite 100, St. Louis Park,  MN 55426-4049.

50.     Pinnacle is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

51.     On information and belief, Pinnacle pays less than ten cents on the dollar for the debts it purchases.

6

52.    Pinnacle uses the mails and interstate wire communications to collect

debts.

53.    Pinnacle has been the plaintiff in more than 100 collection actions filed in

the Illinois courts.

54.    Pinnacle is a debt collector as defined in the FDCPA.

55.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak

America ("Trak America") is a New York corporation. Its principal place of business is located

at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

56.    Trak America describes its business activities on its website

(www.trakamerica.com) as follows:

> Welcome to the proven nationwide legal process that has recovered millions of
> dollars thought to be unrecoverable for the country's largest creditors and debt
> buyers.
>
> Step 1: Our <u>FASTRAK predictive model</u> determines with unparalleled accuracy
> exactly which accounts are worth pursuing.
>
> Step 2: <u>Secure, streamlined and automated processes</u> transmit suit worthy
> accounts to the right attorney quickly and efficiently.
>
> Step 3: The <u>TRAKAmerica legal network</u>—the best in the business—obtains your
> legally enforceable judgments.
>
> Step 4: Our in-house <u>skip tracing experts</u> facilitate execution on your judgments
> by identifying hard-to-find assets and collecting the money owed to you.
>
> Result: **Maximum net back for TRAKAmerica clients.**
>
> > "TRAKAmerica recovered more than $27 million last quarter on
> > warehouse paper we thought was uncollectible."
> >
> > —— Publicly traded US credit card issuer

57.    The same web site further states:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

58.    The same web site further states:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

59.    The same web site further states:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

> legal suit dates
>
> service dates
>
> court information
>
> judgment information (principle [sic] and interest)
>
> court costs
>
> attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

9

Step 4: Collecting and Disbursing Your Money

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it. . . .

60.    The mails and interstate wire communications are used to conduct the business of Trak America.

61.    Trak America is a debt collector as defined in the FDCPA.

### FACTS RELATING TO STEPHANIE SYLVERNE

62.    On or about Jan. 29, 2007, a lawsuit was filed in the name of Capital One Bank against Stephanie Sylverne in the Circuit Court of Cook County, Illinois, case no. 07 M1 106853, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

63.    The summons, complaint, and an attached affidavit of Jenn Crawford (Exhibit 1) were served on Ms. Sylverne in February 2007.

64.    Exhibit 1 is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Illinois.

65.    The lawsuit was dismissed with prejudice in October 2007.

66.    The Jenn Crawford who executed Exhibit 1 was in fact an employee of Trak America when Exhibit 1 was executed and on December 27, 2007.

67.    Jenn Crawford is not an employee of Capital One Bank.

10

68.    Jenn Crawford and other employees of Trak America regularly executed affidavits similar to Exhibit 1 as "agent" of Capital One Bank.

69.    Contrary to the statements in the affidavit, Jenn Crawford and other employees of Trak America are not "qualified" to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

70.    Exhibit 1 does not disclose the fact that the signatory is an employee of Trak America.

71.    By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit 1 conceals the identity of the business preparing the document, Trak America, and appears to come from Capital One Bank.

72.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 1.

## FACTS RELATING TO LOVENIA J. BREWER

73.    On or about December 13, 2007, a lawsuit entitled "AFS v. Lovenia J. Brewer" was filed in the Circuit Court of Cook County, Illinois, case no. 07 M1 251207,  for the purpose of collecting a purported debt incurred for personal, family or household purposes.  All of the papers used "AFS" and none referred to Arrow Financial Services.  However, on information and belief, "AFS" meant Arrow Financial Services.

74.    Attached to the complaint was an affidavit executed by one Crystal Pilger and notarized by one Karl Hernandez (Exhibit 2).

75.    Exhibit 2 is a form affidavit regularly filed in collection actions brought in

Illinois.

76.     Both Pilger and Hernandez were employees of Trak America when Exhibit 2 was executed.

77.     Neither Pilger nor Hernandez was an employee of Arrow or "AFS."

78.     Employees of Trak America regularly executed affidavits similar to Exhibit 2 as "agent" of various owners of debts.

79.     Contrary to the statements in the affidavit, employees of Trak America are not do not have "personal knowledge" of accounts of Arrow Financial Services, L.L.C. or anyone else, as alleged in Exhibit 2.

80.     Exhibit 2 does not disclose the fact that the signatory is an employee of Trak America.

81.     By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 2 conceals the identity of the business preparing the document, Trak America, and appears to come from "AFS." Exhibit 2 is particularly misleading because "AFS" is not the correct legal name of Arrow, either.

82.     The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 2.

**FACTS RELATING TO JOAN BRADLEY**

83.     On or about Dec. 18, 2007, a lawsuit was filed in the name of Triumph against Joan Bradley in the Circuit Court of Cook County, Illinois, case no. 07 M1 253485, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

84.    The summons, complaint, and an attached affidavit of Terry Kulbaba (Exhibit 3) were served on Joan Bradley in February 2007.

85.    Exhibit 3 is a form affidavit regularly filed in collection actions brought in the name of Triumph.

86.    The Terry Kulbaba who executed Exhibit 3 was in fact an employee of Trak America.

87.    Terry Kulbaba is not an employee of Triumph.

88.    Terry Kulbaba and other employees of Trak America regularly executed affidavits similar to Exhibit 3 as "agent" of Triumph.

89.    Contrary to the statements in the affidavit, Terry Kulbaba and other employees of Trak America are not "qualified" to testify about the computer records of Triumph or the procedures used by Triumph to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

90.    Exhibit 3 does not disclose the fact that the signatory is an employee of Trak America.

91.    By describing the affiant as the agent in the above captioned matter, without identification of the company for which the affiant works, Exhibit 3 conceals the identity of the business preparing the document, Trak America, and appears to come from Triumph.

92.    The purpose of the convoluted "agent" statement is to confuse and hide who the affiant works for.

93.    The mails and interstate wire communications are used to send affidavits

13

in the form represented by Exhibit 3.

## FACTS RELATING TO JOSEPH J. PECARO

94.     On or about June 19, 2007, a lawsuit was filed in the name of North Star

Capital Acquisition LLC against Joseph J. Pecaro in the Circuit Court of Cook County, Illinois,

case no. 07 M1 160894, for the purpose of collecting a purported debt incurred for personal,

family or household purposes.

95.     North Star filed in the case an affidavit executed by one Terry Kulbaba

and notarized by one Anne M. Timberman (Exhibit 4).

96.     Exhibit 4 is a form affidavit regularly filed in collection actions brought in

Illinois.

97.     Both Kulbaba and Timberman were employees of Trak America when

Exhibit 4 was executed.

98.     Neither Kulbaba nor Timberman is  an employee of North Star.

99.     Employees of Trak America regularly executed affidavits similar to

Exhibit 4 as "agent of North Star and other owners of debts.

100.     Contrary to the statements in the affidavit, employees of Trak America do

not have "personal knowledge" of accounts of North Star or anyone else, do not know whether

"all services were rendered and/or goods sold have been delivered as per any and all agreements

between the parties," and cannot "testify competently" to anything.

101.     Exhibit 4 does not disclose the fact that the signatory is an employee

of Trak America.

102.     By describing the affiant as an "agent" of the putative debt owner, without

14

identification of the company for which the affiant works, Exhibit 4 conceals the identity of the business preparing the documents, Trak America, and appears to come from the alleged owner of the debt, North Star.

103.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 4.

## FACTS RELATING TO KINGSTON

104.    On or about Sept. 20, 2007, a lawsuit was filed in the name of North Star Capital Acquisition LLC against plaintiff Kingston in the Circuit Court of Cook County, Illinois, case no. 07 M1 193575, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

105.    North Star filed in the case an affidavit executed by one Terry Kulbaba and notarized by one Anne M. Timberman (Exhibit 5).

106.    Exhibit 5 is a form affidavit regularly filed in collection actions brought in Illinois.

107.    Both Kulbaba and Timberman were employees of Trak America when Exhibit 5 was executed.

108.    Neither Kulbaba nor Timberman is  an employee of North Star.

109.    Employees of Trak America regularly executed affidavits similar to Exhibit 5 as "agent" of North Star and other owners of debts.

110.    Contrary to the statements in the affidavit, employees of Trak America are not "qualified" to make affidavits concerning debts owned by North Star, do not have knowledge of North Star's computer records, and cannot "testify at trial" as to anything.

111.    Exhibit 5 does not disclose the fact that the signatory is an employee of Trak America.

112.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 5 conceals the identity of the business preparing the documents, Trak America, and appears to come from the alleged owner of the debt, North Star.

113.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 5.

### FACTS RELATING TO ARIEL CAHILIG

114.    On or about June 20, 2007, a lawsuit was filed in the name of Pallino Receivables LLC against Ariel Cahilig in the Circuit Court of Will County, Illinois, case no. 07 SC 541, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

115.    Attached to the complaint was an affidavit (Exhibit 6).

116.    Exhibit 6 is a form affidavit regularly filed in collection actions brought in the name of Pallino Receivables LLC in Illinois.

117.    The person who executed Exhibit 6 was in fact an employee of Trak America when Exhibit 6 was executed.

118.    The affiant is not an employee of Pallino Receivables LLC.

119.    The affiant does not in fact "have knowledge of the account balance" or anything else regarding the debt, does not have access to "the original books and records of the above named plaintiff," and does not know whether any sum claimed is for "funds advanced to

defendants(s) or paid to another at defendant(s) request, or for goods or services provided to

defendant(s) or to another at defendant's request . . . ."

120.    Employees of Trak America regularly executed affidavits similar to

Exhibit 6 as "employee/ agent" of Pallino Receivables LLC, as part of Trak America's "legal

network" activities.

121.    Exhibit 6 does not disclose the fact that the signatory is an employee of

Trak America.

122.    By describing the affiant as an "employee/agent" of the plaintiff, without

identification of the company for which the affiant works, Exhibit 6 conceals the identity of the

business preparing the document, Trak America, and appears to come from Pallino Receivables

LLC.

123.    The mails and interstate wire communications are used to send affidavits

in the form represented by Exhibit 6.

### FACTS RELATING TO DALE MACHALLECK

124.    On or about Dec. 4, 2007, a lawsuit was filed in the name of Elite

Recovery Services, Inc. against Dale Machalleck in the Circuit Court of Cook County, Illinois,

case no. 07 M1 220402, for the purpose of collecting a purported debt incurred for personal,

family or household purposes.

125.    Elite Recovery Services, Inc. filed in the case an affidavit executed by one

Lisa Kieseclar and notarized by one Anne M. Timberman (Exhibit 7).

126.    Exhibit 7 is a form affidavit regularly filed in collection actions brought in

Illinois.

127.    Both Kieseclar and Timberman were employees of Trak America when Exhibit 7 was executed.

128.    Neither Kieseclar nor Timberman is  an employee of Elite Recovery Services, Inc..

129.    Employees of Trak America regularly executed affidavits similar to Exhibit 7 as "agent" of Elite Recovery Services, Inc. and other owners of debts.

130.    Contrary to the statements in the affidavit, employees of Trak America are not "competent to testify to the matters stated in the Complaint," do not have "personal knowledge" of accounts of Elite Recovery Services, Inc. or anyone else, and do not know whether "all just and lawful offsets, payments and credits have been allowed."

131.    Exhibit 7 does not disclose the fact that the signatory is an employee of Trak America.

132.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 7 conceals the identity of the business preparing the document, Trak America, and appears to come from the alleged owner of the debt, Elite Recovery Services, Inc..

133.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 7.

## FACTS RELATING TO JUANITA HERRON

134.    On or about July 18, 2007, a lawsuit was filed in the name of Elite

Recovery Services, Inc. against Juanita Herron in the Circuit Court of Cook County, Illinois, case no. 07 M1 171426, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

135.    Elite Recovery Services, Inc. filed in the case an affidavit executed by one Terry Kulbaba and notarized by one Alisa Tetro (Exhibit 8).

136.    Exhibit 8 is a form affidavit regularly filed in collection actions brought in Illinois.

137.    Both Kulbaba and Tetro were employees of Trak America when Exhibit 8 was executed.

138.    Neither Kulbaba nor Tetro is an employee of Elite Recovery Services, Inc.

139.    Employees of Trak America regularly executed affidavits similar to Exhibit 8 as "agent" of Elite Recovery Services, Inc. and other owners of debts.

140.    Contrary to the statements in the affidavit, employees of Trak America are not competent to"testify at trial as to all facts pertaining to this matter," or "qualified to make this Affidavit," do not have access to records of Elite, and do not know whether "all offsets and credits" leave a balance due in the amount claimed.

141.    Exhibit 8 does not disclose the fact that the signatory is an employee of Trak America.

142.    By describing the affiant as an "agent" of the putative debt owner, without

19

identification of the company for which the affiant works, <u>Exhibit 8</u> conceals the identity of the

business preparing the document, Trak America, and appears to come from the alleged owner of

the debt, Elite Recovery Services, Inc.

143.    The mails and interstate wire communications are used to send affidavits

in the form represented by <u>Exhibit 8</u>.

## <u>FACTS RELATING TO SANDRA CASE</u>

144.    On or about December 8, 2007, a lawsuit entitled "MRC Receivables

Corporation v. Sandra Case" was filed in the Circuit Court of Cook County, Illinois, case no. 07

M1 222465,  for the purpose of collecting a purported debt incurred for personal, family or

household purposes.

145.    Attached to the complaint was an affidavit executed by an unidentifiable

person and notarized by one Janet A. Taylor (<u>Exhibit 9</u>).

146.    <u>Exhibit 9</u> is a form affidavit regularly filed in collection actions brought in

Illinois.

147    Janet A. Taylor was an employee of Trak America when  <u>Exhibit 9</u> was

executed.

148.    Neither the affiant nor Taylor  was an employee of MRC.

149.    Employees of Trak America regularly executed affidavits similar to

<u>Exhibit 9</u> as "agent" of various owners of debts.

150.    <u>Exhibit 9</u> does not disclose the fact that the signatory is an employee of

Trak America.

151.    By describing the affiant as an "employee/agent" of the putative debt

owner, without identification of the company for which the affiant works, Exhibit 9 conceals the

identity of the business preparing the document, Trak America, and appears to come from MRC.

152.    The affiant does not have "knowledge of the account balance," as claimed.

153.    The affiant does not have access to "the original books and records of"

MRC, as claimed.

154.    The affiant has no knowledge whether the claim is "for funds advanced to

defendants(s) or paid to another at defendant(s) request, or for goods or services provided to

defendant(s) or to another at defendant's request".

155.    The affiant has no knowledge of whether there are "setoffs or

counterclaims available to defendant(s)."

156.    The mails and interstate wire communications are used to send affidavits

in the form represented by Exhibit 9.

### FACTS RELATING TO HANI A. HAMAD

157.    On or about September 12, 2007, a lawsuit entitled "Pinnacle Credit

Services v. Hani A. Hamad" was filed in the Circuit Court of Cook County, Illinois, case no. 07

M1 190568,  for the purpose of collecting a purported debt incurred for personal, family or

household purposes.

158.    Attached to the complaint was an affidavit executed by one Jessica Nelson

and notarized by one Cathy Ferguson (Exhibit 10).

159.    Exhibit 10 is a form affidavit regularly filed in collection actions brought

in Illinois.

160.    Both Jessica Nelson and Cathy Ferguson were employees of Trak America

when Exhibit 10 was executed.

161.　Neither Jessica Nelson nor Cathy Ferguson was an employee of Pinnacle.

162.　Employees of Trak America regularly executed affidavits similar to Exhibit 10 as "agent" of various owners of debts.

163.　Contrary to the statements in the affidavit, employees of Trak America cannot "testify at trial as to all facts pertaining to this matter," as they have no personal knowledge.

164.　Exhibit 10 does not disclose the fact that the signatory is an employee of Trak America.

165.　By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 10 conceals the identity of the business preparing the document, Trak America, and appears to come from "Pinnacle."

166.　The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 10.

## COUNT I - FDCPA

167.　This count is against all defendants.

168.　The FDCPA, 15 U.S.C. § 1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22

    **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

169.    Contrary to the statements in the affidavits, employees of Trak America do not have "personal knowledge" of accounts of any of the debt buyers for which they claim to be agents.

170.    The statements in Exhibit 1-10 that the affiants have such personal knowledge are false and violate 15 U.S.C. § 1692e.

171.    Exhibits 1-10 do not disclose the fact that the signatories are employees of Trak America.

172.    By describing the affiants as "agents" of the defendant-debt buyers without identification of the companies for which the affiants work, Exhibits 1-10 conceal the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of a business, company, or organization names other than the true name of the debt collector's business, company, or organization.

173.    By filing Exhibits 1-10 in its lawsuits, the defendant-debt buyers participated in the fraudulent practices and violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

174.    Plaintiffs bring this claim on behalf of twelve classes.

175.    Classes A - D are all against Trak America only.  Classes E - K are against various defendants.

176.    Class A is by plaintiffs Sylverne, Bradley, Kingston, Herron, and Hamad.

23

Class A consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after January 2, 2007 (one year prior to the date of the original filing of this action) and on or before March 25, 2008 (20 days after the filing of *Machalleck v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1340), (d) in which was filed (e) an affidavit in the form of <u>Exhibits 1, 3, 5, 8, and 10</u> (f) where the affiant was employed by Trak America.

177.    Class B is by plaintiff Pecaro.  Class B consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after February 21, 2007 (one year prior to the filing of *Pecaro v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1088) and on or before March 12, 2008 (20 days after the filing of *Pecaro*), (d) in which was filed (e) an affidavit in the form of <u>Exhibit 4</u> (f) where the affiant was employed by Trak America.

178.    Class C is by plaintiffs Cahilig and Case.  Class C consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after March 5, 2007 (one year prior to the filing of *Cahilig v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1339) and on or before March 26, 2008 (20 days after the filing of *Case*), (d) in which was filed (e) an affidavit in the form of <u>Exhibits 6 and 9</u> (f) where the affiant was employed by Trak America.

179.    Class D is by plaintiffs Brewer and Machalleck.  Class D consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case No. 08 C 895) and on or before March 25, 2008 (20 days after the filing of *Machalleck et al. v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1340), (d) in which was filed (e) an affidavit in the form of <u>Exhibits 2 and 7</u> (f) where the affiant was employed by Trak America.

180.    Class E is by plaintiff Brewer against defendant Arrow.  Class E consists of

24

(a) all individuals (b) against whom legal proceedings were filed (c) by Arrow (d) on or after

February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case

No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer*), (e) in which

was filed (f) an affidavit executed by a person who is an employee of a company other than

Arrow, (g) stating that the affiant is an "agent" of AFS or Arrow Financial Services, L.L.C., (h)

which did not in its text identify the company employing the affiant.

181.    Class F is by plaintiff Bradley against defendant Triumph.  Class F

consists of (a) all individuals (b) against whom legal proceedings were filed (c) by Triumph (d) on

or after February 19, 2007 (one year prior to the filing of *Bradley v. Data Search N.Y., Inc., et al.*,

Case No. 08 C 1010) and on or before March 10, 2008 (20 days after the filing of *Bradley*), (e) in

which was filed (f) an affidavit executed by a person who is an employee of a company other than

Triumph, (g) stating that the affiant is an "agent" of Triumph, (h) which did not in its text identify

the company employing the affiant.

182.    Class G is by plaintiffs Pecaro and Kingston against North Star.  Class G

consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by

North Star (e) on or after February 21, 2007 (one year prior to the filing of *Pecaro, et al. v. Data*

*Search N.Y., Inc., et al.*, Case No. 08 C 1088) and on or before March 12, 2008 (20 days after the

filing of *Pecaro*), (f) in which was filed (g) an affidavit executed by a person who is an employee

of a company other than North Star, (h) stating that the affiant is an "agent" of North Star, (i)

which did not in its text identify the company employing the affiant.

183.    Class H is by plaintiff Cahilig against defendant Pallino.  Class H consists

of

(a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pallino (e) on or after March 5, 2007 (one year prior to the filing of *Cahilig v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1339) and on or before March 25, 2008 (20 days after the filing of *Cahilig*), (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Pallino, (h) stating that the affiant is an "agent" of Pallino, (i) which did not in its text identify the company employing the affiant.

184.    Class I is by plaintiffs Machalleck and Herron against defendant Elite. Class I consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Elite (e) on or after March 5, 2007 (one year prior to the filing of *Machalleck, et al. v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1340) and on or before March 25, 2008 (20 days after the filing of *Machalleck*), (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Elite, (h) stating that the affiant is an "agent" of Elite, (i) which did not in its text identify the company employing the affiant.

185.    Class J is by plaintiff Case against defendant MRC.  Class J consists of (a) all individuals (b) against whom legal proceedings were filed (c) by MRC (d) on or after March 6, 2007 (one year prior to the filing of *Case v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1346) and on or before March 26, 2008 (20 days after the filing of *Case*), (e) in which was filed (f) an affidavit executed by a person who is an employee of a company other than MRC, (g) stating that the affiant is an "agent" of MRC, (h) which did not in its text identify the company employing the affiant.

186.    Class K is by plaintiff Hamad against defendant Pinnacle.  Class K consists

of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pinnacle (e) on or after a date one year prior to the filing of this consolidated complaint and on or before a date 20 days after the filing of this consolidated complaint, (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Pinnacle, (h) stating that the affiant is an "agent" of Pinnacle, (i) which did not in its text identify the company employing the affiant.

187. Each class is so numerous that joinder of all members is not practicable.

188. On information and belief, there are at least 40 individuals in each of the classes A - D against whom legal proceedings were filed, on or after January 2, 2007 (one year prior to the date of the original filing of this action) and on or before a date 20 days after the filing of this action, in which was filed an affidavit in the form of Exhibits 1-10, where the affiant was employed by Trak America.

189. On information and belief, there are at least 40 individuals in each of the classes E - K against whom legal proceedings were filed on or after February 12, 2007 (one year prior to the filing of *Bradley v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1010) and on or before a date 20 days after the filing of this action, in which was filed an affidavit executed by a person who is an employee of a company other than the defendant-debt buyers stating that the affiant is an "agent" of the respective defendant-debt buyers, which did not in its text identify the company employing the affiant.

190. There are questions of law and fact common to the classes, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits 1-10 violate the FDCPA.

27

191.    Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

192.    Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

193.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c.    Members of the class are likely to be unaware of their rights;

    d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

### COUNT II - FDCPA ("AFS")

194.    This count is against Arrow and Trak America only.

195.    Defendants Arrow and Trak America also violated 15 U.S.C. §§ 1692e and 1692e(14) by filing documents and lawsuits under the name "AFS," rather than "Arrow Financial Services, L.L.C."  "AFS" is not a commonly known or used abbreviation for Arrow.

### CLASS ALLEGATIONS

196.    Class L is by plaintiff Brewer against defendants Arrow and Trak America.

Class L consists of (a) all individuals (b) from whom Arrow Financial Services, L.L.C. attempted to collect a debt, (c) who were sent a legal paper or other document identifying the owner of the debt as "AFS" without also referring to "Arrow Financial Services" (d) on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer*). Persons who are parties to settlements involving this violation are excluded.

197.    Each class is so numerous that joinder of all members is not practicable.

198.    On information and belief, there are at least 40 individuals from whom Arrow Financial Services, L.L.C. attempted to collect a debt, who were sent a legal paper or other document identifying the owner of the debt as "AFS" without also referring to "Arrow Financial Services" on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer*), and who are not party to a prior settlement for such violation.

199.    There is a common question of law and fact common to the class members, which common question predominates over any questions relating to individual class members. The predominant question is: whether the use of "AFS" without any reference to "Arrow Financial Services" in the same document violates the FDCPA.

200.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

201.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

202.    A class action is superior for the fair and efficient adjudication of this

matter, in that:

    a.    Individual actions are not economically feasible.

    b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c.    Members of the class are likely to be unaware of their rights;

    d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

    WHEREFORE, the Court should enter judgment in favor of plaintiffs and the classes and against defendant for:

    (a)    Statutory damages;

    (b)    Attorney's fees, litigation expenses and costs of suit;

    (c)    Such other and further relief as the Court deems proper.


    s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT 1

CAPITAL ONE BANK

Plaintiff

vs.

STEPHANIE SYLVERNE
Defendant

5291071479031526

AFFIDAVIT

_____ being first duly sworn upon oath depose and state as follows:

1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant.

2. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge.

3. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $6,292.10, plus interest, at the contract rate of interest of 19.800 percent.

4. That if called upon affiant can testify as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this ___ day of _____ 2006

_____
NOTARY PUBLIC

06-23140-0
3880-02
S166665

# EXHIBIT 2

STATE OF <u>NEW YORK</u>  }
COUNTY OF <u>NASSAU</u>  }

AFS ASSIGNEE OF PROVIDIAN               )
NATIONAL BANK                           )
   Plaintiff,             )
         )
vs.                                     )
LOVENIA J BREWER                        )
         )
   Defendant(s)             )

### AFFIDAVIT OF ACCOUNT BALANCE DUE

I, Crystal Pilger, agent for the Plaintiff, hereby certify and affirm that the claim and cause of action of AFS **ASSIGNEE OF PROVIDIAN NATIONAL BANK**, a corporation duly incorporated and existing under and by virtue of the Laws of the State of New York , against Defendant(s) is due and owing the principle sum of $2,320.96, as more fully stated in the Complaint (and attached Exhibits) filed against Defendant(s).  The debt continues to accrue interest at the rate of 5% from October 31, 2003 to the date of judgment; after which interest shall accrue at 9% per annum.

I further certify that I am duly qualified, competent to testify to the matters stated in the Complaint and herein, and authorized to make this affidavit.  I further state that the records of this account are maintained under my supervision, and that the amount of the claim is just and true, and to the best of my personal knowledge all just and lawful offsets, payments and credits have been allowed.

This affidavit executed this ____ day of ____ JUL 1 2 2007 2

                 _____
                 Signature

                 Crystal Pilger
                 Name printed

                 JUL 1 2 2007

The foregoing affidavit sworn to and subscribed before me this _____ day of _____,
2____ .

_____
Notary Public

                 KARL HERNANDEZ
              Notary Public, State of New York
                No. 01HE6095732
              Qualified in Suffolk County
            Commission Expires July 21, 2007

T07481
4031149734135742
25891353

# EXHIBIT 3

TIRUMPH PARTNERSHIPS, LLC
        Plaintiff

vs.

JOAN BRADLEY

                    Defendant

5488975019946659

AFFIDAVIT

I, Terry Kullbacs _____, being first duly sworn upon oath depose and state as follows:

1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, HSBC Card Services;

3. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

4. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $1,173.51.

5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this 5 day of June, 2007

_____
NOTARY PUBLIC

KARL HERNANDEZ
Notary Public, State of New York
No. 01HE6095732
Qualified in Suffolk County
Commission Expires July 21, 2007

07-21587-0
3850-01
B125519

# EXHIBIT 4

File # 33149/14921494  (cooq)                    07MI 60894

## AFFIDAVIT

I, _Terry Kubba_, being first duly sworn, depose and say that I have personal knowledge of the facts hereinafter set forth and that if sworn as a witness I can testify competently thereto:

I hold the position of _Fb Agent_ with NORTH STAR CAPITAL ACQUISITION LLC, a corporation incorporated under the laws of the State of _NY_.

That I have personal knowledge of account number 14921494 and the facts as set forth in plaintiff's complaint and its supporting documentation;

That I have reviewed the business records of NORTH STAR CAPITAL ACQUISITION LLC, kept in the ordinary course of business and that after all just due credits for payments and setoffs, there remains a balance due in favor of plaintiff, NORTH STAR CAPITAL ACQUISITION LLC, and against defendant(s) JOSEPH J PECARO, in the amount of $1105.92 plus reasonable attorney's fees of $350.00 and interest (if applicable) pursuant to the agreement between the parties and court costs.

That defendant has been given all just due credits for payments and rebates, if applicable. That all services were rendered and/or goods sold have been delivered as per any and all agreements between the parties.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

_Terry Kubba_

SIGNED AND SWORN TO BEFORE ME ON

_6/21/10_

_[signature]_

Notary Public

ANNE M. TIMBERMAN
Notary Public, State of New York
No. 01TI6142028
Qualified in Suffolk County
Commission Expires March 13, 2010

# EXHIBIT 5

NORTH STAR CAPITAL ACQUISITION LLC
           Plaintiff

vs.

ANDREW T KINGSTON
SHEILA A KINGSTON
                    Defendant

55151874

<u>AFFIDAVIT</u>

I, ___Tom J Kulbaba___, being first duly sworn upon oath depose and state as
follows:

    1. That I am the agent in the above captioned matter and I am authorized and qualified to
make this Affidavit in support for the judgment against the above named Defendant;

    2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original
creditor, Wells Fargo Financial;

    3. That Plaintiff maintains, in the regular course of business, computer records on which
entries are made by a person with knowledge of the information therein and/or
information transmitted from a person with such knowledge;

    4. That after allowing for all offsets and credits, there remains a balance due on
this account in the amount of $738.00.

    5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this ___ day of ___July___, 2007

NOTARY PUBLIC

ANNE M. TIMMERMAN
Notary Public, State of New York
No. 01TI6142023
Qualified in Suffolk County
Commission Expires March 17, 2010

07-32295-0
3850-05
K72810A

# EXHIBIT 6

STATE OF 
COUNTY OF

## AFFIDAVIT OF INDEBTEDNESS

The undersigned, being duly sworn, deposes and states that he/she is an employee/agent of:
PALLINO RECEIVABLES LLC
and has knowledge of the account balance, and is duly authorized to make this affidavit.

Affiant states that the amounts shown below are taken/calculated from the original books
and records of the above named plaintiff, and based on information and belief, affiant states
that the amount due to
PALLINO RECEIVABLES LLC AS SUCCESSOR IN INTEREST OF HOUSEHOLD BANK (SB), N.A.
by
ARIEL CAHILIG

for funds advanced to defendants(s) or paid to another at defendant(s) request, or for
goods or services provided to defendant(s) or to another at defendant's request, is the following:
on the following account(s):

CREDITOR/ACCOUNT NUMBER                                    CURRENT BALANCE

PALLINO RECEIVABLES LLC
5407912057152724

                                                                            948.38

Affiant states that the amount shown above is true and correct and that there are no setoffs or
counterclaims available to defendant(s). Further affiant sayeth not.

Subscribed and Sworn to Before me

29 day of March, 20 07.                    _____ Affiant

_____                    _____
Notary Public                                                  Title

My Commission Expires: _____

Date of Service: _____ / _____ /20 _____

                                                        SARA RUBIN
                                                Notary Public, State of New York
Reference #:        1917086                     No. 01RU6142544
Forwarder ID #:5407912057152724                Qualified in Suffolk County
Account #:        5407912057152724            Commission Expires March 20, 2010

BAFF(11/02)EE0
TA, INC.

Ex #1

# EXHIBIT 7

FEB-19-2008(TUE) 16:47    Montecito Executive Services    (FAX)805 969 6151    P. 012/018

STATE OF NEW YORK }
COUNTY OF NASSAU }

Elite Recovery Services )
S/I/I TO HOUSEHOLDE/ORCHARD BANK )
     Plaintiff, )
                                  )
vs. )
DALE R MACHALLECK )
                          )
     Defendant(s) )

## AFFIDAVIT OF ACCOUNT BALANCE DUE

I, Lisa Kieseker, agent for the Plaintiff, hereby certify and affirm that the claim and cause of action of Elite Recovery Services S/I/I TO HOUSEHOLDE/ORCHARD BA, a corporation duly incorporated and existing under and by virtue of the Laws of the State of New York, against Defendant(s) is due and owing the principle sum of $892.85, as more fully stated in the Complaint (and attached Exhibits) filed against Defendant(s). The debt continues to accrue interest at the rate of 5% from February 28, 2003 to the date of judgment; after which interest shall accrue at 9% per annum.

I further certify that I am duly qualified, competent to testify to the matters stated in the Complaint and herein, and authorized to make this affidavit. I further state that the records of this account are maintained under my supervision, and that the amount of the claim is just and true, and to the best of my personal knowledge all just and lawful offsets, payments and credits have been allowed.

FEB 1 5 2007

This affidavit executed this _____ day of _____, 2___.

_____
Signature

Lisa Kieseker
Name printed

The foregoing affidavit sworn to and subscribed before me this _____ day of _____
2___

01 T I 6 4 4 2 0 2 8

_____
Notary Public

T05123

# EXHIBIT 8

ELITE RECOVERY SERVICES, INC.
          Plaintiff

vs.

JUANITA HERRON
          Defendant

5424770844650320                **AFFIDAVIT**

I, _Terry Koltaba_, being first duly sworn upon oath depose and state as follows:

    1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

    2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, Bank First;

    3. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

    4. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $1,126.52.

    5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this ___ day of ___ , 2007

_____
      NOTARY PUBLIC

ALISA TETRO
Notary Public, State of New York
No. 01TE6141272
Qualified in Suffolk County
Commission Expires February 21, 2010

07-10740-0
3850-01
H146027

# EXHIBIT 9

STATE OF Virginia
COUNTY OF Chesterfield 

## AFFIDAVIT OF INDEBTEDNESS

The undersigned, being duly sworn, deposes and states that he/she is an employee/agent of:
MRC RECEIVABLES CORPORATION
and has knowledge of the account balance, and is duly authorized to make this affidavit.

Affiant states that the amounts shown below are taken/calculated from the original books
and records of the above named plaintiff, and based on information and belief, affiant states
that the amount due to
MRC RECEIVABLES CORPORATION AS SUCCESSOR IN INTEREST OF PROVIDIAN NATIONAL BANK
by
SANDRA CASE

for funds advanced to defendant(s) or paid to another at defendant(s) request, or for
goods or services provided to defendant(s) or to another at defendant's request, is the following:
on the following account(s):

CREDITOR/ACCOUNT NUMBER                                      CURRENT BALANCE

MRC RECEIVABLES CORPORATION
4479480300675350
                                                                $2461.36

Affiant states that the amount shown above is true and correct and that there are no setoffs or
counterclaims available to defendant(s). Further affiant sayeth not.

Subscribed and Sworn to Before me

14 day of August, 2007

Notary Public                                   Affiant

My Commission Expires: 8 (2011

                                                legal support
                                                       Title

Date of Service: ____ / ____ /20____

Reference #:      1881992
Forwarder ID #:   6500243754
Account #:        4479480300675350

BAFF(11/02)CF4
TA, INC.

JANET A TAYLOR
NOTARY PUBLIC
COMMISSION NO. 255735
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXP. 8-31-11                16b24671T1881992

# EXHIBIT 10

PINNACLE CREDIT SERVICES LLC
           Plaintiff

vs.

HANI A HAMAD
           Defendant

5440455001964835

### AFFIDAVIT

I, Jessica Nelson _____, being first duly sworn upon oath depose and state as follows:

1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, Household;

3. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

4. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $1,488.48.

5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this 18 day of July, 2007

_____
NOTARY PUBLIC

CATHY FERGUSON
COMMONWEALTH OF VIRGINIA
NOTARY SEAL

07-15045-0
3850-01
H151429