## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, LOVENIA J. BREWER, JOAN BRADLEY, JOSEPH J. PECARO, ANDREW T. KINGSTON, ARIEL CAHILIG, DALE MACHALLECK, JUANITA HERRON, SANDRA CASE, and HANI A. HAMAD, on behalf of plaintiffs and the classes described herein | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 08 C 31 Judge Guzman |
| v. | ) ) ) | Magistrate Judge Schenkier |
| ARROW FINANCIAL SERVICES, L.L.C., TRIUMPH PARTNERSHIPS, LLC, NORTH STAR CAPITAL ACQUISITION LLC, PALLINO RECEIVABLES LLC, ELITE RECOVERY SERVICES, INC., MRC RECEIVABLES CORPORATION, PINNACLE CREDIT SERVICES, LLC, DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, | ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION

Plaintiffs respectfully request that this Court enter an order determining that this

Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against

defendants Arrow Financial Services, L.L.C. ("Arrow" or "AFS"), Triumph Partnerships, LLC

("Triumph"), North Star Capital Acquisition LLC ("North Star"), Pallino Receivables LLC

("Pallino"), Elite Recovery Services, Inc. ("Elite"), MRC Receivables Corporation ("MRC"),

Pinnacle Credit Services, LLC ("Pinnacle"), and Data Search N.Y., Inc., d/b/a Trak America,

LLC and Trak America ("Trak America"). Plaintiffs bring this claim on behalf of 13 classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

Classes A - D are all against Trak America only. Classes E - K are against various defendants. Class L is against Arrow and Trak America only

Class A is brought by plaintiffs Sylverne, Bradley, Kingston, Herron, and Hamad. Class A consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after January 2, 2007 (one year prior to the date of the original filing of this action) and on or before March 25, 2008 (20 days after the filing of *Machalleck v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1340), (d) in which was filed (e) an affidavit in the form of Exhibits 1, 3, 5, 8, and 10 (f) where the affiant was employed by Trak America.

Class B is brought by plaintiff Pecaro. Class B consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after February 21, 2007 (one year prior to the filing of *Pecaro v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1088) and on or before March 12, 2008 (20 days after the filing of *Pecaro*), (d) in which was filed (e) an affidavit in the form of Exhibit 4 (f) where the affiant was employed by Trak America.

Class C is brought by plaintiffs Cahilig and Cahilig. Class C consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after March 5, 2007 (one year prior to the filing of *Cahilig v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1339) and on or before March 26, 2008 (20 days after the filing of *Case*), (d) in which was filed (e) an affidavit in the form of Exhibits 6 and 9 (f) where the affiant was employed by Trak America.

Class D is brought by plaintiffs Brewer and Machalleck. Class D consists of (a)

2

all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after February

12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case No. 08 C

895) and on or before March 25, 2008 (20 days after the filing of *Machalleck et al. v. Data

Search N.Y., Inc., et al.*, Case No. 08 C 1340), (d) in which was filed (e) an affidavit in the form

of <u>Exhibits 2 and 7</u> (f) where the affiant was employed by Trak America.

Class E is brought by plaintiff Brewer against defendant Arrow.  Class E consists

of (a) all individuals (b) against whom legal proceedings were filed (c) by Arrow (d) on or after

February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case

No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer*), (e) in which

was filed (f) an affidavit executed by a person who is an employee of a company other than

Arrow, (g) stating that the affiant is an "agent" of AFS or Arrow Financial Services, L.L.C., (h)

which did not in its text identify the company employing the affiant.

Class F is brought by plaintiff Bradley against defendant Triumph.  Class F

consists of (a) all individuals (b) against whom legal proceedings were filed (c) by Triumph (d)

on or after February 19, 2007 (one year prior to the filing of *Bradley v. Data Search N.Y., Inc., et

al.*, Case No. 08 C 1010) and on or before March 10, 2008 (20 days after the filing of *Bradley*),

(e) in which was filed (f) an affidavit executed by a person who is an employee of a company

other than Triumph, (g) stating that the affiant is an "agent" of Triumph, (h) which did not in its

text identify the company employing the affiant.

Class G is brought by plaintiffs Pecaro and Kingston against North Star.  Class G

consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by

North Star (e) on or after February 21, 2007 (one year prior to the filing of *Pecaro, et al. v. Data

*Search N.Y., Inc., et al.*, Case No. 08 C 1088) and on or before March 12, 2008 (20 days after the filing of *Pecaro*), (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than North Star, (h) stating that the affiant is an "agent" of North Star, (i) which did not in its text identify the company employing the affiant.

Class H is brought by plaintiff Cahilig against defendant Pallino. Class H consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pallino (e) on or after March 5, 2007 (one year prior to the filing of *Cahilig v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1339) and on or before March 25, 2008 (20 days after the filing of *Cahilig*), (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Pallino, (h) stating that the affiant is an "agent" of Pallino, (i) which did not in its text identify the company employing the affiant.

Class I is brought by plaintiffs Machalleck and Herron against defendant Elite. Class I consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Elite (e) on or after March 5, 2007 (one year prior to the filing of *Machalleck, et al. v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1340) and on or before March 25, 2008 (20 days after the filing of *Machalleck*), (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Elite, (h) stating that the affiant is an "agent" of Elite, (i) which did not in its text identify the company employing the affiant.

Class J is brought by plaintiff Case against defendant MRC. Class J consists of (a) all individuals (b) against whom legal proceedings were filed (c) by MRC (d) on or after March 6, 2007 (one year prior to the filing of *Case v. Data Search N.Y., Inc., et al.*, Case No. 08 C 1346) and on or before March 26, 2008 (20 days after the filing of *Case*), (e) in which was

filed (f) an affidavit executed by a person who is an employee of a company other than MRC, (g) stating that the affiant is an "agent" of MRC, (h) which did not in its text identify the company employing the affiant.

Class K is brought by plaintiff Hamad against defendant Pinnacle. Class K consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pinnacle (e) on or after a date one year prior to the filing of the consolidated complaint in Case No. 08 C 31 and on or before a date 20 days after the filing of the consolidated complaint in Case No. 08 C 31, (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Pinnacle, (h) stating that the affiant is an "agent" of Pinnacle, (i) which did not in its text identify the company employing the affiant.

Class L is brought by plaintiff Brewer against defendants Arrow and Trak America. Class L consists of (a) all individuals (b) from whom Arrow Financial Services, L.L.C. attempted to collect a debt, (c) who were sent a legal paper or other document identifying the owner of the debt as "AFS" without also referring to "Arrow Financial Services" (d) on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.*, Case No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer*). Persons who are parties to settlements involving this violation are excluded.

Plaintiffs further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs state:

## I.    NATURE OF THE CASE

1.    The FDCPA flatly prohibits debt collectors from operating under false names or concealing their company identification. 15 U.S.C. § 1692e(14) prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . . "

2.    Defendant Trak America systematically violates this requirement when operating the "Trak America legal network". Trak America states (Exhibit 11) on its web site (www.trakamerica.com) that it "is a rapidly growing legal network management company" that "has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts." Trak America selects the attorneys and treats the processing of claims as "a high volume production operation". Trak America has "over 125 firms nationwide in our network." "Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements. First, we prepare your portfolio for our attorney network . . . ." Trak America then "electronically disburse[s] your files to our network attorneys. They load your files into their systems . . . ."

3.    Trak America prepares affidavits for filing in each collection lawsuit, most of which end in default judgments. Exhibit 1 is an affidavit filed in a collection lawsuit filed against plaintiff Sylverne. Exhibit 2 is an affidavit filed in a collection lawsuit filed against plaintiff Brewer. Exhibit 3 is an affidavit filed in a collection lawsuit filed against plaintiff Bradley. Exhibit 4 is an affidavit filed in a collection lawsuit filed against plaintiff Pecaro.

Exhibit 5 is an affidavit filed in a collection lawsuit filed against plaintiff Kingston.  Exhibit 6 is

an affidavit filed in a collection lawsuit filed against plaintiff Cahilig.  Exhibit 7 is an affidavit

filed in a collection lawsuit filed against plaintiff Machalleck.  Exhibit 8 is an affidavit filed in a

collection lawsuit filed against plaintiff Herron.  Exhibit 9 is an affidavit filed in a collection

lawsuit filed against plaintiff Case.  Exhibit 10 is an affidavit filed in a collection lawsuit filed

against plaintiff Hamad.  All are form affidavits regularly filed in collection actions brought in

the name of the defendant-debt buyers in Illinois and elsewhere.  Exhibit 12 contains another

similar affidavit filed in another Illinois collection action.

4.      When it prepares the affidavits, Trak America has one of its own

employees act as the affiant.

5.      The affidavits state that the affiant is the "agent" of the company bringing

the lawsuit and do not disclose that the affiant is actually employed by Trak America.

6.      The affiants also assert that they can testify at trial as to the facts relating

to the debt.

7.      The affidavits are communications by Trak America about the debt, in that

they convey information about the debts.

8.      By describing the affiants as "agents" of the companies bringing the

lawsuits, without identification of the company for which the affiant works, the affidavits conceal

the identity of the business preparing the document, Trak America, and appear to come from the

defendant-debt buyers. This amounts to the use by Trak America of a business, company, or

organization name other than the true name of the debt collector's business, company, or

organization.

9.    In addition, an employee of a third party debt collector such as Trak America obviously cannot authenticate the defendant-debt buyers' records or testify about transactions between the consumers and the defendant-debt buyers. Indeed, it is obvious that the reason they do not disclose that the affiants are employees of Trak America is that disclosure would lead the reader to question how such testimony could be given. Accordingly, the affidavits violate the general prohibition of false statements in 15 U.S.C. §§ 1692e and 1692e(10).

## II.    CLASS CERTIFICATION REQUIREMENTS

10.    All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

11.    It is reasonable to infer that the number of class members exceeds the 20-40 required for numerosity from the following facts:

      a.    The affidavits are forms used in multiple cases in Illinois and throughout the country;

      b.    Similar affidavits are used elsewhere;

      c.    The affidavits uniformly fail to identify the affiant as an employee of Trak America;

      d.    Trak America states on its Web site that it is engaged in the business of operating an "attorney network" and that it "treats legal management as a high volume production operation."

      e.    Trak America states on its Web site that it selects and manages the attorneys in the network.

8

         f.      Each of the defendants filed between 20 and 7,300 collection cases in Illinois in 2007. (Exhibits 13-20). (Classes A-D are not limited to the defendant-debt buyers, although the lists are. Only the beginnings and ends of the lists have been filed, to avoid unnecessary bulk.)

12.      There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits 1-10 violate the FDCPA.

13.      Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

14.      Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation. (Exhibit 21).

15.      A class action is superior for the fair and efficient adjudication of this matter, in that:

         a.      Individual actions are not economically feasible.

         b.      The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

         c.      Members of the class are likely to be unaware of their rights;

         d.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

16.      In further support of this motion, plaintiffs are submitting a memorandum

of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order

determining that this action may proceed as a class action.

Respectfully submitted,


s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, hereby certify that on June 3, 2008, a copy of PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Todd P. Stelter
David M Schultz
Hinshaw & Culbertson LLP
222 N. LaSalle St
Suite 300
Chicago, IL 60601
(312) 704-3000

Thomas Dutton
Matthew Gray
Greenberg Traurig LLP
77 W. Wacker Dr., Suite 2500
Chicago, IL 60601

Tammy L. Adkins
David Luther Hartsell
Amy R Jonker
McGuireWoods LLP
77 West Wacker Drive
Suite 4400
Chicago, IL 60601-7567

Michael True
Joseph Messer
Messer and Stilip, LLP
166 W. Washington, Suite 300
Chicago, IL 60602