IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SYLVERNE, LOVENIA J. BREWER, JOAN BRADLEY, JOSEPH J. PECARO, ANDREW T. KINGSTON, ARIEL CAHLIG, DALE MACHALLECK, JUANITA HERRON, SANDRA CASE, and HANI A. HAMAD, <br><br>    Plaintiffs,<br><br>v.<br><br>ARROW FINANCIAL SERVICES, L.L.C., TRIUMPH PARTNERSHIPS, LLC, NORTH STAR CAPITAL ACQUISITIONS LLC, PALLINO RECEIVABLES LLC, ELITE RECEOVERY SERVICES, INC., MRC RECEIVABLES CORPORATION, PINNACLE CREDIT SERVICES, LLC, DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA,<br><br>    Defendants. | No. 08 C 31<br><br>Judge Guzman<br>Magistrate Judge Schenkier |

**DEFENDANT TRIUMPH PARTNERSHIPS, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

Defendant, TRIUMPH PARTNERSHIPS, LLC ("Triumph"), by and through its attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to enter an Order dismissing Plaintiff's Class Action Complaint for failure to state a claim upon which relief may be granted, and in support thereof, states as follows:

### I.    Introduction

Plaintiff Joan Bradley ("Plaintiff") has filed a complaint against Triumph Partnerships, LLC ("Triumph") and Data Search N.Y., Inc. d/b/a Trak America, LLC and Trak America ("Trak America") alleging that Triumph violated Section 1692(e) of the Fair Debt Collection

Practices Act ("FDCPA"). *See* Consolidated Class Action Complaint attached as Exhibit A. Plaintiff claims that Trak America filed false affidavits attached to complaints Trak America filed on behalf of Triumph against the Plaintiff and others similarly situated. However, Plaintiff's Complaint fails to state a claim against Triumph upon which relief may be granted and should therefore be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    Statement of Facts

Trak America operates a business whereby its clients send Trak America debt portfolios and Trak America attempts to collect the debts. *See* Exhibit A, ¶¶ 56-61. Triumph sent a debt portfolio, which included Plaintiff's debt, to Trak America for collection. On or about, December 18, 2007, Trak America, through its attorney network, filed a lawsuit in the name of Triumph against Plaintiff in the Circuit Court of Cook County. *See* Exhibit A, ¶ 83. Attached to the complaint was an affidavit signed by Terry Kulbaba. *See* Exhibit 3 of Plaintiff's Complaint. Terry Kulbaba, an employee of Trak America, signed the affidavit as Triumph's agent. *See* Exhibit A, ¶¶ 86-88. Plaintiff claims the affidavit is false, deceptive, and misleading in violation of § 1692e of the FDCPA because affiant did not have "personal knowledge" of Plaintiff's account and the affidavit did not disclose that the affiant was an employee of Trak America.

## III.    Standard Under Federal Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the complaint. *Triad Assoc., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). In evaluating the pleading, the court accepts as true well-pleaded facts alleged in the complaint, *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000), while disregarding conclusory statements of law and conclusions of fact. *First Ins. Funding Corp. v. Federal Ins.*

*Co.,* 284 F.3d 799, 804 (7th Cir. 2002). To withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir.1998).

### IV. Argument

#### A. Triumph Is Not Subject To The FDCPA

Plaintiff's Complaint should be dismissed because Triumph is not subject to the FDCPA. Plaintiff's Complaint alleges "Triumph is engaged in the business of purchasing alleged charge-off consumer debts and attempting to collect them from consumers" and "has been the plaintiff in more than 1,000 collection suits." *See* Exhibit A, ¶¶ 20, 22. Plaintiff then concludes "Triumph is a debt collector as defined by the FDCPA." *See* Exhibit A, ¶ 23. Contrary to Plaintiff's conclusory statement of law, Triumph is not a debt collector as defined in the FDCPA. The fact that Triumph purchases charged-off debt and that lawsuits have been filed in Triumph's name does not make it a debt collector.

As alleged in the Complaint, Triumph is a creditor and not a debt collector. The Complaint alleges that Triumph purchased charged-off debt and engaged Trak America to collect that debt. *See* Exhibit A, ¶¶ 56-61, 83-93. The FDCPA defines a creditor as:

> any person who offers or extends credit creating a debt **or to whom a debt is owed**, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt **for another.**

*See* 15 U.S.C. §1692a(4) (emphasis added). A debt collector, however, is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another**.

3

*See* 15 U.S.C. §1692a(6) (emphasis added). Triumph is not a debt collector because it is a creditor - a person "to whom a debt is owed", and not a collector - a person who collects "debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. §1692a(4), 1692a(6). Accordingly, Triumph is not subject to the FDCPA, which applies only to debt collectors, and only when their conduct is undertaken "in connection with the collection of any debt." *See Neff v. Capital Acquisitions & Mgmt. Co.,* 352 F.3d 118, 1121 (7th Cir. 2003) and *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1059 (7th Cir. 2000). To be a debt collector under the FDCPA requires engaging in some affirmative conduct with regard to collecting a debt. *McCready v. EBay, Inc.*, 453 D.3d 882, 889 (7th Cir. 2006). The Complaint does not allege that Triumph engaged in any affirmative conduct regarding the debt.

That Triumph was an assignee of a debt already in default at the time of the assignment does not convert Triumph into a debt collector. *See Scally v. Hilco Receivables, LLC*, 392 F.Supp.2d 1036 (N.D. Ill. 2005). The Complaint does not allege that Triumph acted directly to collect the debts or otherwise controlled the collection process. Thus, as with Hilco, the debt buyer in *Scally*, Triumph could not be considered a debt collector. Instead, like Hilco, Triumph outsourced this work to Trak America, which worked as an independent contractor. *Scally,* 392 F.Supp.2d at 1037-38, 1040-41. In fact, Plaintiff goes to great lengths to demonstrate how Trak America, which takes the accounts it receives from the "cradle to the grave," controls the entire debt collection process and that all creditors and debt buyers like Triumph have to do is check on the status of their portfolios. *See* Exhibit A, ¶¶ 56-61. Plaintiff cites to Trak America's website, which sets forth Trak America's four step process in collecting on the debt portfolios it receives. At all four steps of the collection process, Trak America controls the collection process. Trak America prepares the debt portfolio for its attorney network and then "takes a hands-on

4

approach" to managing the attorneys in its network. *See* Exhibit A, ¶¶ 58-59. After obtaining a judgment, Trak America dedicates it efforts and resources to collect the debt owed. *See* Exhibit A, ¶ 59. Trak America supplies its attorneys with information so the attorneys "can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties." *See* Exhibit A, ¶ 59. These facts alleged in Plaintiff's Complaint, taken as true, demonstrate that Triumph did not engage in any affirmative conduct with regard to collecting a debt.

Under the facts as alleged in the Complaint, Triumph is not subject to the FDCPA. The Court should therefore disregard Plaintiff's conclusory statements of fact that Triumph is a debt collector. *First Ins. Funding Corp.,* 284 F.3d at 804.

### B. Plaintiff Alleges No Conduct by Triumph That Violates The FDCPA

Plaintiff's Complaint alleges no conduct on behalf of Triumph that has resulted in a FDCPA violation. Instead, all of the conduct Plaintiff claims to have violated the FDCPA is that of Trak America. *See* Exhibit A, ¶¶ 83-93. Specifically, Plaintiff's Complaint alleges that a lawsuit was filed against the Plaintiff on behalf of Triumph and that an employee of Trak America, not Triumph, signed the affidavit attached to the Complaint. *See* Exhibit A, ¶¶ 83-88. Plaintiff claims that the Affidavit signed by an employee of Trak America violates the FDCPA. *See* Exhibit A, ¶¶ 89-93. The offensive conduct claimed in Plaintiff's Complaint boils down to the following: Triumph sent a portfolio of accounts to Trak America, Trak America executed the affidavit, and through its attorney network, Trak America filed the lawsuit against the Plaintiff. *See* Exhibit A, ¶¶ 56-61. Plaintiff goes to great lengths to establish that this is how Trak America operates. *See* Exhibit A, ¶¶ 56-59, quoting text from Trak America's website. The only thing Plaintiff alleges that links Triumph to this case is the fact that Triumph owns the debt and its name is on the lawsuit filed against the Plaintiff. The Complaint does not allege the

"operative facts" upon which Plaintiff's claim against Triumph is based, and therefore does not state a claim upon which relief may be granted. *Kyle,* 144 F.3d at 454-55.

WHEREFORE, Defendant, TRIUMPH PARTNERSHIPS, LLC, respectfully requests this Court enter an order dismissing Plaintiff's Complaint against Triumph Partnerships, LLC with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

> Respectfully Submitted,
>
> TRIUMPH PARTNERSHIPS, LLC
>
> **By:** /s/ J. Michael True
> Attorney # 6279941
> Attorney for Defendants
> Messer & Stilp, Ltd., #36703
> 166 W. Washington, Suite 300
> Chicago, IL 60602
> (312) 334-FIRM (3476)
> (312) 334-3404 (Fax)
> true@messerstilp.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

**Daniel A. Edelman**
**James O. Latturner**
**Cathleen M. Combs**
**Michael James Aschenbrener**
Edelman, Combs, Latturner & Goodwin LLC
120 S. LaSalle
Suite 1800
Chicago, IL 60603
612 298 8381
courtecl@edcombs.com
jlatturner@edcombs.com
ccombs@edcombs.com
maschenbrener@edcombs.com

**David M Schultz**
**Todd Philip Stelter**
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
(312) 704-3000
dschultz@hinshawlaw.com
tstelter@hinshawlaw.com

**Thomas Dutton**
**Matthew Gray**
Greenberg Traurig LLP
77 W. Wacker Dr., Suite 2500
Chicago, IL 60601

/s/ J. Michael True
Attorney # 6279941
Attorney for Defendant
Messer & Stilp, Ltd. #36703
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
true@messerstilp.com