**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, LOVENIA J. BREWER, JOAN BRADLEY, JOSEPH J. PECARO, ANDREW T. KINGSTON, ARIEL CAHILIG, DALE MACHALLECK, JUANITA HERRON, SANDRA CASE, and HANI A. HAMAD, on behalf of plaintiffs and the classes described herein | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 08 c 31 Judge Guzman |
| v. | ) ) | Magistrate Judge Schenkier |
| ARROW FINANCIAL SERVICES, L.L.C., TRIUMPH PARTNERSHIPS, LLC, NORTH STAR CAPITAL ACQUISITION LLC, PALLINO RECEIVABLES LLC, ELITE RECOVERY SERVICES, INC., MRC RECEIVABLES CORPORATION, PINNACLE CREDIT SERVICES, LLC, DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | | |

**PINNACLE CREDIT SERVICES, LLC ANSWER TO
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant, PINNACLE CREDIT SERVICES, LLC ("Pinnacle"), by and through its undersigned counsel of record, for its Answer to Plaintiffs' Consolidated Class Action Complaint ("Consolidated Complaint"), states as follows:

**INTRODUCTION**

1.      Plaintiffs Stephanie Sylverne, Lovenia J. Brewer, Joan Bradley, Joseph J. Pecaro, Andrew T. Kingston, Ariel Cahilig, Dale Machalleck, Juanita Herron, Sandra Case, and Hani A. Hamad (collectively, "plaintiffs"), on behalf of others similarly situated, by and through their attorneys, hereby complain against defendants Arrow Financial Services, L.L.C. ("Arrow" or "AFS"), Triumph Partnerships, LLC ("Triumph"), North Star Capital Acquisition LLC ("North Star"), Pallino Receivables LLC ("Pallino"), Elite Recovery Services, Inc. ("Elite"), MRC Receivables Corp. ("MRC"), Pinnacle Credit Services, LLC ("Pinnacle"), and Data Search N.Y., Inc. d/b/a Trak America LLC and Trak America ("Trak America") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct that harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER:**  Pinnacle admits that Plaintiffs' Consolidated Complaint purports to bring

an action to secure redress from purportedly unlawful credit and collection practices engaged

in by defendants.  Further answering, Pinnacle admits that Plaintiffs' Consolidated Complaint

purports to allege a violation of the FDCPA.  Further answering, Paragraph 1 of Plaintiffs'

Consolidated Complaint states legal conclusions to which no response from Pinnacle is

required.  To the extent a response is required, Pinnacle denies these allegations.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

**ANSWER:**  Pinnacle denies the allegations set forth in Paragraph 2 of Plaintiffs'

Consolidated Complaint.

3.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications were received by plaintiffs within this District;

b.      Defendants do or transact business within this District.

**ANSWER:**  Pinnacle denies the allegations set forth in Paragraph 3 of Plaintiffs'

Consolidated Complaint as they relate to Pinnacle.  Answering further, Pinnacle lacks

sufficient information to form a belief about the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Consolidated Complaint as they relate to the other named defendants and, therefore, denies the same.

## PARTIES

3.     Plaintiff Sylverne is an individual who resides in the Northern District of Illinois.[1]

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

4.     Plaintiff Brewer is an individual who resides in the Northern District of Illinois.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

5.     Plaintiff Bradley is an individual who resides in the Northern District of Illinois.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

6.     Plaintiff Pecaro is an individual who resides in the Northern District of Illinois.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

7.     Plaintiff Kingston is an individual who resides in the Northern District of Illinois.

---

[1] Pinnacle notes that Plaintiffs have included two Paragraphs numbered "3" in the Consolidated Complaint.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

8. Plaintiff Cahilig is an individual who resides in the Northern District of Illinois.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 8 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

9. Plaintiff Machalleck is an individual who resided in the Northern District of Illinois.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

10. Plaintiff Herron is an individual who resides in the Northern District of Illinois.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

11. Plaintiff Case is an individual who resides in the Northern District of Illinois.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 11 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

12. Plaintiff Hamad is an individual who resides in the Northern District of Illinois.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

13.    Defendant Arrow is a limited liability company with offices at 5996 W. Touhy Avenue, Niles, IL 60714.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 13 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

14.    Arrow is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

15.    On information and belief, defendant Arrow pays less than ten cents on the dollar for the debts it purchases.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

16.    Arrow has been the plaintiff in more than 3000 collection lawsuits in the Illinois courts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

17.    Arrow uses the mails and interstate wire communications to collect debts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 17 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

18.     Arrow is a debt collector as defined in the FDCPA.

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 18 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

19.     Defendant Triumph is a limited liability company chartered under Delaware law. Its registered agent and office is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 19 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

20.     Triumph is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 20 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

21.     On information and belief, Triumph pays an average of less than 10 cents on the dollar for debts.

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 21 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

22.     Triumph has been the plaintiff in more than 1,000 collection suits.

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

23.     Triumph is a debt collector as defined in the FDCPA.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

24.     Defendant North Star is a limited liability company with offices at 220 John Glenn, Ste. 1, Amherst, NY 14228.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

25.     North Star is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 25 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

26.     On information and belief, North Star pays less than ten cents on the dollar for the debts it purchases.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

27.     North Star has been the plaintiff in more than 300 collection lawsuits in the llinois courts.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

28.     North Star uses the mails and interstate wire communications to collect debts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 28 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

29.     North Star is a debt collector as defined in the FDCPA.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

30.     Defendant Pallino Receivables, LLC is a limited liability company with offices at 51 John F. Kennedy Parkway, l$^{st}$ floor west, Short Hills, NJ 07078.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

31.     Pallino is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 31 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

32.     On information and belief, Pallino pays less than ten cents on the dollar for the debts it purchases.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

33.    Pallino has been the plaintiff in more than 50 collection lawsuits in the Illinois courts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 33 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

34.    Pallino uses the mails and interstate wire communications to collect debts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

35.    Pallino is a debt collector as defined in the FDCPA.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 35 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

36.    Defendant Elite is a limited liability company with offices at 266 Great Arrow Avenue, Buffalo, NY 14207. It does business in Illinois. Its registered agent and office is Lexis Document Solutions Inc., 801 Adlai Stevenson Dr., Springfield, IL 62703.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 36 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

37.    Elite is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

38.    On information and belief, Elite pays less than ten cents on the dollar for the debts it purchases.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 38 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

39.    Elite has been the plaintiff in more than 500 collection lawsuits in the Illinois courts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 39 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

40.    Elite uses the mails and interstate wire communications to collect debts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

41.    Elite is a debt collector as defined in the FDCPA.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 41 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

42.    Defendant MRC is a corporation with offices at 8875 Aero Drive, San Diego, CA 92123. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

43.    MRC is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 43 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

44.     On information and belief, defendant MRC pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 44 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

45.     According to the SEC filings of its public parent, Encore Capital Group, MRC and its affiliates "acquire[] its receivable portfolios at deep discounts from their face values using its proprietary valuation process that is based on the consumer attributes of the underlying accounts." (Form 10-K filed by Encore with the SEC for the year ending December 31, 2006, original p. 3). By "deep discount" is meant 3.0 to 3.36% of face value. (*Id.*, original p. 28).

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 45 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

46.     MRC has been the plaintiff in more than 1000 collection lawsuits in the Illinois courts.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

47.     MRC uses the mails and interstate wire communications to collect debts.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 47 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

48.    MRC is a debt collector as defined in the FDCPA.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 48 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

49.    Defendant Pinnacle is a limited liability company with offices at 7900 Highway 7, Suite 100, St. Louis Park, MN 55426-4049.

**ANSWER:** Pinnacle admits the allegations contained in Paragraph 49 of Plaintiffs' Consolidated Complaint.

50.    Pinnacle is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:** Pinnacle admits that it purchases alleged charged-off consumer debts and places these accounts with collectors. Pinnacle denies that it collects debts from consumers.

51.    On information and belief, Pinnacle pays less than ten cents on the dollar for the debts it purchases.

**ANSWER:** Pinnacle denies the allegations set forth in Paragraph 51 of Plaintiffs' Consolidated Complaint. Answering further, Pinnacle states that depending on the particular debt, on occasion, it pays less than ten cents on the dollar for the debts it purchases..

52.    Pinnacle uses the mails and interstate wire communications to collect debts.

**ANSWER:** Pinnacle denies the allegations set forth in Paragraph 52 of Plaintiffs' Consolidated Complaint.

53.    Pinnacle has been the plaintiff in more than 100 collection actions filed in the Illinois courts.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 53 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

54.    Pinnacle is a debt collector as defined in the FDCPA.

**ANSWER:**    Paragraph 54 of Plaintiffs' Consolidated Complaint states legal conclusions to which no response from Pinnacle is required.  To the extent a response is required, Pinnacle denies these allegations.

55.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak America ("Trak America") is a New York corporation. Its principal place of business is located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 55 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

56.    Trak America describes its business activities on its website (www.trakamerica.com) as follows:

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

Step 1: Our FASTRAK predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.

Step 2: Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.

Step 3: The TRAKAmerica legal network—the best in the business—obtains your legally enforceable judgments.

Step 4: Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.

Result: **Maximum net back for TRAKAmerica clients.**

"TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."

— Publicly traded US credit card issuer

**ANSWER:**  Pinnacle admits that Plaintiffs' Consolidated Complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com.  Further answering,

Pinnacle states that the website speaks for itself and denies any characterization set forth in

Paragraph 56 of Plaintiffs' Consolidated Complaint that misstates or mischaracterizes the

language of the website.

57.    The same web site further states:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

**ANSWER:**  Pinnacle admits that Plaintiffs' Consolidated Complaint purports to cite an

out-of-context portion of the website http://www.trakamerica.com.    Further answering,

Pinnacle states that the website speaks for itself and denies any characterization set forth in

Paragraph 57 of Plaintiffs' Consolidated Complaint that misstates or mischaracterizes the

language of the website.

58.    The same web site further states:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual

client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

**ANSWER:** Pinnacle admits that Plaintiffs' Consolidated Complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com. Further answering, Pinnacle states that the website speaks for itself and denies any characterization set forth in Paragraph 58 of Plaintiffs' Consolidated Complaint that misstates or mischaracterizes the language of the website.

59.    The same web site further states:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

legal suit dates

service dates

court information

judgment information (principle [sic] and interest)

court costs

attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.
Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

Step 4: Collecting and Disbursing Your Money

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it. . . .

**ANSWER:**  Pinnacle admits that Plaintiffs' Consolidated Complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com.    Further answering, Pinnacle states that the website speaks for itself and denies any characterization set forth in Paragraph 59 of Plaintiffs' Consolidated Complaint that misstates or mischaracterizes the language of the website.

60.    The mails and interstate wire communications are used to conduct the business of Trak America.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 60 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

61.    Trak America is a debt collector as defined in the FDCPA.

**ANSWER:** Paragraph 61 of Plaintiffs' Consolidated Complaint states legal conclusions to which no response from Pinnacle is required. To the extent a response is required, Pinnacle denies these allegations.

## FACTS RELATING TO STEPHANIE SYLVERNE

62.    On or about Jan. 29, 2007, a lawsuit was filed in the name of Capital One Bank against Stephanie Sylverne in the Circuit Court of Cook County, Illinois, case no. 07 Ml 106853, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:** The allegations set forth in Paragraph 62 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

63.    The summons, complaint, and an attached affidavit of Jenn Crawford (Exhibit 1) were served on Ms. Sylverne in February 2007.

**ANSWER:** The allegations set forth in Paragraph 63 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

64.    Exhibit 1 is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Illinois.

**ANSWER:** The allegations set forth in Paragraph 64 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

65.    The lawsuit was dismissed with prejudice in October 2007.

**ANSWER:** The allegations set forth in Paragraph 65 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

66.    The Jenn Crawford who executed Exhibit 1 was in fact an employee of Trak America when Exhibit 1 was executed and on December 27, 2007.

**ANSWER:**  The allegations set forth in Paragraph 66 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

67.    Jenn Crawford is not an employee of Capital One Bank.

**ANSWER:**  The allegations set forth in Paragraph 67 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

68.    Jenn Crawford and other employees of Trak America regularly executed affidavits similar to Exhibit 1 as "agent" of Capital One Bank.

**ANSWER:**  The allegations set forth in Paragraph 68 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

69.    Contrary to the statements in the affidavit, Jenn Crawford and other employees of Trak America are not "qualified" to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER:**  The allegations set forth in Paragraph 69 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

70.    Exhibit 1 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**  The allegations set forth in Paragraph 70 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

71.    By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit 1 conceals the identity of the business preparing the document, Trak America, and appears to come from Capital One Bank.

**ANSWER:**  The allegations set forth in Paragraph 71 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

72.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 1.

**ANSWER:**  The allegations set forth in Paragraph 72 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO LOVENIA J. BREWER

73.     On or about December 13, 2007, a lawsuit entitled "AFS v. Lovenia J. Brewer" was filed in the Circuit Court of Cook County, Illinois, case no. 07 M1 251207, for the purpose of collecting a purported debt incurred for personal, family or household purposes. All of the papers used "AFS" and none referred to Arrow Financial Services. However, on information and belief, "AFS" meant Arrow Financial Services.

**ANSWER:**     The allegations set forth in Paragraph 73 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

74.     Attached to the complaint was an affidavit executed by one Crystal Pilger and notarized by one Karl Hernandez (Exhibit 2).

**ANSWER:**     The allegations set forth in Paragraph 74 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

75.     Exhibit 2 is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**     The allegations set forth in Paragraph 75 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

76.     Both Pilger and Hernandez were employees of Trak America when Exhibit 2 was executed.

**ANSWER:**     The allegations set forth in Paragraph 76 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

77.     Neither Pilger nor Hernandez was an employee of Arrow or "AFS."

**ANSWER:**     The allegations set forth in Paragraph 77 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

78.              Employees of Trak America regularly executed affidavits similar to Exhibit 2 as "agent" of various owners of debts.

**ANSWER:**     The allegations set forth in Paragraph 78 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

79.    Contrary to the statements in the affidavit, employees of Trak America are not do not have "personal knowledge" of accounts of Arrow Financial Services, L.L.C. or anyone else, as alleged in Exhibit 2.

**ANSWER:**    The allegations set forth in Paragraph 79 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

80.    Exhibit 2 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**    The allegations set forth in Paragraph 80 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

81.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 2 conceals the identity of the business preparing the document, Trak America, and appears to come from "AFS." Exhibit 2 is particularly misleading because "AFS" is not the correct legal name of Arrow, either.

**ANSWER:**    The allegations set forth in Paragraph 81 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

82.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 2.

**ANSWER:**    The allegations set forth in Paragraph 82 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO JOAN BRADLEY

83.    On or about Dec. 18, 2007, a lawsuit was filed in the name of Triumph against Joan Bradley in the Circuit Court of Cook County, Illinois, case no. 07 Ml 253485, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:**    The allegations set forth in Paragraph 83 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

84.    The summons, complaint, and an attached affidavit of Terry Kulbaba (Exhibit 3) were served on Joan Bradley in February 2007.

**ANSWER:**   The allegations set forth in Paragraph 84 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

85.    Exhibit 3 is a form affidavit regularly filed in collection actions brought in the name of Triumph.

**ANSWER:**   The allegations set forth in Paragraph 85 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

86.    The Terry Kulbaba who executed Exhibit 3 was in fact an employee of Trak America.

**ANSWER:**   The allegations set forth in Paragraph 86 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

87.    Terry Kulbaba is not an employee of Triumph.

**ANSWER:**   The allegations set forth in Paragraph 87 of Plaintiffs' Consolidated
Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

88.    Terry Kulbaba and other employees of Trak America regularly executed affidavits similar to Exhibit 3 as "agent" of Triumph.

**ANSWER:**   The allegations set forth in Paragraph 88 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

89.    Contrary to the statements in the affidavit, Terry Kulbaba and other employees of Trak America are not "qualified" to testify about the computer records of Triumph or the procedures used by Triumph to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER:**   The allegations set forth in Paragraph 89 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

90.    Exhibit 3 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**   The allegations set forth in Paragraph 90 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

91.     By describing the affiant as the agent in the above captioned matter, without identification of the company for which the affiant works, Exhibit 3 conceals the identity of the business preparing the document, Trak America, and appears to come from Triumph.

**ANSWER:**  The allegations set forth in Paragraph 91 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

92.     The purpose of the convoluted "agent" statement is to confuse and hide who the affiant works for.

**ANSWER:**  The allegations set forth in Paragraph 92 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

93.     The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 3.

**ANSWER:**  The allegations set forth in Paragraph 93 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO JOSEPH J. PECARO

94.     On or about June 19, 2007, a lawsuit was filed in the name of North Star Capital Acquisition LLC against Joseph J. Pecaro in the Circuit Court of Cook County, Illinois, case no. 07 Ml 160894, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:**  The allegations set forth in Paragraph 94 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

95.     North Star filed in the case an affidavit executed by one Terry Kulbaba and notarized by one Anne M. Timberman (Exhibit 4).

**ANSWER:**  The allegations set forth in Paragraph 95 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

96.     Exhibit 4 is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**  The allegations set forth in Paragraph 96 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

97.    Both Kulbaba and Timberman were employees of Trak America when Exhibit 4 was executed.

**ANSWER:**    The allegations set forth in Paragraph 97 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

98.    Neither Kulbaba nor Timberman is an employee of North Star.

**ANSWER:**    The allegations set forth in Paragraph 98 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

99.    Employees of Trak America regularly executed affidavits similar to Exhibit 4 as "agent of North Star and other owners of debts."

**ANSWER:**    The allegations set forth in Paragraph 99 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

100.    Contrary to the statements in the affidavit, employees of Trak America do not have "personal knowledge" of accounts of North Star or anyone else, do not know whether "all services were rendered and/or goods sold have been delivered as per any and all agreements between the parties," and cannot "testify competently" to anything.

**ANSWER:**    The allegations set forth in Paragraph 100 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

101.    Exhibit 4 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**    The allegations set forth in Paragraph 101 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

102.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 4 conceals the identity of the business preparing the documents, Trak America, and appears to come from the alleged owner of the debt, North Star.

**ANSWER:**    The allegations set forth in Paragraph 102 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

103.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 4.

**ANSWER:**  The allegations set forth in Paragraph 103 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO KINGSTON

104.    On or about Sept. 20, 2007, a lawsuit was filed in the name of North Star Capital Acquisition LLC against plaintiff Kingston in the Circuit Court of Cook County, Illinois, case no. 07 MI 193575, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:**  The allegations set forth in Paragraph 104 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

105.    North Star filed in the case an affidavit executed by one Terry Kulbaba and notarized by one Anne M. Timberman (Exhibit 5).

**ANSWER:**  The allegations set forth in Paragraph 105 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

106.    Exhibit 5 is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**  The allegations set forth in Paragraph 106 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

107.    Both Kulbaba and Timberman were employees of Trak America when Exhibit 5 was executed.

**ANSWER:**  The allegations set forth in Paragraph 107 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

108.    Neither Kulbaba nor Timberman is an employee of North Star.

**ANSWER:**  The allegations set forth in Paragraph 108 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

109.    Employees of Trak America regularly executed affidavits similar to Exhibit 5 as "agent" of North Star and other owners of debts.

**ANSWER:**  The allegations set forth in Paragraph 109 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

110.    Contrary to the statements in the affidavit, employees of Trak America are not "qualified" to make affidavits concerning debts owned by North Star, do not have knowledge of North Star's computer records, and cannot "testify at trial" as to anything.

**ANSWER:**  The allegations set forth in Paragraph 110 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

111.    Exhibit 5 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**  The allegations set forth in Paragraph 111 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

112.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 5 conceals the identity of the business preparing the documents, Trak America, and appears to come from the alleged owner of the debt, North Star.

**ANSWER:**  The allegations set forth in Paragraph 112 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

113.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 5.

**ANSWER:**  The allegations set forth in Paragraph 113 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO ARIEL CAHILIG

114.    On or about June 20, 2007, a lawsuit was filed in the name of Pallino Receivables LLC against Ariel Cahilig in the Circuit Court of Will County, Illinois, case no. 07 SC 541, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:**  The allegations set forth in Paragraph 114 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

115.    Attached to the complaint was an affidavit (Exhibit 6).

**ANSWER:**   The allegations set forth in Paragraph 115 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

116.   Exhibit 6 is a form affidavit regularly filed in collection actions brought in the name of Pallino Receivables LLC in Illinois.

**ANSWER:**   The allegations set forth in Paragraph 116 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

117.   The person who executed Exhibit 6 was in fact an employee of Trak America when Exhibit 6 was executed.

**ANSWER:**   The allegations set forth in Paragraph 117 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

118.   The affiant is not an employee of Pallino Receivables LLC.

**ANSWER:**   The allegations set forth in Paragraph 118 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

119.   The affiant does not in fact "have knowledge of the account balance" or anything else regarding the debt, does not have access to "the original books and records of the above named plaintiff," and does not know whether any sum claimed is for "funds advanced to defendants(s) or paid to another at defendant(s) request, or for goods or services provided to defendant(s) or to another at defendant's request . . . ."

**ANSWER:**   The allegations set forth in Paragraph 119 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

120.   Employees of Trak America regularly executed affidavits similar to Exhibit 6 as "employee/ agent" of Pallino Receivables LLC, as part of Trak America's "legal network" activities.
**ANSWER:**   The allegations set forth in Paragraph 120 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

121.   Exhibit 6 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**   The allegations set forth in Paragraph 121 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

122.    By describing the affiant as an "employee/agent" of the plaintiff, without identification of the company for which the affiant works, Exhibit 6 conceals the identity of the business preparing the document, Trak America, and appears to come from Pallino Receivables LLC.

**ANSWER:**    The allegations set forth in Paragraph 122 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

123.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 6.

**ANSWER:**    The allegations set forth in Paragraph 123 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO DALE MACHALLECK

124.    On or about Dec. 4, 2007, a lawsuit was filed in the name of Elite Recovery Services, Inc. against Dale Machalleck in the Circuit Court of Cook County, Illinois, case no. 07 M1 220402, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:**    The allegations set forth in Paragraph 124 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

125.    Elite Recovery Services, Inc. filed in the case an affidavit executed by one Lisa Kieseclar and notarized by one Anne M. Timberman (Exhibit 7).

**ANSWER:**    The allegations set forth in Paragraph 125 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

126.    Exhibit 7 is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**    The allegations set forth in Paragraph 126 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

127.    Both Kieseclar and Timberman were employees of Trak America when Exhibit 7 was executed.

**ANSWER:**    The allegations set forth in Paragraph 127 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

128.    Neither Kieseclar nor Timberman is an employee of Elite Recovery Services, Inc..

**ANSWER:**    The allegations set forth in Paragraph 128 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

129.    Employees of Trak America regularly executed affidavits similar to <u>Exhibit 7</u> as "agent" of Elite Recovery Services, Inc. and other owners of debts.

**ANSWER:**    The allegations set forth in Paragraph 129 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

130.    Contrary to the statements in the affidavit, employees of Trak America are not "competent to testify to the matters stated in the Complaint," do not have "personal knowledge" of accounts of Elite Recovery Services, Inc. or anyone else, and do not know whether "all just and lawful offsets, payments and credits have been allowed."

**ANSWER:**    The allegations set forth in Paragraph 130 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

131.    <u>Exhibit 7</u> does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**    The allegations set forth in Paragraph 131 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

132.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, <u>Exhibit 7</u> conceals the identity of the business preparing the document, Trak America, and appears to come from the alleged owner of the debt, Elite Recovery Services, Inc..

**ANSWER:**    The allegations set forth in Paragraph 132 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

133.    The mails and interstate wire communications are used to send affidavits in the form represented by <u>Exhibit 7</u>.

**ANSWER:**    The allegations set forth in Paragraph 133 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO JUANITA HERRON

134.    On or about July 18, 2007, a lawsuit was filed in the name of Elite Recovery Services, Inc. against Juanita Herron in the Circuit Court of Cook County, Illinois, case no. 07 M1 171426, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:**    The allegations set forth in Paragraph 134 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

135.    Elite Recovery Services, Inc. filed in the case an affidavit executed by one Terry Kulbaba and notarized by one Alisa Tetro (Exhibit 8).

**ANSWER:**    The allegations set forth in Paragraph 135 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

136.    Exhibit 8 is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**    The allegations set forth in Paragraph 136 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

137.    Both Kulbaba and Tetro were employees of Trak America when Exhibit 8 was executed.

**ANSWER:**    The allegations set forth in Paragraph 137 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

138.    Neither Kulbaba nor Tetro is an employee of Elite Recovery Services, Inc.

**ANSWER:**    The allegations set forth in Paragraph 138 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

139.    Employees of Trak America regularly executed affidavits similar to Exhibit 8 as "agent" of Elite Recovery Services, Inc. and other owners of debts.

**ANSWER:**    The allegations set forth in Paragraph 139 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

140.    Contrary to the statements in the affidavit, employees of Trak America are not competent to" testify at trial as to all facts pertaining to this matter," or "qualified to make this

Affidavit," do not have access to records of Elite, and do not know whether "all offsets and credits" leave a balance due in the amount claimed.

**ANSWER:** The allegations set forth in Paragraph 140 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

141.    Exhibit 8 does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:** The allegations set forth in Paragraph 141 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

142.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit 8 conceals the identity of the business preparing the document, Trak America, and appears to come from the alleged owner of the debt, Elite Recovery Services, Inc.

**ANSWER:** The allegations set forth in Paragraph 142 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

143.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 8.

**ANSWER:** The allegations set forth in Paragraph 143 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO SANDRA CASE

144.    On or about December 8, 2007, a lawsuit entitled "MRC Receivables Corporation v. Sandra Case" was filed in the Circuit Court of Cook County, Illinois, case no. 07 MI 222465, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:** The allegations set forth in Paragraph 144 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

145.    Attached to the complaint was an affidavit executed by an unidentifiable person and notarized by one Janet A. Taylor (Exhibit 9).

**ANSWER:** The allegations set forth in Paragraph 145 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

146.   <u>Exhibit 9</u> is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**   The allegations set forth in Paragraph 146 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

147.   Janet A. Taylor was an employee of Trak America when <u>Exhibit 9</u> was executed.

**ANSWER:**   The allegations set forth in Paragraph 147 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

148.   Neither the affiant nor Taylor was an employee of MRC.

**ANSWER:**   The allegations set forth in Paragraph 148 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

149.   Employees of Trak America regularly executed affidavits similar to <u>Exhibit 9</u> as "agent" of various owners of debts.

**ANSWER:**   The allegations set forth in Paragraph 149 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

150.   <u>Exhibit 9</u> does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**   The allegations set forth in Paragraph 150 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

151.   By describing the affiant as an "employee/agent" of the putative debt owner, without identification of the company for which the affiant works, <u>Exhibit 9</u> conceals the identity of the business preparing the document, Trak America, and appears to come from MRC.

**ANSWER:**   The allegations set forth in Paragraph 151 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

152.   The affiant does not have "knowledge of the account balance," as claimed.

**ANSWER:**  The allegations set forth in Paragraph 152 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

153.    The affiant does not have access to "the original books and records of" MRC, as claimed.

**ANSWER:**  The allegations set forth in Paragraph 153 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

154.    The affiant has no knowledge whether the claim is "for funds advanced to defendants(s) or paid to another at defendant(s) request, or for goods or services provided to defendant(s) or to another at defendant's request".

**ANSWER:**  The allegations set forth in Paragraph 154 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

155.    The affiant has no knowledge of whether there are "setoffs or counterclaims available to defendant(s)."

**ANSWER:**  The allegations set forth in Paragraph 155 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

156.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit 9.

**ANSWER:**  The allegations set forth in Paragraph 156 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## FACTS RELATING TO HANI A. HAMAD

157.    On or about September 12, 2007, a lawsuit entitled "Pinnacle Credit Services v. Hani A. Hamad" was filed in the Circuit Court of Cook County, Illinois, case no. 07 Ml 190568, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:**  Pinnacle admits that, on September 12, 2007, a lawsuit entitled "*Pinnacle Credit Services v. Hani A. Hamad*" was filed in the Circuit Court of Cook County, Illinois, case no. 07 M1 190568" to collect a debt owed through the use of a charge card and/or line of credit.

158.    Attached to the complaint was an affidavit executed by one Jessica Nelson and notarized by one Cathy Ferguson (Exhibit 10).

**ANSWER:**  Pinnacle admits the allegations set forth in Paragraph 158 of Plaintiffs' Consolidated Complaint.

159.    Exhibit 10 is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 159 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

160.    Both Jessica Nelson and Cathy Ferguson were employees of Trak America when Exhibit 10 was executed.

**ANSWER:**  Pinnacle admits that Jessica Nelson was an employee of Trak America when Exhibit 10 was executed.  Answering further, Pinnacle lacks sufficient information to form a belief about the truth of whether Cathy Ferguson was an employee of Trak America when Exhibit 10 was executed, and, therefore denies the same.

161.    Neither Jessica Nelson nor Cathy Ferguson was an employee of Pinnacle.

**ANSWER:**  Pinnacle admits the allegations set forth in Paragraph 161 of Plaintiffs' Consolidated Complaint.

162.    Employees of Trak America regularly executed affidavits similar to Exhibit 10 as "agent" of various owners of debts.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 162 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

163.    Contrary to the statements in the affidavit, employees of Trak America cannot "testify at trial as to all facts pertaining to this matter," as they have no personal knowledge.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 163 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

164. <u>Exhibit 10</u> does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:** Pinnacle states that Exhibit 10 speaks for itself. Further answering, Pinnacle denies any implication in Paragraph 164 of Plaintiffs' Consolidated Complaint that Exhibit 10 is required to disclose the signatory is an employee of Trak America.

165. By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, <u>Exhibit 10</u> conceals the identity of the business preparing the document, Trak America, and appears to come from "Pinnacle."

**ANSWER:** Pinnacle denies the allegations set forth in Paragraph 165 of Plaintiffs' Consolidated Complaint.

166. The mails and interstate wire communications are used to send affidavits in the form represented by <u>Exhibit 10</u>.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 166 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

<u>**COUNT I - FDCPA**</u>

167. This count is against all defendants.

**ANSWER:** Pinnacle admits that plaintiffs purport to bring Count I against all defendants.

168. The FDCPA, 15 U.S.C. § 1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

**ANSWER:** Pinnacle admits that Plaintiffs' Consolidated Complaint purports to cite a section of the FDCPA. Further answering, Pinnacle states that the FDCPA speaks for itself and denies any characterization set forth in Paragraph 168 of Plaintiffs' Consolidated Complaint that misstates or mischaracterizes the language of the FDCPA. Further answering, Pinnacle denies violating the FDCPA.

169.    Contrary to the statements in the affidavits, employees of Trak America do not have "personal knowledge" of accounts of any of the debt buyers for which they claim to be agents.

**ANSWER:** Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 169 of Plaintiffs' Consolidated Complaint and, therefore, denies the same.

170.    The statements in Exhibit 1-10 that the affiants have such personal knowledge are false and violate 15 U.S.C. § 1692e.

**ANSWER:** Pinnacle denies the allegations set forth in Paragraph 170 of Plaintiffs' Consolidated Complaint.

171.    Exhibits 1-10 do not disclose the fact that the signatories are employees of Trak America.

**ANSWER:** Pinnacle states that Exhibits 1-10 speak for themselves. Further answering, Pinnacle denies any implication in Paragraph 171 of Plaintiffs' Consolidated Complaint that Exhibits 1-10 are required to disclose the signatory is an employee of Trak America.

172.    By describing the affiants as "agents" of the defendant-debt buyers without identification of the companies for which the affiants work, Exhibits 1-10 conceal the identity of the business preparing the document, Trak America, and amounts to the use by Trak

America of a business, company, or organization names other than the true name of the debt collector's business, company, or organization.

**ANSWER:**  Pinnacle denies the allegations set forth in Paragraph 172 of Plaintiffs' Consolidated Complaint.

173.    By filing Exhibits 1-10 in its lawsuits, the defendant-debt buyers participated in the fraudulent practices and violated 15 U.S.C. § 1692e.

**ANSWER:**  Pinnacle denies the allegations set forth in Paragraph 173 of Plaintiffs' Consolidated Complaint.

## CLASS ALLEGATIONS

174.    Plaintiffs bring this claim on behalf of twelve classes.

**ANSWER:**  Pinnacle admits that Plaintiffs have sued on behalf of twelve purported classes, but to the extent the allegations in Paragraph 174 may be construed as alleging that Plaintiffs are entitled to pursue their claim as a class action on any theory, or that they are entitled to any relief, that allegation is denied.

175.    Classes A - D are all against Trak America only. Classes E - K are against various defendants.

**ANSWER:**  Pinnacle admits that Plaintiffs' purported classes A - D allege claims against Trak America only and classes E - K allege claims against various defendants.

176.    Class A is by plaintiffs Sylverne, Bradley, Kingston, Herron, and Hamad.  Class A consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after January 2, 2007 (one year prior to the date of the original filing of this action) and on or before March 25, 2008 (20 days after the filing of *Machalleck v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1340), (d) in which was filed (e) an affidavit in the form of Exhibits 1, 3, 5, 8, and 10 (f) where the affiant was employed by Trak America.

**ANSWER:**  The allegations set forth in Paragraph 176 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

177.    Class B is by plaintiff Pecaro. Class B consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after February 21, 2007 (one year prior to the filing of *Pecaro v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1088) and on or before

March 12, 2008 (20 days after the filing of *Pecaro),* (d) in which was filed (e) an affidavit in the form of <u>Exhibit 4</u> (f) where the affiant was employed by Trak America.

> **ANSWER:** The allegations set forth in Paragraph 177 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

178.    Class C is by plaintiffs Cahilig and Case. Class C consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after March 5, 2007 (one year prior to the filing of *Cahilig v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1339) and on or before March 26, 2008 (20 days after the filing of *Case),* (d) in which was filed (e) an affidavit in the form of <u>Exhibits 6 and 9</u> (f) where the affiant was employed by Trak America.

> **ANSWER:** The allegations set forth in Paragraph 178 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

179.    Class D is by plaintiffs Brewer and Machalleck. Class D consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.,* Case No. 08 C 895) and on or before March 25, 2008 (20 days after the filing of *Machalleck et al. v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1340), (d) in which was filed (e) an affidavit in the form of <u>Exhibits 2 and 7</u> (f) where the affiant was employed by Trak America.

> **ANSWER:** The allegations set forth in Paragraph 179 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

180.    Class E is by plaintiff Brewer against defendant Arrow. Class E consists of (a) all individuals (b) against whom legal proceedings were filed (c) by Arrow (d) on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.,* Case No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer),* (e) in which was filed (f) an affidavit executed by a person who is an employee of a company other than Arrow, (g) stating that the affiant is an "agent" of AFS or Arrow Financial Services, L.L.C., (h) which did not in its text identify the company employing the affiant.

> **ANSWER:** The allegations set forth in Paragraph 180 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

181.    Class F is by plaintiff Bradley against defendant Triumph. Class F consists of (a) all individuals (b) against whom legal proceedings were filed (c) by Triumph (d) on or after February 19, 2007 (one year prior to the filing of *Bradley v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1010) and on or before March 10, 2008 (20 days after the filing of *Bradley),* (e) in which was filed (f) an affidavit executed by a person who is an employee of a company other than Triumph, (g) stating that the affiant is an "agent" of Triumph, (h) which did not in its text identify the company employing the affiant.

**ANSWER:**  The allegations set forth in Paragraph 181 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

182.    Class G is by plaintiffs Pecaro and Kingston against North Star. Class G consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by North Star (e) on or after February 21, 2007 (one year prior to the filing of *Pecaro, et. al. v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1088) and on or before March 12, 2008 (20 days after the filing of *Pecaro),* (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than North Star, (h) stating that the affiant is an "agent" of North Star, (i) which did not in its text identify the company employing the affiant.

**ANSWER:**  The allegations set forth in Paragraph 182 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

183. Class H is by plaintiff Cahilig against defendant Pallino. Class H consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pallino (e) on or after March 5, 2007 (one year prior to the filing of *Cahilig v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1339) and on or before March 25, 2008 (20 days after the filing of *Cahilig),* (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Pallino, (h) stating that the affiant is an "agent" of Pallino, (i) which did not in its text identify the company employing the affiant.

**ANSWER:**  The allegations set forth in Paragraph 183 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

184.    Class I is by plaintiffs Machalleck and Herron against defendant Elite. Class I consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Elite (e) on or after March 5, 2007 (one year prior to the filing of *Machalleck, et al. v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1340) and on or before March 25, 2008 (20 days after the filing of *Machalleck),* (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Elite, (h) stating that the affiant is an "agent" of Elite, (i) which did not identify the company employing the affiant.

**ANSWER:**  The allegations set forth in Paragraph 184 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

185.    Class J is by plaintiff Case against defendant MRC. Class J consists of (a) all individuals (b) against whom legal proceedings were filed (c) by MRC (d) on or after March 6, 2007 (one year prior to the filing of *Case v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1346) and on or before March 26, 2008 (20 days after the filing of *Case),* (e) in which was filed (f) an affidavit executed by a person who is an employee of a company other than MRC, (g) stating that the affiant is an "agent" of MRC, (h) which did not in its text identify the company employing the affiant.

**ANSWER:**  The allegations set forth in Paragraph 185 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

186.    Class K is by plaintiff Hamad against defendant Pinnacle. Class K consists of (a) all individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pinnacle (e) on or after a date one year prior to the filing of this consolidated complaint and on or before a date 20 days after the filing of this consolidated complaint, (f) in which was filed (g) an affidavit executed by a person who is an employee of a company other than Pinnacle, (h) stating that the affiant is an "agent" of Pinnacle, (i) which did not in its text identify the company employing the affiant.

**ANSWER:**  Pinnacle admits that Plaintiffs purport to define Class K as "a) all

individuals (b) against whom legal proceedings were filed (c) in Illinois (d) by Pinnacle (e) on

or after a date one year prior to the filing of this consolidated complaint and on or before a date

20 days after the filing of this consolidated complaint, (f) in which was filed (g) an affidavit

executed by a person who is an employee of a company other than Pinnacle (h) stating that the

affiant is an "agent" of Pinnacle, (i) which did not in its text identify the company employing the

affiant," but to the extent the allegations contained in Paragraph 186 may be construed as

alleging that plaintiffs are entitled to pursue their claims as a class action on any theory, or that

they are entitled to any relief, those allegations are denied.

187.    Each class is so numerous that joinder of all members is not practicable.

**ANSWER:**  Pinnacle denies the allegations set forth in Paragraph 187 of Plaintiffs'

Consolidated Complaint.

188.    On information and belief, there are at least 40 individuals in each of the classes A - D against whom legal proceedings were filed, on or after January 2, 2007 (one year prior to the date of the original filing of this action) and on or before a date 20 days after the filing of this action, in which was filed an affidavit in the form of <u>Exhibits 1-10</u>, where the affiant was employed by Trak America.

**ANSWER:**  The allegations set forth in Paragraph 188 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

189.    On information and belief, there are at least 40 individuals in each of the classes E - K against whom legal proceedings were filed on or after February 12, 2007 (one year prior to the filing of *Bradley v. Data Search N.Y., Inc., et al.,* Case No. 08 C 1010) and on or before a date 20 days after the filing of this action, in which was filed an affidavit executed by a person who is an employee of a company other than the defendant-debt buyers stating that the affiant is an "agent" of the respective defendant-debt buyers, which did not in its text identify the company employing the affiant.

**ANSWER:**  Pinnacle lacks sufficient information to form a belief about the truth of the

allegations set forth in Paragraph 189 of Plaintiffs' Consolidated Complaint and, therefore,

denies the same.

190.    There are questions of law and fact common to the classes, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits 1-10 violate the FDCPA.

**ANSWER:**  Pinnacle denies the allegations set forth in Paragraph 190 of Plaintiffs'

Consolidated Complaint.

191.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    Paragraph 191 of Plaintiffs' Consolidated Complaint states legal

conclusions to which no response from Pinnacle is required.   To the extent a response is

required, Pinnacle denies these allegations.

192.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    Paragraph 192 of Plaintiffs' Consolidated Complaint states legal

conclusions to which no response from Pinnacle is required.   To the extent a response is

required, Pinnacle denies these allegations.

193.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible.

b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

c.       Members of the class are likely to be unaware of their rights;

d.       Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**   Paragraph 193 of Plaintiffs' Consolidated Complaint states legal conclusions to which no response from Pinnacle is required.   To the extent a response is required, Pinnacle denies these allegations.

### COUNT II - FDCPA ("AFS")

194.    This count is against Arrow and Trak America only.

**ANSWER:**   The allegations set forth in Paragraph 194 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

195.    Defendants Arrow and Trak America also violated 15 U.S.C. §§ 1692e and 1692e(14) by filing documents and lawsuits under the name "AFS," rather than "Arrow Financial Services, L.L.C." "AFS" is not a commonly known or used abbreviation for Arrow.

**ANSWER:**   The allegations set forth in Paragraph 195 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

### CLASS ALLEGATIONS

196.    Class L is by plaintiff Brewer against defendants Arrow and Trak America. Class L consists of (a) all individuals (b) from whom Arrow Financial Services, L.L.C. attempted to collect a debt, (c) who were sent a legal paper or other document identifying the owner of the debt as "AFS" without also referring to "Arrow Financial Services" (d) on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.,* Case No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer).* Persons who are parties to settlements involving this violation are excluded.

**ANSWER:**   The allegations set forth in Paragraph 196 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

197.    Each class is so numerous that joinder of all members is not practicable.

**ANSWER:**   The allegations set forth in Paragraph 197 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

198.    On information and belief, there are at least 40 individuals from whom Arrow Financial Services, L.L.C. attempted to collect a debt, who were sent a legal paper or other document identifying the owner of the debt as "AFS" without also referring to "Arrow Financial Services" on or after February 12, 2007 (one year prior to the filing of *Brewer v. Data Search N.Y., Inc., et al.,* Case No. 08 C 895) and on or before March 3, 2008 (20 days after the filing of *Brewer),* and who are not party to a prior settlement for such violation.

**ANSWER:**    The allegations set forth in Paragraph 198 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

199.    There is a common question of law and fact common to the class members, which common question predominates over any questions relating to individual class members. The predominant question is: whether the use of "AFS" without any reference to "Arrow Financial Services" in the same document violates the FDCPA.

**ANSWER:**    The allegations set forth in Paragraph 199 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

200.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    The allegations set forth in Paragraph 200 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

201.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    The allegations set forth in Paragraph 201 of Plaintiffs' Consolidated

Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

202.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible.

b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

c.    Members of the class are likely to be unaware of their rights;

d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**   The allegations set forth in Paragraph 202 of Plaintiffs' Consolidated Complaint are not directed at Pinnacle and, therefore, Pinnacle denies the same.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

2.      Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which Pinnacle denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.      Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4.      Plaintiff's claims are barred by res judicata and claim preclusion.

5.      Plaintiff's claims are barred by the *Colorado River* doctrine.   *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

6.      Pinnacle states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against Plaintiff.   *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

## PRAYER FOR RELIEF

WHEREFORE, Pinnacle prays as follows:

1.      That Plaintiffs take nothing by this action;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiffs be denied each and every demand and prayer for relief;

4.    That Pinnacle recover its costs and attorneys' fees in this Proceeding; and

5.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant demands a trial by jury.

Dated:  June 19, 2008                                    Respectfully submitted,

                                                By:    /s/    Thomas E. Dutton
                                                        One of the Attorneys for
                                                        Pinnacle Credit Services, LLC

THOMAS E. DUTTON
MATTHEW S. GRAY
Attorney for Defendants
GREENBERG TRAURIG, LLP
77 W. Wacker, Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435

## CERTIFICATE OF SERVICE

*The undersigned, an attorney, certifies that he served a copy of the foregoing*
**PINNACLE CREDIT SERVICES, LLC ANSWER TO PLAINTIFFS'**
**CONSOLIDATED CLASS ACTION COMPLAINT** upon the following individual via
electronic transmission on this 19th day of June, 2008:

> Daniel A. Edelman
> EDELMAN, COMBS, LATTURNER
>     & GOODWIN, L.L.C.
> 120 South LaSalle Street, 18th Floor
> Chicago, IL 60603
> (312) 739-4200
> (312) 419-0379 (FAX)

    /s/    Thomas E. Dutton