# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MICHELLE DUFFY f/k/a )
MICHELLE DUFFY PILNY, )
     )
      Plaintiff, )
     )
    v. )
     )
DATA SEACH N.Y., INC d/b/a )
TRAK AMERICA, LLC and TRAK AMERICA; )
and BLITT & GAINES PC, )
     )
      Defendants, )

FILED:   JULY 7, 2008
    08CV3836
    JUDGE GUZMAN
    MAGISTRATE JUDGE COLE
    NF


    JURY TRIAL DEMANDED

## COMPLAINT

## INTRODUCTION

1.    Plaintiff, Michelle Duffy ("Plaintiff") brings this action to secure redress against an unlawful credit and collection practice engaged in by Defendants Data Search N.Y., Inc. d/b/a Trak America, LLC and Trak America ("Trak America") and Blitt & Gains PC ("Blitt & Gaines") collectively ("Defendants") that violates multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and state law.

2.    This case should be consolidated with *Sylverne v. Data Search N.Y., Inc.*, 08 C 31 (N.D. Ill.), and several other related cases against Trak America that have been consolidated before the Honorable Ronald A. Guzman.  *Sylverne v. Data Search N.Y., Inc.*, 08 C 31, Dkt. 60, Memorandum and Opinion (N.D. Ill. May 28, 2008) (granting motion to consolidate class action); *Id.*, Dkt. 83, Minute Order (N.D. Ill. June 20, 2008) (granting motion to reassign case *Hamad v. Pinnacle Credit Services LLC, et al*, 08 C 2188 based on relatedness).

3.    Plaintiff alleges that Track America violated the FDCPA by submitting an affidavit to collect a debt from Plaintiff that: (1) conceals the identity of the company for whom

1

the affiant works for, and (2) falsely states that the affiant has personal knowledge of certain information contained in the affidavit.  Exhibit 1.

       4.     Plaintiff also complains that Defendants in an attempt to collect a debt filed a state court complaint against Plaintiff that was time barred under Illinois law and to which she had no liability on.  A copy of the state court complaint filed in Capital One Bank's name against Plaintiff and exhibits, without the affidavit previously attached, is attached hereto as Exhibit 2, hereinafter (the "state court complaint").

**JURISDICTION AND VENUE**

       5.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

       6.     Venue and personal jurisdiction over Blitt & Gaines and Trak America in this District is proper because:

            a.     Plaintiff resides in the Northern District of Illinois and was served with the state court complaint while residing in the Northern District of Illinois;

            b.     Blitt & Gaines transacts business in the District and maintains an office at 661 Glenn Avenue, Wheeling, Illinois 60090;

2

c.    The mails and interstate wire communications used to conduct the

business of Trak America in communicating with Blitt & Gaines occurred

within the district.

d.    Trak America is a defendant in a consolidated class action that is

pending within the District of which by definition Plaintiff is a putative

class member.

e.    Blitt & Gaines collection activities occurred within the Northern

District of Illinois.

**PARTIES**

7.    Plaintiff is an individual who resides in the Northern District of Illinois.

8.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak

America ("Trak America") is a New York corporation. Its principal place of business is located

at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

9.    Trak America describes its business activities on its website,

www.trakamerica.com, as follows:

Welcome to the proven nationwide legal process that has recovered millions of
dollars thought to be unrecoverable for the country's largest creditors and debt
buyers.

Step 1: Our FASTRAK predictive model determines with unparalleled accuracy
exactly which accounts are worth pursuing.

Step 2: Secure, streamlined and automated processes transmit suit worthy
accounts to
the right attorney quickly and efficiently.

Step 3: The TRAKAmerica legal network—the best in the business—obtains
your

3

legally enforceable judgments.

Step 4: Our in-house skip tracing experts facilitate execution on your judgments by
identifying hard-to-find assets and collecting the money owed to you.

Result: **Maximum net back for TRAKAmerica clients.**

"TRAKAmerica recovered more than $27 million last quarter on
warehouse paper we thought was uncollectible."

— Publicly traded US credit card issuer

10.    The same web site further states:

TRAKAmerica is a rapidly growing legal network management company founded
in 2000. With its unique approach, the company has been able to recover millions
of dollars previously believed to be unrecoverable for some of the most astute
lenders in the world. The company's success is built on a nationwide network of
local attorneys combined with a rigorous analytic approach to managing thousands
of accounts. TRAKAmerica's unique advantage is the FASTRAK predictive
model built on empirical data from more than one million claims and nearly $100
million in court costs in all fifty states. Combining FASTRAK with vigorous
attorney management maximizes net back for TRAKAmerica's clients.


11.    The same web site further states:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on
approach. With over 125 firms nationwide in our network, TRAKAmerica treats
legal management as a high volume production operation. We follow a streamlined
management process to get your accounts into the courts faster. From our
database of more than a million claims we know exactly what to expect in terms of
suit and judgment rates, and we manage our attorneys to these expectations.
Overall performance is managed at the batch level and reviewed weekly. Work
assignments are reviewed frequently and business shifts are made based on
performance.

Because FASTRAK indicates which accounts to sue, we only forward productive
accounts to our attorneys, with the cut-off calibrated by client to achieve
individual client IRR and net back goals. As a result, our attorneys don't waste

4

their time and your money on unproductive cases.

12.    The same web site further states:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week. It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

legal suit dates

service dates

court information

judgment information (principle [sic] and interest)

court costs

attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

Step 4: Collecting and Disbursing Your Money
At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it. . . .

13.    The mails and interstate wire communications are used to conduct the business of Trak America.

14.    Trak America places debts with debt collectors where Capital One Bank was the consumer's original creditor. *Pescatrice v. Elite Recovery Serv.*, Case No. 06-61130-CIV-COHN, Dkt. 17, Ex. A, Amended Complaint (S.D. Fla. Nov. 3, 2006), attached hereto as Exhibit 3.

15.    Track America is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

16.    Blitt & Gaines is an Illinois law firm organized as a professional corporation with its principal place of business located at 661 Glenn Avenue, Wheeling, Illinois 60090.   Its President is Fred Blitt and Secretary is Jan Gaines.

17.    Blitt & Gaines is engaged in the practice of filing suit on behalf of companies that purchase defaulted and charged-off accounts receivable against consumers in Illinois state courts.

18.    Blitt & Gains maintains the website http://collectalot.com that describes itself, in pertinent part as follows:

> **Blitt and Gaines, P.C.** is a full service collection law firm established in 1991. We are devoted to providing our clients with a high level of client service in the areas of retail and commercial debt collection and bankruptcy throughout the state of Illinois.
>
> * * *
>
> **Collections.** We diligently pursue the collection of past due retail and commercial account balances.

19.    Blitt & Gaines routinely files lawsuits against consumers in Illinois' courts seeking to collect a debt purportedly owed by the consumer.

20.    Blitt & Gaines is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

## FACTS

21.    On or about June 1996, Plaintiff and Phillip Pilny ("Mr. Pilny") jointly opened up a Capital One credit card with the last four digits of the account being 5044.

22.    Plaintiff used the Capital One credit card with the last four digits of the account ending in 5044 for personal, household and family purchases.

23.    On or about June 1998, Plaintiff and Mr. Pilny agreed to divorce.

24.    On or about July 1998, Plaintiff and Capital One agreed that Plaintiff would only be responsible for the amounts owed on any charge slips that she had signed.

25.    The total amount owed to Plaintiff on these charge slips signed by Plaintiff was $743.

26.    Plaintiff made payments to Capital One towards payment of the orally agreed upon amount of $743 by check dated and in the amounts as follows:

      a.    August 9, 1998, one hundred thirty-nine dollars ($139);

      b.    September 11, 1998, two hundred ninety-one dollars ($291);

      c.    October 8, 1998, three hundred thirteen dollars ($313).

27.    The October 8, 1998, payment was the last payment Plaintiff made on the Capital One account ending in 5044.

28.    On September 11, 1998, Plaintiff and Mr. Pilny divorced.

29.    On information and belief, Mr. Pilny has not made any payments on the Capital One account ending in 5044 within the last 5 years.

30.    On information and belief, no payment on the account has been made since the October 1998 payment.

31.    On or about October 1998, Capital One Bank closed the Capital One account ending 5044.

32.    On information and belief, on or about October 1998 Capital One Bank removed Plaintiff as a liable party on the account ending 5044.

33.    On or about October 1998, Capital One issued Plaintiff a credit card in her name. The individual Capital One account issued only to Plaintiff is in good standing.

34.    Pursuant to reporting prohibitions of a debt charged off for more than 7 years contained the Fair Credit Reporting Act, 15 U.S.C. § 1681c(a)(4) the Capital One Bank account ending 5044 was removed from Plaintiff's consumer report on or about September 2005.

35.    On December 26, 2007, Blitt & Gaines, filed suit against Plaintiff stating "Capital One Bank" as the state court plaintiff in the Circuit Court of the DeKalb County, Illinois

(the "state court complaint"). The state court complaint was assigned case number 07 SC 1779. Exhibit 2.

36.    The state court complaint was the first communication that Plaintiff received purportedly being from "Capital One Bank" since 1998.

37.    The Gayle Welborn who executed Exhibit 1 was in fact an employee of Trak America when Exhibit 1 was purportedly executed on November 6, 2006.

38.    At the time the affidavit was executed Gayle Welborn was not an employee of Capital One Bank.

39.    Contrary to the statements in the affidavit, Gayle Welborn is not "qualified" to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

40.    Exhibit 1 does not disclose the fact that the signatory is an employee of Trak America.

41.    By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit 1 conceals the identity of the business preparing the document, Trak America, and appears to come from "Capital One Bank."

42.    The mails and interstate wire communications are used to send Exhibit 1.

43.    The affidavit, Exhibit 1, was purportedly notarized by Sara Rubin.

44.    The Sara Rubin who notarized Exhibit 1, was in fact an employee of Trak America when Exhibit 1 was purportedly notarized on November 6, 2006.

45.     On January 23, 2008, the state court judge entered an Order excusing Plaintiff from appearing on March 12, 2008.

46.     In a letter to Blitt & Gaines dated January 24, 2007, informed Blitt & Gaines of (a) her agreement with Capital One Bank to pay her portion of the account, (b) that a new account was opened solely in her name after the payments, (c) copies of the last three payments Plaintiff made to Capital One, and (4) that the joint account was subsequently closed.

47.     On March 12, 2008, the state court entered an Order requiring Plaintiff to appear on April 23, 2008, and that Blitt & Gaines was to notify her of the April 23, 2008 court date.

48.     On March 12, 2008, Mr. Pilny was dismissed without prejudice.  On information and belief Blitt & Gaines was authorized by Trak America to dismiss Mr. Pilny.

49.     Blitt & Gaines failed to inform Plaintiff of the April 23, 2008 court date. Plaintiff did not receive notice of the April 23, 2008 court date.

50.     On April 23, 2008, Blitt & Gaines obtained a default judgment against Plaintiff.

51.     Blitt & Gaines did not send Plaintiff a copy of the April 23, 2008 default judgment.  Plaintiff did not receive a copy of the April 23, 2008 default judgment.

52.     Plaintiff did not learn about the default judgment until on or about June 23, 2008, when she applied for a loan with NB&T bank.

53.     Plaintiff was attempting to obtain the loan for a short-sale bid.

54.     Plaintiff was told that the only reason she was being denied the mortgage because of the recent Capital One Bank judgment entered against her.

10

55.    At the time Plaintiff attempted to obtain the 30-year fixed mortgage she would have been able to lock in an interest rate of 6.12%.   Plaintiff is still tying to obtain a loan.

56.    Plaintiff filed pro-se a motion to vacate the default judgment.

57.    On July 2, 2008, the default judgment was vacated and the matter was set for status in September 2008.

58.    Plaintiff has expended money and time in defense of the state court case. She recently has obtained legal counsel to defend the state court matter.

59.    Plaintiff has been traumatized, incurred excessive worry and stress, and has lost sleep over the filing and prosecution of the state court lawsuit against her.

## COUNT I – FDCPA § 1692e CLAIMS
## USE OF THE AFFIDAVIT

60.    Plaintiff incorporates paragraphs 1-59 above.

61.    15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt . . . .

* * *

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

62.    Contrary to the statements in the affidavit, Exhibit 1, Gayle Welborn does do not have "personal knowledge" of Plaintiff's account.

11

63.    The statement that Gayle Welborn has personal knowledge of Plaintiff's account is false in violation of 15 U.S.C §§ 1692e, e(10).

64.    Exhibit 1 fails to disclose that Gayle Welborn was an employee of Trak America at the time she purportedly signed the affidavit in violation of 15 U.S.C §§ 1692e, e(10).

65.    By describing Gayle Welborn as an "agent" of Capital One Bank without any identification of the company for which she is employed by, Exhibit 1 conceals the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of a business, company, or organization names other than the true name of the debt collector's business, company, or organization.  Such conduct violates 15 U.S.C §§ 1692e, e(10). 1692e(14).

66.    By filing Exhibit 1 Blitt & Gaines participated in the fraudulent practice and violated 15 U.S.C. § 1692e

### COUNT II – FDCPA § 1692e CLAIMS
### TIME BARRED DEBT & SUEING ON DEBT NOT OWED

67.    Plaintiff incorporates paragraphs 1-57 above.

68.    15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of --

(A) the character, amount, or legal status of any debt. . . .

* * *

(5) The threat to take any action that cannot legally be taken or

that is not intended to be taken. . . .

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

69.     In the state court complaint, <u>Exhibit 2</u>, above the "Amount claimed" is the word "contract" however, no contract was attached to which under Illinois law a copy of the parties' contract must be attached to the complaint. Ill.Rev.Stat.1989, ch. 110, par. 2-606.  Under 735 ILCS 5/13-206 for there to be a "written contract" the writing must be complete in that it (1) identifies the parties, (2) states the date of the agreement, (3) contains the signatures of the parties, (4) and sets forth all terms of the parties' agreement.  *Brown v. Goodman*, 147 Ill. App. 3d 935, 940, 498 N.E.2d 845 (1st Dist. 1986); *Clark v. Western Union Telegraph Co.,* 141 Ill. App. 3d 174, 176, 490 N.E.2d (1st Dist. 1986); *Weaver v. Watson*, 130 Ill App. 3d 563, 567, 474 N.E.2d 759, 762 (5th Dist. 1984); *Munsterman v. Illinois Agricultural Auditing Association,* 106 Ill. App. 3d 237, 238-39, 435 N.E.2d 923, 925 (3rd Dist. 1982); *O.K. Electric Co. v. Fernandes,* 111 Ill. App. 3d 466, 444 N.E.2d 264, 267, 67 Ill. Dec. 225 (Ill. App. Ct. 1982); *Plocar v. Dunkin' Donuts of America, Inc.,* 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175, 59 Ill. Dec. 418 (1st. Dist. 1981); *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill. App. 3d 39, 73, 387 N.E. 831, 838 (1st Dist. 1979).  Neither Asset's Complaint nor its affidavit and exhibit attached to its Complaint create a "written contract."

70.     In order to comply with the Truth in Lending Act (TILA), 15 U.S.C. § 1642, the original lender must have a signed request or application, or in absence of such writing, there must be a record detailing the date and circumstances of the request or application for credit.  15 U.S.C. § 1642.

71.     Furthermore, under federal law, "[i]n any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met."  15 U.S.C. § 1643(b).

72.     The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. *Ramierz v. Palisades Collection, LLC*, 07 C 3840, ___ F.R.D. ___, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008);  *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

73.     Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.,* 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

74.     At the time of the state court complaint, Plaintiff had no liability on the Capital One credit card with the last four digits of the account being 5044

75.     Defendants conduct violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

## COUNT III – FDCPA § 1692f

76.    Plaintiff incorporates paragraphs 1-59 above.

77.    15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

78.    Defendants' conduct of filing, serving and prosecuting the state court complaint against Plaintiff 15 U.S.C. § 1692f.

79.    Blitt & Gaines' conduct of failing to inform Plaintiff of the next court date which lead to a default judgment being entered against her violated 15 U.S.C. § 1692f.

## COUNT IV – MALICIOUS PROSECTION

80.    Plaintiff incorporates paragraphs 1-59 above.

81.    Defendants had no probable cause to serve and continue to prosecute the state court complaint against Plaintiff after the decision in *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008).

82.    Defendants had no probable case to obtain a trial date after the decision in *Ramierz v. Palisades Collection, LLC*, 07 C 3840, , ___ F.R.D. ___, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008).

83.    Defendants had no probable cause to file the state court complaint against Plaintiff.

84.    Defendants had no probable cause to continue the state court proceedings against Plaintiff after Blitt & Gaines was notified that Plaintiff, by agreement with Capital One, had paid off her liability on the account it had sued her upon.

15

85.    Defendants had no probable cause to continue the state court proceedings after Blitt & Gaines notified that Plaintiff's last payment on the debt was in October of 1998.

86.    Defendants' conduct of continuing to prosecute the state court matter against Plaintiff was willful and malicious.

WHERFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Punitive damages;

(4)    Attorney's fees, litigation expenses and costs of suit; and

(5)    Such other relief as the Court deems proper.


Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(312) 263-1642 (TEL)

# JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner

Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(312) 263-1642 (TEL)

```
08CV 3836
JUDGE GUZMAN
MAGISTRATE JUDGE COLE
NF
```

# EXHIBIT 1

CAPITAL ONE BANK

               Plaintiff

vs.

MICHELE DUFFY PILNY
PHILLIP PILNY
               Defendant

████████5044

<u>AFFIDAVIT</u>

I, _Gayle Welborn_ , being first duly sworn upon oath depose and state as follows:

    1.  That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

    2.  That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

    3.  That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $9,062.62, plus interest, at the contract rate of interest of 10.900 percent.

    4.  That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this _6_ day of _Nov_ , 2006

           NOTARY PUBLIC

06-25575-0
3850-02
D90827A

Sara Rubin
Notary Public, State of New York
Reg. #01RU6142544
Qualified in Nassau County
Commission Expires 03/20/0-

# EXHIBIT 2

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## DEKALB COUNTY, ILLINOIS

CAPITAL ONE BANK

        Plaintiff

vs.

MICHELE DUFFY PILNY
PHILLIP PILNY

        Defendant

**FILED**

DEC 2 6 2007

Maureen A. Josh
Clerk of the Circuit Court
DeKalb County, Illinois

No. 07 SC1779

Return Date: JAN 2 3 2008

contract
Amount claimed: $9,062.62
Plus court costs

## COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.    The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2.    The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $9,062.62.

3.    Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

    WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the amount of $9,062.62 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL  60090
(847) 403-4900

This is an attempt to collect a debt and any information will be used for that purpose.

06-25575-0
3850-02

# ACCOUNT DETAIL

## CAPITAL ONE BANK

---

Debtor's Name                          MICHELE DUFFY PILNY
PHILLIP PILNY

Account Number                      ██████████5044

Principal Balance:                   $5,137.03

Interest Rate:                        10.900 %

**Balance Now Due**               $9,062.62

06-25575-0

# EXHIBIT 3

**ERS**
P.O. BOX 3474
BUFFALO, NY 14240

FORWARDING SERVICE REQUESTED

| | | | |
|---|---|---|---|
| | VISA ☐ VISA | | ☐ MASTERCARD |
| | CARD NUMBER | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD | |
| | SIGNATURE | EXPIRATION DATE | AMOUNT |
| | PRINTED NAME | I AUTHORIZE ELITE RECOVERY SERVICES TO REMIT PAYMENT OF THE ABOVE AMOUNT | |

| ACCOUNT NUMBER | STATEMENT DATE | NAME |
|---|---|---|
| 709058 | 11/11/2005 | NANCY E PESCATRICE |

| RE | BALANCE DUE |
|---|---|
| Capital One Bank | $2,080.03 |

| MAKE CHECKS PAYABLE TO: | AMOUNT OF PAYMENT | $ |
|---|---|---|

NANCY E PESCATRICE    709058
1840 MIDDLE RIVER DR 1
FT LAUDERDALE, FL 333053962

ELITE RECOVERY SERVICES
PO BOX 3474
BUFFALO, NY 14240

**IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment.**    00102 - 1NTRK

---

Re:      TRAK AMERICA
         Capital One Bank
Account:    709058
Balance Due:  $2,080.03

Dear NANCY E PESCATRICE:

TRAK AMERICA has placed the above referenced account that you originally opened with Capital One Bank with our agency for collection. As this account is seriously past due, please send your payment in full, contact this office, or proceed as noted below.

Make your check or money order payable to:

**Elite Recovery Services, Inc
PO Box 3474
Buffalo, NY 14240**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you wish to speak to a representative concerning your account, you may contact this office toll free at 1-877-375-7130. Please refer to the account number indicated above. Our office hours are Monday through Thursday 8am-9pm EST and Friday 8am-4pm EST.

This is a communication from a debt collector. Federal law requires we notify you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Paul Niedzialowski
President
ELITE RECOVERY SERVICES, INC
A Professional Debt Recovery Agency

00102 - 1NTRK