IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SYLVERNE, LOVENIA J. BREWER, JOAN BRADLEY, JOSEPH J. PECARO, ANDREW T. KINGSTON, ARIEL CAHILIG, DALE MACHALLECK, JUANITA HERRON, SANDRA CASE, and HANI A. HAMAD, on behalf of plaintiffs and the classes described herein ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | 08 C 31 |
| ) | Judge Guzman |
| v. ) | |
| ) | Magistrate Judge Schenkier |
| ARROW FINANCIAL SERVICES, L.L.C., TRIUMPH PARTNERSHIPS, LLC, NORTH STAR CAPITAL ACQUISITION LLC, PALLINO RECEIVABLES LLC, ELITE RECOVERY SERVICES, INC., MRC RECEIVABLES CORPORATION, PINNACLE CREDIT SERVICES, LLC, DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. ) | |

---

| | |
|---|---|
| MICHELLE DUFFY f/k/a MICHELLE DUFFY PILNY, ) ) | |
| Plaintiff, ) ) | 08 C 3836 |
| ) | Judge Guzman |
| v. ) | |
| ) | Magistrate Judge Cole |
| DATA SEARCH N.Y., INC d/b/a TRAK AMERICA, LLC and TRAK AMERICA; and BLITT & GAINES PC, ) ) ) ) | |
| Defendants, ) | |

1

## PLAINTIFFS SYLVERNE, BREWER, BRADLEY, PECARO, KINGSTON, CAHILIG, MACHALLECK, HERRON, CASE, AND HAMAD'S RESPONSE TO PLAINTIFF DUFFY'S MOTION TO REASSIGN CASES AS RELATED

Plaintiffs Sylverne, Brewer, Bradley, Pecaro, Kingston, Cahilig, Machalleck, Herron, Case, and Hamad ("Sylverne plaintiffs") oppose Duffy's motion to reassign[1] for the following reasons.

### FACTS

Ms. Sylverne filed a class action against Data Search N.Y., Inc. on January 2, 2008. On March 17, 2008, this Court granted in part and denied in part plaintiff's motion for reassignment based on relatedness. The Court reassigned five cases, but denied the motion as to one case, *Timms v. Data Search N.Y., Inc. et al.*, Case No. 08 C 1321 (Judge Anderson), because *Timms*—though it shared a common set of facts and law with the reassigned cases—also presented unique issues, namely Mr. Timms was in the midst of a bankruptcy proceeding. *Sylverne*, Document No. 30.

On May 28, 2008, Magistrate Judge Schenkier ordered six cases consolidated with *Sylverne* (the five reassigned by this Court plus an additional, later-filed suit). *Sylverne*, Document No. 60. Sylverne plaintiffs filed a consolidated class action complaint on May 30, 2008. Sylverne plaintiffs also filed a motion for class certification on June 3, 2008 and an amended motion for class certification on July 10, 2008.

Duffy filed her individual action contemporaneously with her motion for

---

[1] Plaintiff Duffy presented her motion to reassign on July 10, 2008. After a discussion on the record, Judge Guzman decided that the motion should be considered a motion to consolidate under Fed. R. Civ. P. 42(a)(2), rather than a motion to reassign under Local Rule 40.4. Therefore, Sylverne plaintiffs will respond to the motion as if filed as a motion to consolidate.

2

reassignment on July 7, 2008. Duffy's complaint shares one common claim with Sylverne plaintiffs, but otherwise presents three separate claims, all of which are based on different factual circumstances and legal theories than those in *Sylverne*. In this regard, *Duffy* presents the same problem that *Timms* presented to this Court earlier—unique issues not shared with Sylverne plaintiffs.

## CONSOLIDATION STANDARD

Federal Rule of Civil Procedure 42(a) states that a court may consolidate actions when the actions "involve a common question of law or fact." *U.S. v. Knauer*, 149 F.2d 519 (7th Cir. 1945) *aff'd on other grounds*, 328 U.S. 654 (1946). Whether to consolidate cases is a matter of discretion for the trial court. *In Re Nuveen Fund Litigation*, No. 94 C 360, 1994 U.S. Dist. LEXIS 13098, at *4 (N.D. Ill. Sept. 15, 1994). The trial court should only exercise its discretion when doing so would not cause prejudice to any party. *Id.* at *2. The court should also consider whether consolidating the cases will promote judicial economy and convenience. *Mabry v. Village Management, Inc.*, 109 F.R.D. 76, 79 (N.D. Ill. 1985).

## ARGUMENT

**I.     Consolidating the *Duffy* matter with *Sylverne* will not promote judicial economy or convenience.**

   **A.     *Duffy* poses unique facts and legal theories making consolidation inappropriate.**

*Duffy* presents several unique legal theories and factual scenarios rendering it unsusceptible to disposition in a single proceeding. These theories include the claim that Capital One attempted to collect from Duffy a time-barred debt, that the collection law firm of Blitt &

3

Gaines failed to inform Duffy of a court date, which led to a default judgment against her in violation of the Fair Debt Collection Practices Act ("FDCPA"), and that the Duffy defendants engaged in malicious prosecution of their collection suit against her.

None of these theories or factual scenarios are claimed by the Sylverne plaintiffs. While *Duffy* presents one common claim to *Sylverne*, the unique aspects of Duffy's complaint negate any possible gain in economy and efficiency to be made through consolidation.

This is similar to the situation presented by *Timms v. Data Search N.Y., Inc.*, No. 08 C 1321 (Judge Anderson). Regarding this matter, Ms. Sylverne moved to have *Timms* reassigned to Judge Guzman based on relatedness, but Judge Guzman denied the motion on the basis that *Timms* presented unique issues making the cases "not susceptible of disposition in a single proceeding." *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 31, Document 30, March 17, 2008. The Court's reasoning holds even truer in regard to Duffy's motion because of the multiple new legal and factual issues her case presents. The result is that consolidating these cases will not serve judicial economy or convenience.

**B.     *Duffy* is admittedly a member of one of the putative *Sylverne* classes making consolidation pointless.**

Consolidating Duffy's common claim with *Sylverne* would serve no purpose because Duffy is admittedly a member of one of the putative *Sylverne* classes. If Magistrate Judge Schenkier certifies the class of which Duffy is a putative member, then her right to recovery will be preserved as a class member. Alternatively, she can opt out of the class. Consolidating her case will not alter these rights. And if the class does not get certified, then she will still have her existing individual suit. In short, no benefit—in judicial economy or

otherwise—is to be gained through consolidation.

### C. *Duffy* is already assigned to Judge Guzman.

Furthering the notion that no gains in judicial economy are to be made through consolidation is the fact that *Duffy* is already assigned to this Court's docket. This eliminates the risk that *Duffy* will be subject to different rulings on the same matters of law.

## II. Consolidating these cases will cause prejudice to the *Sylverne* parties.

The other primary consideration for this Court in deciding a motion to consolidate is the risk of prejudice or undue delay to any party. *Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987). Sylverne plaintiffs have already encountered delay by the mere filing of Duffy's motion.

This Court decided on July 10, 2008 in open court that Sylverne plaintiffs could pursue class discovery. But Magistrate Judge Schenkier, to whom the matter of class certification is referred, decided on July 16, 2008 that Sylverne plaintiffs may not pursue any discovery until at least August 28, 2008 for the specific purpose of allowing this Court to decide Duffy's consolidation motion.

Granting Duffy's motion will only cause further delay as counsel for the additional plaintiff and defendants would need to coordinate discovery. Consolidating these cases unnecessarily adds a level of complexity to this litigation. In this regard, the delays are not only undue, but also decrease judicial economy and convenience.

## CONCLUSION

*Duffy* and *Sylverne* should not be consolidated because doing so will not aid judicial economy or convenience—the prime considerations in deciding a motion for consolidation. Additionally, consolidating these cases will cause further delay to Sylverne plaintiffs.

Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois, 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Michael J. Aschenbrener, hereby certify that on July 24, 2008, a copy of this document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Todd P. Stelter<br>David M Schultz<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle St<br>Suite 300<br>Chicago, IL 60601<br>(312) 704-3000 | Thomas Dutton<br>Matthew Gray<br>Greenberg Traurig LLP<br>77 W. Wacker Dr., Suite 2500<br>Chicago, IL 60601 |
| Tammy L. Adkins<br>David Luther Hartsell<br>Amy R Jonker<br>McGuireWoods LLP<br>77 West Wacker Drive<br>Suite 4400<br>Chicago, IL 60601-7567 | Michael True<br>Joseph Messer<br>Messer and Stilip, LLP<br>166 W. Washington, Suite 300<br>Chicago, IL 60602 |

s/Michael J. Aschenbrener
Michael J. Aschenbrener