IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SYLVERNE, LOVENIA J. BREWER, JOAN BRADLEY, JOSEPH J. PECARO, ANDREW T. KINGSTON, ARIEL CAHILIG, DALE MACHALLECK, JUANITA HERRON, SANDRA CASE, and HANI A. HAMAD,   individually and on behalf of the classes defined herein, | ) ) ) ) ) ) ) ) ) | |
| | ) | 08 C 31 |
| Plaintiffs, | ) | |
| v. | ) ) | Judge Guzman |
| ARROW FINANCIAL SERVICES, L.L.C., TRIUMPH PARTNERSHIPS, LLC, NORTH STAR CAPITAL ACQUISITION LLC, PALLINO RECEIVABLES LLC, ELITE RECOVERY SERVICES, INC., MRC RECEIVABLES CORPORATION, PINNACLE CREDIT SERVICES, LLC, DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| MICHELLE DUFFY f/k/a MICHELLE DUFFY PILNY, | ) ) | |
| | ) | 08 C 3836 |
| Plaintiff, | ) | |
| | ) | Judge Guzman |
| v. | ) ) | Magistrate Judge Cole |
| DATA SEARCH N.Y., INC d/b/a TRAK AMERICA, LLC and TRAK AMERICA; and BLITT & GAINES PC, | ) ) ) ) | |
| Defendants, | ) | |

1

## PLAINTIFF DUFFY'S REPLY IN SUPPORT OF CONSOLIDATION[1]

### INTRODUCTION

Plaintiff Michelle Duffy ("Duffy") is admittedly a putative class member of the consolidated class action cases filed by plaintiffs Sylverne, Brewer, Bradly, Pecaro, Kingston, Cahilig, Machalleck, Herron, Case and Hamad (the "Sylverne parties") against a common Defendant, Data Search N.Y., Inc., d/b/a/ Trak America, LLC ("Trak America") collectively (the "Respondants").  (Trak America's Response, Dkt. 93, p. 2.); (Sylverne parties' Response, Dkt. 94, p. 2).  As such, the requirements of Rule 23(a)(2) and 23(b)(3) regarding a common question of law or fact that is common to Duffy and the Sylverne parties are met.   Therefore, the requirement of the existence of a common question of law or fact for consolidation under Rule 42(a) is admittedly satisfied here. FED. R. CIV. P. 42(a).

Furthermore, both cases are currently pending before this Court and discovery has not proceeded in either matter.  (Sylverne parties' Response, Dkt. 94, p. 5) (On July 16, 2008, Magistrate Judge Scheniker ordered that, "plaintiffs may not pursue any discovery until at least August 28, 2008. . . .).  Surely, the consolidation of Duffy's matter with 08 C 31 for the purpose of discovery and trial on the same alleged violations of the Fair Debt Collection Practices Act ("FDCPA") made in Court I of both Complaints against Trak America promotes judicial economy, and will eliminate potential inconsistent opinions or verdicts.  Finally, Rule 42(b) provides that the Court may order separate trials

---

[1] In open court upon the presentment of Duffy's pending motion, this Court stated that Duffy's motion should be considered a motion to consolidate under Fed. R. Civ. P. 42(a)(2). (Sylverne parties' Response, Dkt. 94, p. 2 n. 1).  Despite this Court's statement, Trak America's response argues that, "Plaintiff's motion to re-assign should not be confused or taken as a motion to consolidate pursuant to Federal Rule of Civil Procedure 42." (Trak America's Response, Dkt. 93, p. 2.).  Trak America's argument should be ignored.

on separate issues. FED. R. CIV. P. 42(b). As such, the Respondents cannot show any prejudice if this Court issues an order for a separate trail for Duffy on all matters not within the Sylverne parties' proposed class definition.

## ARGUMENT

Rule 42. Consolidation; Separate Trials provides the following:

(a) Consolidation.

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

(b) Separate Trials.

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FED. R. CIV. P. 42

Consolidation is proper when "the cases involve common questions of fact, and share some identical questions of law. . .". *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). Consolidation is also proper where at least one of the counts involves a shared question of law or fact. *Topaz Realty v. Northfield Labs., Inc.*, Case No. 06 C 1493, 2006 U.S. Dist. LEXIS 77613 * 4 – 7 (N.D. Ill. June 19, 2007) (consolidating several pro se complaints who raised the same facts in some but not all of the counts made by the first plaintiff). Consolidation is proper when the same witnesses would be required to attend two trials. *Greening v. B.F. Goodrich Co.*, Case No. 90 C 2891,1993 U.S. Dist. LEXIS 5419 * 3 (N.D. Ill. Apr. 23, 1993).

3

Here, there is no dispute that Duffy and the Sylverne parties have advanced the same question of law and fact as to their respective Count I under 15 U.S.C. §§ 1692e, e(10) and e(14); "whether Trak America has its employees or agents sign affidavits that fail to disclose the entity for whom they work, and that they have personal knowledge of facts to which they attest . . . if proven, violates the FDCPA." (Dkt. 60, Opinion of Motion to Consolidate, pp. 2-3).

The Respondents first advance the argument that because Duffy asserts additional claims and has sued Blitt & Gaines, P.C. that no single trial is possible. However, Rule 42(b) expressly empowers the Court the discretion to, "order a separate trial of one or more separate . . . claims. . .". FED. R. CIV. P. 42(b). As Magistrate Schenkier pointed out, not to consolidate the Sylverne parties' cases, "would lead to a substantial waste of judicial time and resources" by addressing "identical legal claims and substantially overlapping evidence" and would have the possibility of leading to "inconsistent verdicts." (Dkt. 60, Opinion of Motion to Consolidate, p. 3). Likewise, the consolidation of this matter with 08 C 31 on Duffy's claims that fall within the Sylverne parties' proposed class definition for discovery purposes and trial will promote judicial economy.

Second, this Court has already permitted the inclusion of the plaintiff Brewer's additional class claims, Count II of the Sylverne parties' Consolidated Complaint, against a non-Trak America entity, Arrow Financial Services, LLC, and Trak America for filing documents and lawsuits under the name "AFS," rather than "Arrow Financial Services, L.L.C." in violation of 15 U.S.C. §§ 1692e and 1692e(14) (Dkt. 61, Consolidated Complaint, Count II, ¶¶ 194-202). Duffy requests that this Court hold the same here and permit her cause to be consolidated with the Sylverne parties' matter.

The Sylverne parties' Response fails to mention their addition of Count II in their Consolidated Complaint but instead points out that this Court denied consolidation in *Timms v. Trak America*, 08 C 3121, due to his pending Bankruptcy proceeding. (Sylverne parties' Response, Dkt. 94, p. 4). This Court was correct not to consolidate the *Timms*' matter with the Sylverne parties' matters as a party in bankruptcy presents unique issues such as the forfeiture of the party's claims, an affirmative defense based on standing and the potential of the trustee stepping in to prosecute the matter which could cause undue delay. *See e.g., Nationwide Acceptance Corp. v. Markoff*, Case No. 99 C 5632, 2000 U.S. Dist. LEXIS 12496 * 11-12 (N.D. Ill. Aug. 23, 2000) (*citing* "*Welsh*, 199 B.R. at 299 (holding that plaintiff's undisclosed claims remained in the bankruptcy estate after discharge and cannot be asserted by plaintiff); *Tuttle*, 1997 U.S. Dist. LEXIS 21886, at *5, 1997 WL 835055, at *2 (finding that plaintiff did not have standing to assert FDCPA claim undisclosed in bankruptcy); *Dailey v. Smith*, 648 N.E.2d 991, 994, 292 Ill. App. 3d 22, 25, 225 Ill. Dec. 1000, 1003 (Ill. App. Ct. 1997) (concluding that when a claim becomes a part of the bankruptcy estate, the bankruptcy trustee alone has standing to pursue the claim.")). However, no such problem regarding bankruptcy exists here as in *Timms*.

The Sylverne parties also argue that the "mere filing of Duffy's motion" has caused them delay. (Sylverne parties' Response, Dkt. 94, p. 5). The Sylverne parties themselves however point out that the 08 C 31 matter began on January 2, 2008, and no discovery has yet to take place. (Id.). The Sylverne parties also argue undue delay in that it will require them to coordinate discovery without commenting to the extent of what coordination is needed. Anticipated coordination of written discovery and a mutually agreeable deposition date of Trak America witnesses, presumably located in New York, can hardly be considered undue delay. *See e.g., Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987) (finding

5

undue delay as a basis to deny the plaintiff's motion for consolidation where the plaintiff's "action has just been filed while the case pending before this court has almost completed discovery.").

Finally, Trak America argues that, "Duffy's claims are already asserted on her behalf by class counsel", (Trak America's Response, Dkt. 93, p. 2.), and the Sylverne parties argue, "that her right to recovery will be preserved as a class member. Alternatively, she can opt out of the class." (Sylverne parties' Response, Dkt. 94, p. 4). First, by filing suit now, Duffy is providing notice that she is opting out of any class that may be certified in the 08 C 31 matter and has chosen to litigate her claims now rather than to sit on the sidelines and later opt-out. Second, neither of the Respondents guarantees that if the Sylverne parties' prevail on Count I, Duffy will receive the maximum statutory damages of $1,000 and her actual damages. Third, there is no evidence that as class member Duffy would even be able to obtain up to $1,000 in statutory damages. (Dkt. 89, Sylverne parties' Class Certification Memo, p. 10) (stating, "Here, for the reasons stated in plaintiffs' motion, it is reasonable to infer that the number of class members exceeds the 20-40 minimum necessary") without any indication whether 1% of Trak America's current net worth or $500,000, which ever is lesser, would support a $1,000 award per class member. Fourth, this Court can take judicial notice that in FDCPA cases, each class member does not receive an award of $1,000. As such, Respondents' arguments asserted here are not a sufficient basis to prevent consolidation.

## CONCLUSION

WHEREFORE Plaintiff Duffy requests this Honorable Court to consolidate, Case Number 08 C 3836, with Case Number 08 C 31 that is currently pending before this Court.

          Respectfully submitted,

          <u>s/ Curtis C. Warner</u>
          Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)